```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF ARIZONA
                     ─────────────


United States of America,       )
                                )
                                )
          Plaintiff,            )
                                )
     vs.                        )  NO. CR 11-187 TUC-LAB
                                )
Jared Lee Loughner,             )  Phoenix, Arizona
                                )  January 24, 2011
                                )  1:27 p.m.
                     Defendant. )
                                )
─────────────



           REPORTER'S TRANSCRIPT OF PROCEEDINGS

                       (Arraignment)

           BEFORE THE HONORABLE LARRY A. BURNS





Court Reporter:          Merilyn A. Sanchez, CRR
                         401 W. Washington, SPC 37
                         Phoenix, AZ  85003-2118
                         (602) 322-7250




Proceedings taken by stenographic court reporter
Transcript prepared by computer-aided transcription
```

| | |
|---|---|
| 1 | <u>A P P E A R A N C E S</u> |
| 2 | |
| 3 | For the Plaintiff: **Wallace H. Kleindienst, Esq.** |
| | **Beverly K. Anderson, Esq.** |
| | **Mary Sue Feldmeier, Esq.** |
| 4 | Assistant U.S. Attorneys |
| | United States Courthouse |
| 5 | 405 W. Congress St., Suite 4800 |
| | Tucson, Arizona  85701 |
| 6 | |
| | For the Defendant: **Judy Clarke, Esq.** |
| 7 | Clarke & Rice |
| | 1010 Second Avenue, Suite 1800 |
| 8 | San Diego, California  92101 |
| 9 | **Mark F. Fleming, Esq.** |
| | Law Offices of Mark F. Fleming |
| 10 | 1350 Columbia Street, Suite 600 |
| | San Diego, California  92101 |
| 11 | |
| | **Rueben Camper Cahn, Esq.** |
| 12 | Executive Director |
| | Federal Defenders of San Diego, Inc. |
| 13 | NBC Building |
| | 225 Broadway, Suite 900 |
| 14 | San Diego, California  92101 |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1                    P R O C E E D I N G S
 2
 3             THE COURTROOM DEPUTY CLERK:  This is case number
 4   CR 11-187, United States of America versus Jared Lee
 5   Loughner, on for arraignment.
 6             Counsel please state your name for the record.
 7             MR. KLEINDIENST:  Good afternoon, Your Honor,
 8   Wallace Kleindienst, Beverly Anderson, and Mary Sue
 9   Feldmeier for the United States.
10             THE COURT:  Good afternoon.
11             MS. CLARKE:  Judy Clarke, Rueben Cahn, and Mark
12   Fleming with Mr. Loughner, who is present.
13             THE COURT:  All right.  Good afternoon.
14   Ms. Clarke, I am informed that an Indictment has been
15   returned in this matter.  If you and Mr. Loughner will stand
16   please for arraignment on the Indictment.
17             Madam Clerk.
18             Do you waive reading of the full Indictment,
19   Ms. Clarke?
20             MS. CLARKE:  We do.
21             THE COURT:  All right.
22             You may arraign him on the Indictment and advise
23   him of his rights.
24             THE COURTROOM DEPUTY CLERK:  We don't do that.
25             THE COURT:  Oh, hand that to me.  The grand jury
```

1  has returned a three-count Indictment.  Waiving has been
2  read (sic).  Is Mr. Loughner prepared to enter a plea at
3  this time, Mr. Clarke?
4          MS. CLARKE:  We would ask that the Court enter
5  the plea.
6          THE COURT:  Okay.  A not guilty plea is entered
7  on behalf of the defendant to all three counts of the
8  Indictment.
9          Mr. Loughner, you have a right to a speedy public
10 jury trial.  You have a right to counsel.  You have a right
11 against self-incrimination.  Those rights abide and stay
12 with you throughout the proceeding.
13         Bail has been set in this matter.  Ms. Clarke, I
14 think the first order of business is to ask whether you have
15 any question or doubt in your mind about the defendant's
16 ability to assist you at this time, or to understand the
17 nature of the proceedings.
18         MS. CLARKE:  We are not raising that issue at
19 this time, Your Honor.
20         THE COURT:  All right.  Does the Government have
21 any concern to that effect?
