STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street, Suite. 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile:  (602) 257-5299

David J. Bodney (06065)
dbodney@steptoe.com
Peter S. Kozinets (019856)
pkozinets@steptoe.com

Attorneys for Phoenix Newspapers, Inc.
and KPNX Broadcasting Co.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR11-0187-TUC-LAB |
| Plaintiff, | **NOTICE OF FILING OF APPLICATION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING TO VACATE THE STATE COURT'S ORDER(S) SEALING SEARCH WARRANT RECORDS** |
| vs. | |
| JARED LEE LOUGHNER, | |
| Defendant. | |

In view of the Non-Opposition of Phoenix Newspapers, Inc. and KPNX Broadcasting Co. (collectively, "Intervenors") to the United States' Notice of Removal, Intervenors hereby give notice of their filing, in this Court, of the attached copies of the following documents that they originally filed in state court on January 20, 2011:  (1) Application for Leave to Intervene for the Limited Purpose of Seeking to Vacate the Court's Order Sealing Search Warrant Records; and (2) Request for Expedited Oral Argument.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED this 7th day of January 2011.

STEPTOE & JOHNSON LLP

/s/ Peter S. Kozinets
David J. Bodney
Peter S. Kozinets
Collier Center
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004

Attorneys for Phoenix Newspapers, Inc. and
KPNX Broadcasting Co

1

CERTIFICATE OF SERVICE

2

3        I hereby certify that on February 7, 2011, I caused the attached document to be

4 electronically transmitted to the Clerk's Office using the CM/ECF System for filing and

5 transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

6                Wallace H. Kleindienst
                 Wallace.Kleindienst@usdoj.gov
7                Beverly K. Anderson
                 Bev.Anderson@usdoj.gov
8                Christina M. Cabanillas
                 Christina.Cabanillas@usdoj.gov
9                Mary Sue Feldmeier
                 Mary.Sue.Feldmeier@usdoj.gov
10               Attorneys for Plaintiff

11               Judy C. Clarke
                 judyclarke@jcsrlaw.net
12               Reuben Camper Cahn
                 Reuben_Cahn@fd.org
13               Mark Francis Fleming
                 mfflaw@cox.net
14               Attorneys for Defendant

15

16       I hereby certify that on February 7, 2011, I caused the attached document to be

17 emailed and mailed to the following:

18               The Honorable Larry Alan Burns
                 efile_burns@casd.uscourts.gov
19               United States District Court
                 Southern District of California
20               940 Front Street, Suite 2190
                 San Diego, CA 92101
21

22

23                              /s/ Monica Medlin
                                Legal Secretary
24

25

26

27

28

# ATTACHMENT 1

.

ATTACHMENT 1

1   STEPTOE & JOHNSON LLP
    201 East Washington Street, Suite 1600
2   Phoenix, Arizona 85004
    Telephone: (602) 257-5200
3   Facsimile:  (602) 257-5299

4   David J. Bodney (006065)
    Peter S. Kozinets (019856)
5     phcourtnotices@steptoe.com

6   Attorneys for Applicants Phoenix Newspapers, Inc.
    and KPNX Broadcasting Co.

7

8                        ARIZONA SUPERIOR COURT

9                             PIMA COUNTY

10  IN RE THE MATTER OF:              )    11 SW 0026
                                      )
11  11 SW 0026 (Jared Lee Loughner)   )    **APPLICATION OF PHOENIX**
                                      )    **NEWSPAPERS, INC. AND KPNX**
12                                    )    **BROADCASTING CO. FOR LEAVE TO**
                                      )    **INTERVENE FOR THE LIMITED**
13                                    )    **PURPOSE OF SEEKING TO VACATE**
                                      )    **THE COURT'S ORDER SEALING**
14                                    )    **SEARCH WARRANT RECORDS**
                                      )
15                                    )    (Assigned to the Hon. Christopher Browning)
                                      )
16                                    )    [Expedited Oral Argument Requested]
                                      )
17

18          Pursuant to Ariz. Const. Art. 2, § 11, A.R.S. § 13-3918 and Ariz. Sup. Ct.

19  R. 123, Phoenix Newspapers, Inc. ("PNI"), which publishes *The Arizona Republic*, and

20  KPNX Broadcasting Co. ("KPNX"), which broadcasts "12 News" in Phoenix

21  (collectively, "Intervenors"), apply for leave to appear in this matter for the limited

22  purpose of seeking reconsideration of the Court's Order, entered in chambers and

23  without any parties present, sealing the Warrant, Affidavit and Return (the "Search

24  Warrant Records") "until further order of the Court." This Application is supported by

25  the following Memorandum of Points and Authorities.

