# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br>  vs.<br><br>Jared Lee Loughner,<br><br>                      Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**ORDER RE: REMOVAL AND MOTION TO UNSEAL SEARCH WARRANTS** |

      In the aftermath of the Tucson shootings, federal and state law enforcement agents obtained two search warrants from the Arizona Superior Court. The agents later filed inventories of the things they seized during the execution of the warrants with that court.

      Two media outlets, Phoenix Newspapers, Inc. and KPNX Broadcasting Co., now seek the public release of the search warrants, the inventories, and other documents associated with the warrants. They filed a motion to intervene and to unseal the search warrants with the Arizona Superior Court. In response, the United States removed the media outlets' motion to federal court. The Government asserts that this Court has exclusive jurisdiction to decide whether to release the warrant materials because one of the federal charges in this case – Attempted Assassination of a Member of Congress – contains a preemption provision requiring suspension of concurrent state law jurisdiction while that charge is pending.

/ / /
/ / /
/ / /

The Court requested legal briefing from the media outlets, which was filed yesterday. In their pleadings, the media outlets do not oppose removal, but they maintain that all, or at least redacted portions of, the search warrant materials must be promptly released to the public.

Having reviewed the respective pleadings of the United States and the media outlets, the Court rules as follows:

(1) The media outlets' motion is ordered removed from the Arizona Superior Court to this Court;

(2) The application for leave to intervene filed on behalf of Phoenix Newspapers, Inc. and KPNX Broadcasting is **GRANTED**;

(3) The Government shall, within 48 hours of the issuance of this Order, lodge copies of the search warrants, the inventories, and all other warrant materials with this Court. Within the same time period, the Government shall provide copies of the materials to counsel for the Defendant;

(4) By no later than February 14, 2011, the Government and the Defendant, if he chooses, shall submit a response to the media outlets' motion to unseal the search warrant materials. The responses shall be served on all parties and on counsel for the Intervenors; however, the parties may lodge with the Court sealed addenda identifying the specific redactions they propose, and stating the legal basis for the proposed redactions. The addenda shall not be disclosed to nor served on counsel for the Intervenors, but if the Government or the Defendant file addenda, copies must also be lodged with the opposing party.

(5) Oral argument on the Intervenors' motion to unseal the search warrant materials shall be held in Courtroom 9 of the United States District Court for the Southern District of California at 1:30 p.m. on February 18, 2011. All counsel may appear telephonically, or in person. Counsel for the Defendant

///

shall inform the court by February 14, 2011 whether they will waive the Defendant's presence for this hearing.

**IT IS SO ORDERED.**

DATED this 9th day of February, 2011.

*Larry A. Burns*

**HONORABLE LARRY ALAN** BURNS
United States District Judge