

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

11 JAN 19  AM 10: 25

D. WANDREY  DEPUTY

ARIZONA SUPERIOR COURT, PIMA COUNTY

JUDGE: HON. CHRISTOPHER BROWNING          CASE NO.:  11 SW 0040

DATE:                                      January 19, 2011

IN RE THE MATTER OF:

11 SW 0040

---

## O R D E R

**IN CHAMBERS:**

No parties are present.

**IT IS ORDERED** that the Warrant, Affidavit and Return be sealed until further order of the

Court.

HON. CHRISTOPHER BROWNING

cc:

Clerk of Court - Criminal Desk

*6-10-09*

Rhonda Lowery
Judicial Administrative Assistant

## In The Superior Court, County of Pima, State of Arizona

[Federal Search Warrant Presented to State Court Judge Pursuant to Fed. R. Crim. P. 41(b)(1)]

In the Matter of the Search of Electronic
Evidence Seized Pursuant to Search                    CASE NUMBER:
Warrant for 7741 N. Soledad Ave.,
Tucson, Arizona

## SEARCH AND SEIZURE WARRANT

**TO:**   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**See Attachment A, incorporated by reference**

(The affidavit in support of this Search Warrant is herein incorporated by reference.)

The person or property to be searched, described above, is believed to conceal:

**See Attachment B, incorporated by reference**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before January 26, 2011, although examination of the contents can continue after that date.  Fed. R. Crim. P. 41(e).

( ) in the daytime 6:00 a.m. to 10 p.m.      (X) at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Pima County Superior Court Judge Christopher Browning.

Issued Pursuant to
Fed. R. Crim. P. 41
(b)(1).  Date and time:   January 12, 2011  Time: _____

_____
Judge's Signature

City and state:        Tucson, Arizona            Pima County Superior Court
                                                  The Hon. Christopher Browning

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
| | 01/12/2011   1:15 PM | |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

1) ONE HP RT3090 COMPUTER, SERIAL NUMBER 4CED2610FJ, containing a 750 GB HARD DRIVE

2) ONE ULTRAMEDIA COMPUTER TOWER, ID NUMBER 004989, containing a 40 GB hard drive

3) One PNY Optima SDHC4 GB memory card, Serial Number 944F421

4) Four (4) photo CDs

5) Two (2) 3.5 Floppy diskettes, Red in color

6) One K Hypermedia CDR

7) One Nikon COOLPIX E5600, SERIAL NUMBER 30455051, and

8) ONE 256 MB SANDISK SD CARD

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:   01/14/2011

_____
Executing officer's signature

SA DANICA MARIE DUDAS
Printed name and title

This warrant returned, subscribed, and sworn to before me on this 19th day of January 2011.

_____
Hon. Christopher Browning

## ATTACHMENT A

The items to be searched were obtained from the premises of 7741 N. Soledad Avenue in Tucson, Arizona, pursuant to the search warrant in Attachment C. The items to be searched are:

    i.   One HP RT3090 Computer, Serial Number 4CE02610FJ, containing a 750 GB hard drive

    ii.   One Ultramedia Computer Tower, ID Number 004989, containing a 40 GB Hard Drive

    iii.   One PNY Optima SDHC4GB memory card, Serial Number 944F421

    iv.   Four (4) photo CDs

    v.   Two (2) 3.5 Floppy Diskettes, Red in Color

    vi.   One K Hypermedia CD-R

    vii.   One Nikon Coolpix E5600, Serial Number 30455051

    viii.   One 256 MB Sandisk SD Card

## ATTACHMENT B

1.      All records, contained in the devices identified in Attachment A (hereinafter "Devices"), that relate to violations of the statutes listed on the warrant and involve Jared Lee Loughner, the suspect, including:

    a.  any information recording Loughner's schedule or travel;

    b.  all bank records, checks, credit card bills, account information, trusts, wills and other financial records;

    c.  Maps, exit routes and related records pertaining in Tucson, Arizona, and surrounding regions;

    d.  Any and all records associated with the activities and interests of Congresswoman Giffords and her staff and associates, and members of the federal and local government;

    e.  Any and all communications to and from Congresswoman Giffords or her staff and the subject, and to and from the subject and any federal, state, county or local public official;

    f.  Any and all records and information relating to his education, including educational institutions attended, any disciplinary history and any related educational information.

    g.  Any and all records associated with the purchase, acquisition or use of firearms, ammunition or other incendiary or explosive devices;

h.  Calendars, contact lists, telephone records, diaries, personal journals and related records;

i.  Records of prescriptions, medical treatment, and physical and mental condition;

j.  Any notes, ledgers, journals, internet caches, writings, correspondence or other records that would indicate motive, participation or planning of the charged crimes;

k.  Any books, periodicals, photographs or other paraphernalia associated with extremism or anti-government movements; and

l.  Indicia of occupancy or ownership of the premises located at 7741 N. Soledad Avenue, to include bills, mail, photographs, writings or videos.