22         MR. KLEINDIENST:  Not at this time, Your Honor.
23         THE COURT:  All right.
24         MR. KLEINDIENST:  Perhaps later.
25         THE COURT:  The next issue for me is,

1  Mr. Kleindienst, let me ask of you, I know that a Indictment
2  has been returned.  Does the Government have in mind that
3  there will be a Superceding Indictment, or is there any plan
4  present to present additional charges to a grand jury?
5           MR. KLEINDIENST:  I can tell the Court that there
6  is a possibility of a Superceding Indictment in this case,
7  Your Honor.
8           THE COURT:  Has any timetable been set or
9  estimated for that?
10          MR. KLEINDIENST:  Not definitely, Your Honor.
11          THE COURT:  Okay.  How about ballpark?  Can you
12 give me an idea?  This is kind of critical to the
13 date-setting function that we would do.
14          MR. KLEINDIENST:  I would say about 30 days, Your
15 Honor.
16          THE COURT:  All right.  You may have a seat,
17 Mr. Loughner, and Ms. Clarke.
18          What about discovery at this time, Ms. Clarke?
19 Can you bring me up to speed on that?  Have you received
20 some discovery in the case?
21          MS. CLARKE:  Your Honor, we were presented with
22 a -- an envelope of some disks right when we came into the
23 courtroom.  I'm not exactly sure what it is.  But that
24 process is ongoing.
25          THE COURT:  All right.  Mr. Kleindienst, do you

1    want to speak to that?
2              MR. KLEINDIENST:  Yes, Your Honor.  We provided
3    to counsel a disk that has about 45 tapes that came from the
4    defendant's residence, from his computer.  We've also turned
5    over by disk about 250 interviews of witnesses that have
6    been interviewed in this case since the crimes were
7    committed.  And that number is about 250.  And obviously, as
8    more discovery is available to us, we will make it available
9    immediately to the defense counsel.
10             THE COURT:  Okay.  Is it your intention, and I
11   use this term kind of loosely, but is it your intention to
12   treat this as an open discovery case where you give over
13   things and not hold back things?
14             MR. KLEINDIENST:  Unless there's some legal
15   basis, Your Honor, to withhold something, that is the
16   Government's policy, that's correct.
17             THE COURT:  Okay.  And would you inform defense
18   counsel if you are withholding something, at least alert her
19   that there's something being withheld?
20             MR. KLEINDIENST:  I will, Your Honor.
21             THE COURT:  Okay.  Are you satisfied with that
22   then, Ms. Clarke?
23             MS. CLARKE:  Yes, Your Honor.
24             THE COURT:  I received today a motion filed by
25   the United States to return the case to the Tucson division.

1  Have you had a chance to look at that?
2              MS. CLARKE:  Your Honor, I saw that last night.
3  And it appears to be in accordance with the local rules that
4  proceedings in this particular case, given the location of
5  the offense, would be in Tucson.
6              The only thing we ask, and I talked to
7  Mr. Kleindienst moments ago, is the opportunity to figure
8  out where Mr. Loughner would be housed and to address those
9  issues before the Court rules.
10             THE COURT:  Okay.  Do you oppose it, or you just
11 want to -- you want to find out what the situation is before
12 you take a position?
13             MS. CLARKE:  Right.  I don't think that we are
14 going to have any real opposition to that.  I just want to
15 find out where Mr. Loughner would go and how those
16 arrangements would be made.
17             THE COURT:  All right.
18             MS. CLARKE:  But if we could alert the Court
19 maybe in a couple of days.
20             THE COURT:  Okay.  I'll keep the motion under
21 advisement.  If there is agreement on that, then you can
22 present a stipulated order to me.
23             MR. KLEINDIENST:  There are two facilities,
24 Your Honor, that are close to -- geographically close to the
25 courthouse in Tucson, which I don't think would make it

1    unreasonable for her to have her client there, Your Honor.
2              THE COURT: All right. What about scheduling
3    now?
4              I'm reluctant to set any dates beyond like a
5    status or a motion date at this time until such time that
6    you know, Ms. Clarke, and Mr. Kleindienst is certain as to
7    what all the charges are going to be. I think, as I think
8    about it, depending on what additional charges may be
9    forthcoming, it certainly affects how you prepare and how
10   long would be a necessary preparation time. Do you have any
11   thoughts on that?
12             MS. CLARKE: I think that's right, Your Honor.
13   If the Court could set a status conference, there are some
14   issues that we are considering and trying to deal with right
15   now that we can bring to the Court's attention soon. But if
16   the Court would set a status conference in 30 days, I think
17   maybe that would be the best thing.