26

27

28

COPY

JUN 2 0 2011

PATRICIA NOLAND
CLERK, SUPERIOR COURT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES

Preliminary Statement

On January 11, 2011, the Court entered an Order sealing the Search Warrant Records in this case in their entirety (the "Order"). Intervenors respectfully submit that the broad scope of that Order and the lack of any supporting, on-the-record findings are inconsistent with the public's right of access to judicial records, and that the Order should be vacated. The Arizona Search Warrant Disclosure Law commands that – after a search warrant has been exected and returned, and barring an extension of time to serve the warrant – all court documents and records relating to the warrant *"shall be open to the public as a judicial record."* A.R.S. § 13-3918 (emphasis added). Here, the warrant was executed on January 8, and may have been returned as early as January 11 – the date of the Court's Order. Under the Search Warrant Disclosure Law, the Search Warrant Records therefore should be open to the public.

Moreover, pursuant to A.R.S. § 39-121 *et seq.*, the Arizona Supreme Court has held that "reports of ongoing police investigations" are subject to a strong presumption in *favor* of disclosure. *Cox Ariz. Publ'ns, Inc. v. Collins*, 175 Ariz. 11, 14, 852 P.2d 1194, 1198 (1993). To overcome this presumption, the State must produce *specific* facts to demonstrate that disclosure is outweighed by "best interests of the state." *Id.* In *Cox*, the State offered an array of broad generalized reasons for closure, including the assertion that release of investigatory records would "hamper" an ongoing investigation and harm the defendant's fair trial rights. The Arizona Supreme Court held that these assertions were insufficient to overcome the strong presumption of public access to investigatory records. *Cox*, 175 Ariz. at 13-14, 852 P.2d at 1197-98. As in *Cox*, no law enforcement agency has met its burden of justifying closure here, and the Search Warrant Records should be open to the public.

The Order contains no specific, on-the-record factual findings that justify closure of any portion of the Search Warrant Records. *See* Ariz. Sup. Ct. R. 123(d) ("Upon closing any record the court shall state the reason for the action, including a

1   reference to any statute, case, rule or administrative order relied upon."). In view of
2   Arizona's strong policy in favor of openness, embodied in Article II, Section 11 of the
3   Arizona Constitution, the Search Warrant Disclosure Law, the Rules of the Arizona
4   Supreme Court and the common law, the Search Warrant Records should be released.

5        If the Court determines that specific facts exist to demonstrate that
6   disclosure of certain portions of the search warrant, affidavit or returns would harm the
7   investigation, Intervenors respectfully request that the Court order the prompt release of
8   redacted Search Warrant Records for inspection and copying, and that all unredacted
9   records be produced as soon as the proven harm ceases to exist.

10                          Factual Background

11        At 6:59 p.m. on January 8, 2011, the Federal Bureau of Investigation
12   ("FBI") and the Pima County Sheriff's Department ("PCSD") executed a search
13   warrant on the residence of Jared Lee Loughner ("Loughner"). Loughner was arrested
14   earlier that day in connection with the shootings at Congresswoman Gabrielle Gifford's
15   "Congress on Your Corner" event.[1] Law enforcement officials collected evidence from
16   Loughner's home until the early morning hours, and both federal and state officials
17   have publicly described evidence obtained during the search.[2] In particular, on January
18   9, 2011, in a Statement of Probable Cause attached to the Criminal Complaint filed
19   against Loughner in federal court, an FBI special agent wrote:

20        On January 8, 2011, a search was executed at [redacted] in
          Tucson, Arizona, where LOUGHNER resides. Some of the
21        evidence seized from that location included a letter in a safe,
          addressed to "Mr. Jared Loughney" at [redacted], from
22        Congresswoman Giffords, on Congressional stationary,
          dated August 30, 2007, thanking him for attending a
23        "Congress on your Corner" event at the Foothills Mall in
          Tucson. Also recovered in the safe was an envelope with
24        handwriting on the envelope stating "I planned ahead," and

25   ─────────────────────────
     [1] Pima County Sheriff's Department Media Release, "Shooting – Game & Fish
26   Update," January 12 2011 (PDF version available at http://pimasheriff.org/about-
     us/publications/press-releases/).
27        [2] Jack Gillum, "Timeline shows Loughner's actions hours before arrest," *USA
     Today*, Jan. 14, 2011 (available at http://www.usatoday.com/news/nation/2011-01-14-
28   loughner-timeline_N.htm).