2.      For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, "DEVICE") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

a.  evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.  evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence

of the presence or absence of security software designed to detect malicious

software;

   c.  evidence of the lack of such malicious software;

   d.  evidence of the attachment to the DEVICE of other storage devices or similar

containers for electronic evidence;

   e.  evidence of counter-forensic programs (and associated data) that are designed to

eliminate data from the DEVICE;

   f.  evidence of the times the DEVICE was used;

   g.  passwords, encryption keys, and other access devices that may be necessary to

access the DEVICE;

   h.  documentation and manuals that may be necessary to access the DEVICE or to

conduct a forensic examination of the DEVICE;

   i.  contextual information necessary to understand the evidence described in this

attachment.

3.    Records and things evidencing the use of the Internet, including:

   a.  routers, modems, and network equipment used to connect computers to the

Internet;

   b.  records of Internet Protocol addresses used;

    c.   records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

FILED
PATRICIA A NOLAND

# In The Superior Court, County of Pima, State of Arizona

11 JAN 19  AM 10: 24

[Federal Search Warrant Presented to State Court Judge Pursuant to Fed. R. Crim. P. 41(b)(1)]

In the Matter of the Search of Electronic
Evidence Seized Pursuant to Search
Warrant for 7741 N. Soledad Ave.,
Tucson, Arizona

D. WANDELL, DEPUTY

CASE NUMBER:

11 SW 0040

## Application for a Search Warrant

I, a federal law enforcement officer or an attorney for the government, request a search
warrant and state under penalty of perjury that I have reason to believe that there is now concealed
on the following person or property located in the District of Arizona:

### See Attachment A, incorporated by reference

The person or property to be searched , described above, is believed to conceal:

### See Attachment B, incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):
 (X) evidence of a crime;
 (X) contraband, fruits of crime, or other items illegally possessed;
 (X) property designed for use, intended for use, or used in committing a crime;
 ( ) a person to be arrested or a person who is unlawfully restrained.
The search is related to a violation of 18 U.S.C. §§ 351(c), 1111, 1113, and 1114, and the application is
based on these facts:
### See Attached Affidavit in Support of Search Warrant, incorporated by reference

☐ Delayed notice of _____ days (give exact ending date if more than 30 days:) is requested under
18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Authorized by AUSA _____

_____
*Applicant's signature*

**Danica Dudas, Special Agent, FBI**
*Printed name and title*

Sworn to before me and signed in my presence pursuant to Fed. R.
Crim. P. 41(b)(1)

Date:  **January 12, 2011**

_____
*Judge's signature*

**Hon. Christopher Browning, Judge**
**Pima County Superior Court**
*Printed name and title*

City and state:  **Tucson, Arizona**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

11 JAN 19 AM 10: 24

D. WANDELL, DEPUTY

IN THE MATTER OF THE SEARCH OF
ELECTRONIC EVIDENCE SEIZED
PURSUANT TO SEARCH WARRANT FOR
7741 N. SOLEDAD AVENUE, CURRENTLY
LOCATED AT FEDERAL BUREAU OF
INVESTIGATION, 1 SOUTH CHURCH
AVENUE, SUITE 600

Case No. ___ 11 SW 0040

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Danica Dudas, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the devices identified in Attachment A. These devices are::

1) One HP RT3090 Computer, Serial Number 4CE02610FJ, containing a 750 GB hard drive

2) One Ultramedia Computer Tower, ID Number 004989, containing a 40 GB Hard Drive

3) One PNY Optima SDHC4GB memory card, Serial Number 944F421

4) Four (4) photo CDs

5) Two (2) 3.5 Floppy Diskettes, Red in Color

6) One K Hypermedia CDR

7) One Nikon Coolpix E5600, Serial Number 30455051, and

8) One 256 MB Sandisk SD Card,

hereinafter "Devices," which are currently stored, in law enforcement possession, at the above FBI address, for certain things particularly described in Attachment B.