18             THE COURT: Mr. Kleindienst, were I to do that,
19   do you think that would allow enough time for the Government
20   to decide what, if any additional charges they are going to
21   bring and to present those such that --
22             MR. KLEINDIENST: By the 30-day time period, Your
23   Honor?
24             THE COURT: Right. Right.
25             MR. KLEINDIENST: I can't say that a final

1   decision will be made by that date, but I think we can
2   probably give the Court a closer idea of what would happen
3   by that date.
4           THE COURT:  Well, I would prefer to set a date
5   where there is -- with an idea of what charges are going to
6   be the final charges have crystallized.  I don't want to
7   push you, but, on the other hand, you know, I'm --
8           MR. KLEINDIENST:  45 days, Your Honor?
9           THE COURT:  Well, that's agreeable with you,
10  Ms. Clarke?
11          MS. CLARKE:  That would be fine.  For a status
12  conference.  I'm not agreeing to additional charges, Your
13  Honor.  I just -- I want to make that clear.  But 45 days
14  for a status conference.  And we can always alert the Court
15  if there's need for a few more days here or there.
16          THE COURT:  Are Mondays the most convenient day,
17  or would a midweek day work equally well?
18          MS. CLARKE:  Whatever works for you.
19          MR. KLEINDIENST:  Whatever, Your Honor.
20          THE COURT:  I'm thinking that maybe the 9th of
21  March to hear whatever motions are ready to be heard by that
22  date -- I'm not going to set that as a motion cutoff date --
23  to have some clarity on exactly what the charges are and
24  then to set dates going forward at that time.
25          MR. KLEINDIENST:  That would be agreeable, Your

1 Honor.
2 MS. CLARKE: We would consider that a status
3 conference date?
4 THE COURT: Right. You mentioned the possibility
5 that there would be other interim motions. I would be
6 prepared to hear and rule on those as of the 9th unless they
7 are matters of agreement.
8 Like I said, if you end up not opposing the
9 motion to transfer, Ms. Clarke, then I'll do that just on a
10 stipulated order. But if there are other issues that come
11 up between now and then, I would be prepared to hear those
12 on the 9th.
13 MS. CLARKE: I was really thinking of matters
14 that we might discuss with the U.S. Attorney and present to
15 the Court. There could be other matters, and we would do
16 what we can. I don't -- I don't know what they will be at
17 this point, but --
18 THE COURT: Okay.
19 MS. CLARKE: But there are matters that we will
20 have to think about.
21 THE COURT: Are there any other matters that we
22 should discuss today, Ms. Clarke?
23 MS. CLARKE: I don't think so.
24 THE COURT: Mr. Kleindienst, anything else that
25 should be discussed?

1          MR. KLEINDIENST:  No, Your Honor.
2          THE COURT:  Okay.  The Court confirms then the
3    next date on this case for a status and date setting will be
4    Wednesday, the 9th of March.  If it's all the same to
5    counsel, I'll be traveling from San Diego that day.  I would
6    just as soon put it in the afternoon at 1:30.
7          Mr. Kleindienst, it's my hope and intention that
8    by that day, the Government has decided on whatever
9    additional charges, if there are to be additional charges
10   that they are going to bring, so we can crystalize it and
11   set a schedule going forward.
12         MR. KLEINDIENST:  We will do our very best, Your
13   Honor.
14         THE COURT:  All right.
15         Anything else then?
16         MS. CLARKE:  No thank you, Your Honor.
17         THE COURT:  We are in recess.
18                   *    *    *

```
 1
 2                        C E R T I F I C A T E
 3
 4
 5
 6
 7         I, MERILYN A. SANCHEZ, do hereby certify that I am
 8   duly appointed and qualified to act as Official Court
 9   Reporter for the United States District Court for the
10   District of Arizona.
11         I FURTHER CERTIFY that the foregoing pages
12   constitute a full, true, and accurate transcript of all of
13   that portion of the proceedings contained herein, had in the
14   above-entitled cause on the date specified therein, and that
15   said transcript was prepared under my direction and control.
16
17
18         DATED at Phoenix, Arizona, this 27th day of January,
19   2010.
20
21
22                                  S/Merilyn A. Sanchez
                                    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
23                                  MERILYN A. SANCHEZ, CRR
24
25
```