"My assassination" and the name "Giffords," along with what appears to be LOUGHNER's signature.[3]

On January 12, 2011, the PCSD released a similar description of evidence seized from Loughner's residence, and provided some further detail about writings found during the search.[4]

On January 12, *Arizona Republic* reporter Craig Harris contacted the Arizona Superior Court, Pima County, in an effort to obtain copies of the Search Warrant Records. The Court's Grand Jury Clerk Supervisor provided Mr. Harris with a copy of the Court's Sealing Order. The Order states, in its entirety: "IT IS ORDERED that the Warrant, Affidavit and Return be sealed until further order of the Court."

Despite numerous further inquiries with the Court, Intervenors have received no additional information about the Order, including whether a motion to seal was presented to the Court, and by whom, or whether the warrant was returned. The Order contains no specific, on-the-record factual findings that could justify closure of any portion of the Search Warrant Records.

<u>Argument</u>

I.   PNI AND KPNX SHOULD BE ALLOWED TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING RECONSIDERATION OF THE SEALING ORDER.

News organizations are routinely permitted to intervene in court proceedings to challenge requests or orders to restrict public access to information of acute public interest and concern. *E.g., Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (*Press-Enterprise II*) (press permitted to object to closure of transcripts of preliminary hearings in case involving alleged murder of 12 hospital patients); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) (*Press-Enterprise I*) (press allowed to object to closure of *voir dire* examinations in criminal trial); *Globe*

---

[3] Jan. 9, 2011 Criminal Complaint and Statement of Probable Cause, *United States of America v. Jared Lee Loughner*, Case No. 2:11-mj-000035-MHB (D. Ariz.), ECF No. 2 at 5, ¶ 5. On January 19, 2011, Loughner was also indicted by a federal grand jury. *See* Jan. 19, 2011 Indictment, *United States of America v. Jared Lee Loughner*, Case No. 4:11-cr-00187-LAB (D. Ariz.), ECF No. 36.

[4] *See* note 1, *supra*.

*Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) (upholding newspaper's right to challenge order closing a criminal trial from the general public); *KPNX Broadcasting Co. v. Superior Court*, 139 Ariz. 246, 254 (1984) (order requiring court approval of juror sketches challenged by the press and held unconstitutional); *Phoenix Newspapers, Inc. v. Superior Court*, 140 Ariz. 30, 32, 680 P.2d 166, 168 (Ct. App. 1983) (newspaper permitted to intervene and object to closure of criminal sentencing proceedings). Given the strong and abiding interest of PNI and KPNX in reporting news to the public in general, and their demonstrable interest in reporting information about these events in particular, intervention should be allowed.

II.   THE SEARCH WARRANT RECORDS ARE SUBJECT TO A STRONG PRESUMPTION IN FAVOR OF ACCESS AND DISCLOSURE.

The Arizona Search Warrant Disclosure Law provides:

> A search warrant shall be executed within five calendar days from its issuance and returned to a magistrate within three court business days after the warrant is executed. Upon expiration of the five day period, the warrant is void unless the time is extended by a magistrate. The time for execution of the warrant may be extended for no longer than five calendar days. The documents and records of the court relating to the search warrant need not be open to the public until the return of the warrant or the warrant is deemed void pursuant to this section unless a magistrate orders the time to be shortened or lengthened for good cause. **Thereafter, if the warrant has been executed, the documents and records shall be open to the public as a judicial record.**

A.R.S. § 13-3918(A) (emphasis added).   Here, the shootings at issue occurred on January 8, 2011, and federal and state investigators obtained a search warrant that day. Intervenors are not aware of any order extending the time for executing or returning the warrant.   Once the warrant was returned, or once the five- or ten-day period for executing the warrant expired, the Search Warrant Records became public judicial records subject to a strong presumption of access and disclosure. *Id. See also* A.R.S. § 39-121; *Cox*, 175 Ariz. at 14, 852 P.2d at 1198 (records of ongoing police investigations are subject to disclosure under the Arizona Public Records Law); *Phoenix Newspapers, Inc. v. Superior Court*, 180 Ariz. 159, 162, 882 P.2d 1285, 1288

- 5 -

1  (Ct. App. 1994) (search warrants are subject to a presumption of public access).  The

2  Warrant was executed on January 8-9, 2011, and was presumably returned within the

3  next three court business days.  By operation of A.R.S. § 13-3918(A), the Search

4  Warrant Records are public records, and Intervenors and the public are presumptively

5  entitled to inspect their contents forthwith.