11 SW 0040

2.      I am a Special Agent with the FBI, and have been since March 2010. I have

received training in computers, computer technology, digital evidence, and the use of such

evidence in criminal prosecutions. I have worked violent crime cases as an FBI agent, including

violent crimes against federal officers. I am familiar with the types of evidence that can be found

on electronic devices, such as the items listed in Attachment B, and the devices listed in

Attachment A. When I was a state trooper in Pennsylvania, I worked on investigations involving

child pornography, which included evidence discovered on computers. In addition to being a

federal law enforcement officer for purposes of Fed. R. Crim. P. 41, I am cross-designated as a

peace officer in Arizona.

3.      This affidavit is intended to show only that there is sufficient probable cause for

the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.      On January 8, 2011, Pima County Superior Court Judge Christopher Browning

authorized the search of the premises of 7741 N. Soledad Avenue, in Tucson, Arizona.

(Attachment C.) The search warrant authorized the search and seizure of items including "[a]ny

computers, hard drives, thumb drives, discs, memory cards, or computer associated storage and

media to include forensic analysis and viewing of contents." (Attachment C.) For purposes of

this search and seizure warrant concerning the Devices, I incorporate the probable cause set forth

in the search warrant affidavit and warrant at Attachment C, and provide the following correction

to a fact in that warrant affidavit: On page 4 of the affidavit for search warrant, it states that "He

has a past contact with the Pima County Sheriff's Department where he was spray painting

extremist type symbols on a wall." This contact was actually with the Marana Police

11 SW 0040

Department. In addition to the probable cause set forth in Attachment C, I am providing the following additional facts: The current suspect in this case, Jared Lee Loughner, received a letter generated from Member of Congress Gabrielle Giffords' office in Tucson, Arizona, in 2007, according to a member of Giffords' staff in Tucson. The 2007 letter was generated from a sign-in sheet bearing the name "Jared Lee Loughney," signed at a "Congress on your Corner" event in 2007, and the letter was sent to 7741 N. Soledad Avenue, in Tucson, Arizona, the location that was searched pursuant to the warrant in Attachment C. Loughner posted messages and several videos on social networking sites, such as MySpace and You Tube. He also posted a farewell message on his MySpace profile, while a video in his YouTube profile stated it was his "farewell." Loughner further posted a picture in his MySpace profile of a Glock pistol laying on a U.S. history book, and that weapon appears to be similar to the weapon used in the shootings that are the subject of the current federal charges against Loughner in this matter.

5.    The Devices are currently in the lawful possession of the FBI at 1 South Church Avenue, Suite 600, Tucson, Arizona, 85701. The Devices came into the FBI's possession in the following way: When the warrant in Attachment C was executed, various items of electronic media were seized, including the items listed as the Devices in Attachment A. The FBI was part of the team that executed the search warrant, and Devices in Attachment A were seized and transported to the FBI office in Tucson. Pursuant to that search warrant, the Devices in Attachment A, numbers 1, 2, 4, 5, 6, 7, 8, were mirror-imaged, which is a forensic process of creating a duplicate copy. However, the contents have not been analyzed. The PNY card in Attachment A, number 3, has been mirror-imaged and processed by forensic software, but the contents have not been viewed. While the FBI believes it has all necessary authority to search the Devices in Attachment A based on the warrant in Attachment C, the FBI seeks this additional

11 BW 0040

warrant out of an abundance of caution to be certain that a search of the Devices will comply

with the Fourth Amendment and other applicable laws.

6.      The Devices in Attachment A are located at the FBI at 1 South Church Avenue,

Suite 600, Tucson, Arizona, 85701.  In my training and experience, I know that the Devices have

been stored in a manner in which its contents are, to the extent material to this investigation, in

substantially the same state as they were when the Devices first came into the possession of the

FBI.

7.      The forensic and other searching of computers and electronic media often

requires the use of programs that may take many hours to execute, including during the nighttime

hours, and for that reason, I also request authorization to conduct the search and examination of

the Devices during the day and night.  In my experience, and considering the nature of the

evidence seized and the current investigation, the examination of the Devices will take a

significant period of time.

## TECHNICAL TERMS

8.      Based on my training and experience, I use the following technical terms to

convey the following meanings:

  a.   IP Address: An Internet Protocol address (or simply "IP address") is a unique

       numeric address used by computers on the Internet.  An IP address is a series of

       four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).