6           The Arizona Search Warrant Disclosure Law furthers the public's

7  constitutional right of access to judicial records and proceedings embodied in Article II,

8  Section 11, of the Arizona Constitution, which states:  *"Justice in all cases shall be*

9  *administered openly*, and without unnecessary delay." (emphasis added).  In *Phoenix*

10  *Newspapers, Inc. v. Jennings*, the Arizona Supreme Court held that Article II, Section

11  11 provides a public right of access to preliminary hearings.  The Court wrote:

12           Democracy blooms where the public is informed and
            stagnates where secrecy prevails.  Only in a case where
13           there is a clear, present threat to the due administration of
            justice or one which appeals primarily to the morbid and
14           prurient should the right of the public to observe a court
            proceeding be denied.

15  107 Ariz. 557, 561, 490 P.2d 563, 567 (1971).  The *Jennings* rationale applies equally

16  to this case, and requires disclosure here.

17  III.   NO SPECIFIC FACTS HAVE BEEN OFFERED TO DEMONSTRATE THAT
18         DISCLOSURE COULD HARM THE STATE.

19           The presumption of access may be overcome only where the party

20  opposing disclosure demonstrates "the need of the state to keep confidential that

21  information which might jeopardize ongoing criminal investigations."  *Phoenix*

22  *Newspapers, Inc.*, 180 Ariz. at 162, 882 P.2d at 1288.  Blanket, conclusory statements

23  that disclosure *could* hamper an ongoing investigation are insufficient to rebut the

24  presumption.  *Cox*, 175 Ariz. at 14, 852 P.2d at 1198.  Indeed, where access is refused,

25  the official has the burden of "specifically demonstrat[ing]," with concrete facts, how

26  disclosure of requested record would be detrimental to interests of privacy,

27  confidentiality or "the best interests of the state."  *Id.* *See also Mitchell v. Superior*

28  *Court*, 142 Ariz. 332, 335, 690 P.2d 51, 54 (1984) (the State must prove "the

- 6 -

1   probability that specific, material harm will result from disclosure, thus justifying an

2   exception to the usual rule of full disclosure"); *Star Publ'g Co. v. Pima County*

3   *Attorney's Office*, 181 Ariz. 432, 434, 891 P.2d 899, 901 (Ct. App. 1994) (granting

4   request for access to records from Pima County Attorney's Office where "[a]ll that is

5   offered is *speculation*" that disclosure "might impede a pending criminal investigation")

6   (emphasis added).

7          The Arizona Supreme Court has made clear that a generalized desire to

8   avoid "compromising" an investigation is insufficient to avoid disclosure.  In *Cox*, the

9   Court of Appeals endorsed the position that blanket justifications for closure would

10  suffice:

11              Neither reporters nor the public ... are entitled to examine
                and photocopy police reports in an active ongoing criminal
12              prosecution, because the countervailing interests of due
                process, confidentiality, privacy and the best interests of the
13              state make disclosure inappropriate.

14
15  169 Ariz. at 201, 818 P.2d at 186.  The Arizona Supreme Court expressly rejected this

16  view.  It held:

17              *We cannot support such a sweeping exemption from the*
                *public records laws of this state.*  Although the balancing
18              scheme described in *Mathews*, 75 Ariz. at 80-81, 251 P.2d
                at 896, might, in a particular and exceptional case, lead to a
19              conclusion similar to that reached by the court of appeals,
                the blanket rule advanced by that court contravenes the
20              strong policy favoring open disclosure and access, as
                articulated in Arizona statutes and case law. *The legislature*
21              *has not carved out such a broad exemption, nor do we.*

22  175 Ariz. at 15, 852 P.2d at 1198 (emphasis added).