       Every computer attached to the Internet computer must be assigned an IP address

       so that Internet traffic sent from and directed to that computer may be directed

       properly from its source to its destination.  Most Internet service providers control

11 BW 0040

a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c. Storage medium: A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, floppy disks, flash memory, CD-ROMs, DVDs, SD cards, DVRs, digital cameras, and several other types of magnetic or optical media not listed here.

## ELECTRONIC DEVICES AND STORAGE

9. As described above and in Attachment B, this application seeks permission to search and seize things that the Devices might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10. I submit that the records identified in Attachment B will be stored on the identified computers or other storage medium, for at least the following reasons:

11 SW 0040

a.   Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.   Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.   Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

11 SW 0040

d.   Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

11.   As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on the identified devices because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.   Forensic evidence on a computer or storage medium can also indicate who has used or controlled the computer or storage medium. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a

11 SW 0040

search warrant at a residence. For example, registry information, configuration files, user profiles, e-mail, e-mail address books, "chat," instant messaging logs, photographs, the presence or absence of malware, and correspondence (and the data associated with the foregoing, such as file creation and last-accessed dates) may be evidence of who used or controlled the computer or storage medium at a relevant time.

c.   A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence

11 SW 0040

of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

12.  Searching storage media for the evidence described in the attachments may require a range of data analysis techniques.  In most cases, a thorough search for information stored in storage media often requires agents to seize most or all electronic storage media and later review the media consistent with the warrant.  In lieu of seizure, it is sometimes possible to make an image copy of storage media.  Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files.  Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction.  This is true because of the following:

a.  The nature of evidence.  As noted above, not all evidence takes the form of documents and files that can be easily viewed on site.  Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable.  As explained above, because the warrant calls for forensic electronic evidence, it is exceedingly likely that it will be necessary to thoroughly search storage media to obtain evidence, including evidence that is not neatly organized into files or documents.  Just as a search of a premises for physical objects requires searching the entire premises for those objects that are described by a warrant, a search of this premises for the things described in this warrant will likely require a search among the data stored in storage

11 SW 0040

media for the things (including electronic data) called for by this warrant. Additionally, it is possible that files have been deleted or edited, but that remnants of older versions are in unallocated space or slack space. This, too, makes it exceedingly likely that in this case it will be necessary to use more thorough techniques.

b.  The volume of evidence. Storage media can store the equivalent of millions of pages of information. Additionally, a suspect may try to conceal criminal evidence; he or she might store it in random order with deceptive file names. This may require searching authorities to peruse all the stored data to determine which particular files are evidence or instrumentalities of crime. This sorting process can take weeks or months, depending on the volume of data stored, and it would be impractical and invasive to attempt this kind of data search on-site.

c.  Technical requirements. Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires special forensic tools.

## CONCLUSION

13.  I submit that this affidavit, as well as the probable cause in Attachment C incorporated herein, supports probable cause for a warrant to search the Devices identified in Attachment A and to seize the items described in Attachment B.

11 SW 0040

14. Pursuant to Rule 41(b)(1), Federal Rules of Criminal Procedure, this federal search
   warrant is being presented to a judge of the state court of record (Pima County
   Superior Court Judge in Arizona) because no federal magistrate judge with authority
   in the District of Arizona is reasonably available at this time. To the affiant's
   knowledge, the entire federal bench in Southern Arizona in the District of Arizona
   has been recused from this case, United States v. Jared Lee Loughner, and it is
   anticipated at this time that the remainder of the federal bench in the District of
   Arizona will be recused. The government was advised by a federal magistrate in the
   District of Arizona that state court judges are available to approve this warrant. For
   this reason, your affiant asks this Court to authorize this federal search warrant
   pursuant to Fed. R. Crim. P. 41(b)(1).

15. In addition, I respectfully ask that this warrant and any return be sealed until further
   of this Court.

Respectfully submitted,

DANICA DUDAS
Special Agent, FBI

Subscribed and sworn to before me on January 12, 2011, pursuant to Federal Rule of
Criminal Procedure 41(b)(1). I further order that this search and seizure warrant and the original
search warrant reflected in Attachment C be sealed until this warrant is returned.