23          Here, no specific, concrete facts have been offered to justify wholesale

24  closure of the Search Warrant Records.  In view of the acute public interest in access to

25  information about the Loughner case – a matter of intense concern to the community

26  and the nation – the Search Warrant Records should be unsealed.  *See, e.g., Phoenix*

27  *Newspapers, Inc. v. Keegan*, 201 Ariz. 344, 351, 35 P.3d 105, 112 (Ct. App. 2001)

28  ("The public's right to know any public document is weighty in itself.").  *Cf.*

- 7 -

1   *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 343, 783 P.2d 781, 789 (1989)

2   ("It is difficult to conceive of an area of greater public interest than law enforcement.").

3   *See also* Ariz. Sup. Ct. R. 123(c) ("Historically, this state has always favored open

4   government and an informed citizenry. In the tradition, the records in all courts and

5   administrative offices of the Judicial Department of the State of Arizona are presumed

6   to be open to any member of the public for inspection or to obtain copies at all times

7   during regular business hours."); *In the Matter of Public Access to Court Records*, Ariz.

8   Sup. Ct. Adm. Order No. 95-35 (adopting a policy of open court records "because it

9   promotes accountability of the courts to an informed public"; recognizing that the

10  Arizona Supreme Court "has long been cognizant of the value of an informed public as

11  a restraint upon government, and of the value of the press as a vital source of public

12  information." ).

13  IV.    ANY CLOSURE MUST BE NARROWLY TAILORED TO THOSE SPECIFIC
            PORTIONS OF THE RECORDS THAT WOULD CAUSE HARM IF
14          RELEASED, AND MUST BE SUPPORTED BY SPECIFIC, ON-THE-
            RECORD FINDINGS.

15          Alternatively, if temporary closure is justified for any specific portions of

16  the Search Warrant Records, the Court should order the redaction of *only* those specific

17  portions and release the remainder. *See Cox*, 175 Ariz. at 15, 852 P.2d at 1199 (county

18  attorney sanctioned for refusing to redact and disclose investigative records); Ariz. Sup.

19  Ct. R. 123(f)(4)(B)(i) ("If access to any record is denied for any reason, the custodian

20  shall explore in good faith with the applicant alternatives to allow access to the

21  requested records, including redaction of confidential information."). In that scenario,

22  the law requires the Court to set forth specific, on-the-record factual findings that justify

23  any closure order it might issue. *See* Ariz. Sup. Ct. R. 123(d) ("Upon closing any

24  record the court shall state the reason for the action, including a reference to any statute,

25  case, rule or administrative order relied upon.").

26          Intervenors are not aware of any bases that could support closure here.

27  While investigators are continuing work, the principal – indeed only – suspect has been

28

arrested, charged and indicted.  Indeed, both the FBI and PCSD have already revealed selective evidence seized in executing the Warrant, and the public is now entitled – as a matter of Arizona law – to inspect the remainder of these Search Warrant Records. Accordingly, PNI and KPNX respectfully submit that the blanket closure of the Search Warrant Records, unsupported by any specific findings or evidence, violates the Arizona Constitution, A.R.S. § 13-3918(A) and Ariz. Sup. Ct. R. 123.

<u>Conclusion</u>

For the foregoing reasons, the Sealing Order should be vacated, and the Court should promptly order release of the Search Warrant Records to PNI and KPNX.

RESPECTFULLY SUBMITTED this 20th day of January, 2011.

STEPTOE & JOHNSON LLP

By _____
    David J. Bodney
    Peter S. Kozinets
    201 East Washington Street, Suite 1600
    Phoenix, Arizona 85004

Attorneys for Applicants Phoenix Newspapers, Inc. and KPNX Broadcasting Co.

1    ORIGINAL of the foregoing
     filed with the Court this
2    20th day of January, 2011.

3    COPY of the foregoing
     hand-delivered on the
4    21st day of January, 2011, to:

5    Honorable Christopher C. Browning
     Judge, Pima County Superior Court
6    110 West Congress Street
     Tucson, Arizona 85701
7
     Dennis K. Burke
8    United States Attorney, District of Arizona
     Two Renaissance Square
9    40 North Central Avenue, Suite 1200
     Phoenix, Arizona 85004
10
     Barbara LaWall
11   Pima County Attorney
     32 North Stone, Suite 1400
12   Tucson, Arizona 85701

13   COPY of the foregoing
     faxed and mailed on the
14   21st day of January, 2011, to:

15   Judy Clare Clarke
     Clarke & Rice, APC
16   1010 2nd Avenue, Suite 1800
     San Diego, CA 92101
17
     Attorney for Jared Lee Loughner
18
19   Nomui Medl