THE HON. CHRISTOPHER BROWNING
JUDGE
PIMA COUNTY SUPERIOR COURT

11 SW 0040

## ATTACHMENT A

The items to be searched were obtained from the premises of 7741 N. Soledad Avenue in Tucson, Arizona, pursuant to the search warrant in Attachment C.  The items to be searched are:

i.   One HP RT3090 Computer, Serial Number 4CE02610FJ, containing a 750 GB hard drive

ii.  One Ultramedia Computer Tower, ID Number 004989, containing a 40 GB Hard Drive

iii. One PNY Optima SDHC4GB memory card, Serial Number 944F421

iv.  Four (4) photo CDs

v.   Two (2) 3.5 Floppy Diskettes, Red in Color

vi.  One K Hypermedia CD-R

vii. One Nikon Coolpix E5600, Serial Number 30455051

viii. One 256 MB Sandisk SD Card

11 0040

## ATTACHMENT B

1.    All records, contained in the devices identified in Attachment A (hereinafter "Devices"), that relate to violations of the statutes listed on the warrant and involve Jared Lee Loughner, the suspect, including:

   a.   any information recording Loughner's schedule or travel;

   b.   all bank records, checks, credit card bills, account information, trusts, wills and other financial records;

   c.   Maps, exit routes and related records pertaining in Tucson, Arizona, and surrounding regions;

   d.   Any and all records associated with the activities and interests of Congresswoman Giffords and her staff and associates, and members of the federal and local government;

   e.   Any and all communications to and from Congresswoman Giffords or her staff and the subject, and to and from the subject and any federal, state, county or local public official;

   f.   Any and all records and information relating to his education, including educational institutions attended, any disciplinary history and any related educational information.

   g.   Any and all records associated with the purchase, acquisition or use of firearms, ammunition or other incendiary or explosive devices;

11 SW 0040

h.  Calendars, contact lists, telephone records, diaries, personal journals and related records;

i.  Records of prescriptions, medical treatment, and physical and mental condition;

j.  Any notes, ledgers, journals, internet caches, writings, correspondence or other records that would indicate motive, participation or planning of the charged crimes;

k.  Any books, periodicals, photographs or other paraphernalia associated with extremism or anti-government movements; and

l.  Indicia of occupancy or ownership of the premises located at 7741 N. Soledad Avenue, to include bills, mail, photographs, writings or videos.

2.  For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, "DEVICE") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

a.  evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.  evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence

11 SW 0040

of the presence or absence of security software designed to detect malicious

software;

c.  evidence of the lack of such malicious software;

d.  evidence of the attachment to the DEVICE of other storage devices or similar

containers for electronic evidence;

e.  evidence of counter-forensic programs (and associated data) that are designed to

eliminate data from the DEVICE;

f.  evidence of the times the DEVICE was used;

g.  passwords, encryption keys, and other access devices that may be necessary to

access the DEVICE;

h.  documentation and manuals that may be necessary to access the DEVICE or to

conduct a forensic examination of the DEVICE;

i.  contextual information necessary to understand the evidence described in this

attachment.

3.    Records and things evidencing the use of the Internet, including:

a.  routers, modems, and network equipment used to connect computers to the

Internet;

b.  records of Internet Protocol addresses used;

11 ▓▓ 0040

   c.   records of Internet activity, including firewall logs, caches, browser history and

cookies, "bookmarked" or "favorite" web pages, search terms that the user

entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as hard disks or other media that can

store data); any handmade form (such as writing, drawing, painting); any mechanical form (such

as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides,

negatives, videotapes, motion pictures, or photocopies).

ATTACHMENT C

# 11 SW 0040

## IN THE SUPERIOR COURT

FILED
PIMA COUNTY, ARIZONA
CLERK SUPERIOR COURT

## COUNTY OF PIMA, STATE OF ARIZONA

11 JAN 11  AM 10 02

State of Arizona                       D. WANDELL, DEPUTY

vs.

Jared Lee Loughner

Search Warrant Number  __11 SW 0026__

TO: Any Peace Officer in the state of Arizona:

Proof by affidavit having been made this day before me by Detective Christopher Hogan #1233 of the Pima County Sheriff's Department, that there is probable cause to believe that herein incorporated by reference:

On the person(s) of:

Jared Lee Loughner (09-10-88)

On the premises or building(s) known as:

7741 N. Soledad Ave.   A one story home made of beige block with brown trim.  The numbers 7741 on the mailbox out front.  To include any out building on curtilage.