20

21

22

23

24

25

26

27

28

1
2
3

STEPTOE & JOHNSON LLP
201 East Washington Street, Suite 1600
Phoenix, Arizona 85004
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

COPY

JAN 2 0 2011

PATRICIA NOLAND
CLERK, SUPERIOR COURT

4
5

David J. Bodney (006065)
Peter S. Kozinets (019856)
   phcourtnotices@steptoe.com

6

Attorneys for Applicants Phoenix Newspapers, Inc.
and KPNX Broadcasting Co.

7

8

ARIZONA SUPERIOR COURT

9

PIMA COUNTY

10

11

IN RE THE MATTER OF:

11 SW 0026

12

11 SW 0026 (Jared Lee Loughner)

13

14

15

16

17

18

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**REQUEST FOR EXPEDITED ORAL
ARGUMENT ON APPLICATION OF
PHOENIX NEWSPAPERS, INC. AND
KPNX BROADCASTING CO. FOR
LEAVE TO INTERVENE FOR THE
LIMITED PURPOSE OF SEEKING TO
VACATE THE COURT'S ORDER
SEALING SEARCH WARRANT
RECORDS**

(Assigned to the Hon. Christopher Browning)

19          Phoenix Newspapers, Inc. ("PNI") and KPNX Broadcasting Co.

20    ("KPNX") (collectively, "Intervenors") respectfully request an expedited oral argument

21    on their Application for Leave to Intervene for the Limited Purpose of Seeking to

22    Vacate the Court's January 11, 2011 Order Sealing Search Warrant Records for the

23    following reasons:

24          1.    To protect vital rights of the press and public under Arizona law,

25    PNI and KPNX have sought to intervene for the purpose of securing public access to

26    the Search Warrant, Affidavit and Returns (the "Search Warrant Records") in this

27    matter.

28

1         2.      Arizona law plainly requires public access to criminal records and

2 proceedings, including search warrants and related records. Ariz. Const. art. II, § 11

3 ("Justice in all cases shall be administered openly, and without unnecessary delay.");

4 A.R.S. § 13-3918(A); Ariz. Sup. Ct. R. 123.

5         3.      Courts have long recognized that swift judicial action is necessary

6 to redress violations of such rights. *Cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The

7 loss of First Amendment freedoms, for even minimal periods of time, unquestionably

8 constitutes irreparable injury.") (citing *New York Times Co. v. United States*, 403 U.S.

9 713 (1971)).

10         4.      To protect the rights of the public and Intervenors under the

11 Arizona Constitution and Arizona law, this Court should hold an expedited hearing on

12 PNI's and KPNX's Application for Leave to Intervene for the Limited Purpose of

13 Seeking to Vacate the Court's Order Sealing Search Warrant Records.

14

15         RESPECTFULLY SUBMITTED this 20th day of January, 2011.

16                          STEPTOE & JOHNSON LLP

17

18                          By _____

19                          David J. Bodney
                            Peter S. Kozinets

20                          201 East Washington Street, Suite 1600
                         Phoenix, Arizona 85004

21                          Attorneys for Applicants Phoenix

22                          Newspapers, Inc. and KPNX Broadcasting
                         Co.

23

24

25

26

27

28

1   ORIGINAL of the foregoing
    filed with the Court this
2   20th day of January, 2011.

3   COPY of the foregoing
    hand-delivered on the
4   21st day of January, 2011, to:

5   Honorable Christopher C. Browning
    Judge, Pima County Superior Court
6   110 West Congress Street
    Tucson, Arizona 85701
7
    Dennis K. Burke
8   United States Attorney, District of Arizona
    Two Renaissance Square
9   40 North Central Avenue, Suite 1200
    Phoenix, Arizona 85004
10
    Barbara LaWall
11  Pima County Attorney
    32 North Stone, Suite 1400
12  Tucson, Arizona 85701

13  COPY of the foregoing
    faxed and mailed on the
14  21st day of January, 2011, to:

15  Judy Clare Clarke
    Clarke & Rice, APC
16  1010 2nd Avenue, Suite 1800
    San Diego, CA 92101
17
    Attorney for Jared Lee Loughner
18

19
20
21
22
23
24
25
26
27
28

- 3 -