In the vehicle(s) described as:

A green in color Chevy, with AZ license plate, GPN-621 with V.I.N. # 113279W402651 currently on N. Soledad, or any other vehicles in the garage of the N. Soledad address or on curtilage.

There is according to A.R.S. 13-3912, that property, person(s), or thing(s) described as:

Any firearms, firearm parts, holsters, gun cases, ammunition, spent casings, gun cleaning kits, or firearm related paperwork or periodicals.

Any cellular telephones or associated media and storage to include complete forensic analysis and viewing of contents.

Any computers, hard drives, thumb drives, discs, memory cards, or computer associated storage and media to include forensic analysis and viewing of contents.

Any notes ledgers, journals, writings, or correspondence that would indicate motive, participation or planning of this crime

11 SW 0040

11 SW 0026

Any books, periodicals, uniforms, photographs or other paraphernalia associated with extremism or anti government movements.

Indicia of occupancy or ownership to include but not limited to bills, mail, photographs, writings, cameras, or video cameras. Any personal items with names on them that may indicate occupancy or ownership.

Complete set of physical characteristics on Jared Lee Loughner 09/10/88 to include buccal cell swabs for D.N.A., major case fingerprinting, and photographing of subject.

Complete forensic processing of Jared Lee Loughner 09/10/88 to include but not limited to collection of all clothing he was or is wearing, processing for trace evidence such as swabbing of hands and person and detailed photographing of person.

Future forensic analysis and processing of all evidence gathered

Which property or things are:

_____ Property which was stolen or embezzled

__X__ Property used as a means of committing a public offense

__X__ Property or things in the possession of a person having the intent to use them as a means of committing a public offense

_____ Property or things in the possession of _____ which was delivered to him by _____ for the purpose of concealing it or preventing it from being discovered

__X__ Property or thing which constitutes an item of evidence which tends to show that a public offense has been committed or tends to show that a particular person committed the public offense.

_____ Property to be searched and inspected by an appropriate official, to wit _____ in the interest of the public health, safety, or welfare as part of an inspection program authorized by law

_____, who is the subject of an outstanding arrest warrant

ORIGINAL

# 11 ▓ 0040

## IN THE SUPERIOR COURT

## COUNTY OF PIMA, STATE OF ARIZONA



FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

11 JAN 11 AM 10: 02

D. WANDELL, DEPUTY

State of Arizona

vs.

Jared Lee Loughner

Affidavit For Search Warrant Number ___ 11 ▓ 0026 ___

The undersigned, being first duly sworn and says that for the reasons set forth herein, he believes that:

On the person(s) of:

Jared Lee Loughner  09/10/1988

On the premises or building(s) known as:

7741 N. Soledad Ave.   A one story home made of beige block with brown trim.  The numbers 7741 on the mailbox out front.  To include any out building on curtilage.

In the vehicle(s) described as:

A green in color Chevy, with AZ license plate, GPN-621 with V.I.N. # 113279W402651 currently on N. Soledad, or any other vehicles in the garage of the N. Soledad address or on curtilage.

That there is property, things or person(s) which:

_____ Property which was stolen or embezzled

__X_ Property used as a means of committing a public offense

__X_ Property or things in the possession of a person having the intent to use them as a means of committing a public offense

_____ Property or things in the possession of _____ which was delivered to him by _____ for the purpose of concealing it or preventing it from being discovered

X  Property or thing which constitutes any item of evidence which tends to show that a public offense has been committed or tends to show that a particular person committed the public

11 SW 0040

11 SW 0026

offense.

_____ Property to be searched and inspected by an appropriate official, to wit _____
in the interest of the public health, safety, or welfare as part of an inspection
program authorized by law

_____ _____, who is the subject of an outstanding arrest warrant

That property, person(s), or thing is described as:

Any firearms, firearm parts, holsters, gun cases, ammunition, spent casings, gun cleaning kits, or
firearm related paperwork or periodicals.

Any cellular telephones or associated media and storage to include complete forensic analysis and
viewing of contents.

Any computers, hard drives, thumb drives, discs, memory cards, or computer associated storage
and media to include forensic analysis and viewing of contents.

Any notes ledgers, journals, writings, or correspondence that would indicate motive, participation
or planning of this crime
Any books, periodicals, uniforms, photographs or other paraphernalia associated with extremism
or anti government movements.

Indicia of occupancy or ownership to include but not limited to bills, mail, photographs, writings,
cameras, or video cameras. Any personal items with names on them that may indicate
occupancy or ownership.

Complete set of physical characteristics on Jared Lee Loughner 09/10/88 to include buccal cell
swabs for D.N.A., major case fingerprinting, and photographing of subject.

Complete forensic processing of Jared Lee Loughner 09/10/88 to include but not limited to
collection of all clothing he was or is wearing, processing for trace evidence such as
swabbing of hands and person and detailed photographing of person.

Future forensic analysis and processing of all evidence gathered

Any other fruits and instrumentalities of the crimes of violation of Arizona or Federal Homicide
Laws.

I Detective Hogan your affiant am a certified Peace Officer in the State of Arizona and
have the following training and experience. I have been with the Sheriff's department
since 1998. I attended the Southern Arizona Law Enforcement basic academy, the Pima
County Sheriff's Department Advanced basic academy, and the Pima County Sheriff's
Detective training course. I attend training through the department numerous times a year
on subjects such as crime scene processing, interview and interrogation, and legal updates.
I have attended training outside of the department in areas such as crime scene processing
and interview and interrogation. I worked on street patrol for approximately three years
investigating all types of crimes and then became a Detective. As a Detective I have worked
with the Domestic Violence Unit, the Robbery Assault Unit and the Fugitive Unit. I have
worked a total of approximately five and a half years as a homicide Detective and have

2

11 █████ 0040

11 SW 0026

investigated over one hundred homicides with duties including processing crime scenes, interviewing witnesses and suspects, and obtaining search warrants. I have experience in searching cellular telephones and computers and the evidence that may be gathered from them. I have obtained search warrants on many occasions in the past and evidence from these warrants has been used throughout the investigative phase and prosecution phase.

Your Co Affiant Special Agent Terwilliger is a certified Peace Officer in Arizona and Federal Special Agent with the Federal Bureau of Investigation (FBI). She has all of the required training for both positions and has been a Special Agent since January 2004. She is currently assigned to the Violent Crimes squad in Tucson, Arizona, primarily working Assault of Federal Officer cases. She had previously worked on a Counterterrorism squad, which investigated domestic terrorism groups. She is also a member of the FBI Evidence Response Team which is responsible for collecting evidence at crime scenes, as well as documentation of the scene.

I believe that based on my experience, training, and investigation that the facts establishing probable cause for the issuance of this search warrant for the foregoing described property, person(s), location, and vehicles are as follows:

On Saturday January 8, 2011 at approximately 1011 am the Pima County Sheriff's Department received multiple 911 calls about a shooting situation at the Safeway shopping plaza at 7170 N Oracle Road, the southwest corner of Ina and Oracle. These calls indicated an active shooting situation and Patrol Deputy response was initiated.

When Deputies arrived at the front of the Safeway they encountered numerous victims and found several civilians on top of and detaining a male subject later identified by Arizona drivers license as Jared Lee Loughner  09/10/1988 target listed in this warrant. Deputies approached and were able to detain Mr. Loughner at the scene. Multiple witnesses at the scene indicated Mr. Loughner had been armed with a handgun and was shooting people in front of the Safeway. A handgun was located by Deputies on the ground next to Mr. Loughner and these witnesses indicated Mr. Loughner had been armed with this gun when they tackled and disarmed him. In Mr. Loughner's left front pocket Deputies located two handgun magazines with rounds in them and he was found to be wearing earplugs at the time he was detained. All of this indicates planning and the possibility of evidence in the locations in this warrant.

At the scene in front of the Safeway multiple people were found to have been wounded. Triage of the injured was begun and several were transported to local hospitals. At the scene five victims were pronounced deceased. Multiple spent cartridge casings were located in front of the Safeway and this scene is being processed.

In Mr. Loughner's back pocket was his Arizona Driver's License. This license lists an address of 7741 N. Soledad Avenue target location in this warrant. This address is on the north side of Tucson as is the Safeway. Various computer checks have been done on Mr. Loughner. He has listed this address as his home address on past contacts with the police. Deputies responded to the Soledad address and contacted Mr. Loughner's parents inside the home. They confirmed to the Deputies that he does live at that address. He has a bedroom there and also has complete access to the home and yard. They also told Deputies the following facts. The morning of the shooting Mr. Loughner left the home in his green

11 SW 0040          11 SW 0026

Chevy Nova listed in this warrant. He came back home and was seen removing a black bag or backpack from the trunk of the nova. The parents tried to talk to Mr. Loughner in the home and he took off running from the home North then East. The Safeway is East from Mr. Loughner's home. The parents state Mr. Loughner is known to maintain journals and writings and these items should be in the house. He has a shotgun that is in the trunk of the car inside their garage. He does use a cellular telephone to communicate. He also uses a computer in the home and specifically a video he recently made may be on the computer. This is a video about the the first amendment that he was dismissed from Pima Community College for producing.

Computer checks on Mr. Loughner have determined the following . He has a past contact with the Pima County Sheriff's Department where he was spray painting extremist type symbols on a wall. Mr. Loughner has also had numerous recent involvements with Pima Community College and their Police Department. These contacts indicate extreme behavior to the point that he was dismissed from the College over a video he made about the First Amendment. All of this is consistent with the parents statement.

A check over the internet after the shooting by running Mr. Loughner's name has also located a MySpace account in the name of Jared Loughner. This site has anti government postings on it and a recent post this morning saying goodbye.

Regarding Cellular Telephones and their Analysis
Based on my training and experience cellular telephones and their contents can contain evidence and can be used to further an investigation. I have obtained and analyzed cellular telephones and have located text messages, photographs, and videos detailing crimes. This includes texts talking about crimes and photographs taken in preparing for a crime. In this case there is a pattern of pre-planning as well as cellular telephone use that would indicate evidence may be located on any cellular telephones found.

Regarding Computers and Associated Items
Based on my training and experience computers and computer related storage and media can contain evidence and be used to further an investigation. I have seized and had analyzed computers in the past and evidence such as e-mails, photographs, and videos related to planning and commission of crimes has been located. Also specific to this incident information already located on public areas of the internet such as MySpace indicates Mr. Loughner uses computers and that any computers located may contain evidence of this crime and its planning.

Also I and the other Deputies and Agents involved have had training and experience dealing with extremist groups and extremist individuals. These individuals and groups are known to educate themselves and communicate through the internet. They are also known to publish periodicals and create writings about their views and plans. Mr. Loughner's recent contacts with Police and school officials indicate a pattern consistent with this type of extremism.

Regarding Physical Characteristics and Forensic Processing of Mr. Loughner
Multiple witnesses have identified Mr. Loughner as a shooter in this situation and scene analysis and witness statements indicate he was close to the victims at the time he was

11 SW 0040          11 SW 0026

shooting. He was also eventually tackled and held down by victims in the case. All of this would indicate evidence may be located on his person or clothing. Evidence such as the weapon and casings have also been located at the scene. These items may yield forensic evidence such as fingerprints and D.N.A.. Obtaining physical characteristics from Mr. Loughner will allow comparison to these items.

Not applicable or requested

Based on the above facts your affiant requests that a search warrant be issued with respect to the above described person(s), premises, or thing(s).

_____
Detective Christopher Hogan #1233
Pima County Sheriff's Department

_____
Special Agent Michelle Terwilliger
Federal Bureau of Investigation

Sworn before me this 8th day of January, 2011.

_____
Judge of the Superior Court

# In The Superior Court, County of Pima, State of Arizona

[Federal Search Warrant Presented to State Court Judge Pursuant to Fed. R. Crim. P. 41(b)(1)]



In the Matter of the Search of Electronic
Evidence Seized Pursuant to Search
Warrant for 7741 N. Soledad Ave.,
Tucson, Arizona

CASE NUMBER:

11 SW 0040

11 JAN 19  AM 10 29

D. WANDELL, DEPUTY

# SEARCH AND SEIZURE WARRANT

**TO:**   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the
following person or property located in the District of Arizona:

**See Attachment A, incorporated by reference**
(The affidavit in support of this Search Warrant is herein incorporated by reference.)

The person or property to be searched, described above, is believed to conceal:

**See Attachment B, incorporated by reference**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

**YOU ARE COMMANDED** to execute this warrant on or before January 26, 2011, although
examination of the contents can continue after that date. Fed. R. Crim. P. 41(e).
( ) in the daytime 6:00 a.m. to 10 p.m.    (X) at any time in the day or night as I find reasonable cause has been
                                           established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken
to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to Pima County Superior Court Judge
Christopher Browning.

Issued Pursuant to
Fed. R. Crim. P. 41
(b)(1).  Date and time:   January 12, 2011  Time:

Judge's Signature

City and state:              Tucson, Arizona             Pima County Superior Court
                                                         The Hon. Christopher Browning