Judy Clarke
Clarke and Rice, APC
1010 2nd Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484

Mark Fleming
Law Office of Mark Fleming
1350 Columbia Street, #600
San Diego, CA 92101
(619) 794-0220

Reuben Camper Cahn
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467

Attorneys for Defendant Jared Lee Loughner

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED LEE LOUGHNER,<br><br>    Defendant. | Case No. 11CR00187-LAB<br><br>**DEFENDANT'S OPPOSITION TO INTERVENORS' MOTION TO UNSEAL SEARCH WARRANT RECORDS**<br><br>Hearing Date: February 18, 2011<br>Time: 1:30 p.m. |

## INTRODUCTION

Defendant, Jared Lee Loughner, opposes the media intervenors' motion to unseal search warrant records. Unsealing is premature and unsealing at this point may unduly prejudice Mr. Loughner's Sixth Amendment right to a fair trial.

//

//

//

1

**FACTUAL BACKGROUND**

This matter arises from the efforts of media entities Phoenix Newspapers, Inc., and KPNX Broadcasting Co. (collectively, "the media entities") to gain access to the government's search warrant documents in this case. The media entities filed a motion to unseal the documents in Arizona Superior Court on January 20, 2011. That action was removed to federal court and the media entities granted intervenor status on February 9, 2011. See Order of Feb. 2, 2011 (Doc. No. 85).

The Court ordered Mr. Loughner to submit a response to the media motion, if any, by February 14, 2011.

**LEGAL ANALYSIS**

As a threshold matter, the media entities must establish that there exists a legal right to public access to the search warrant materials they seek. They identify two possible sources of such authority: (1) the First Amendment and (2) federal common law.[1] Neither of these doctrines, however, are applicable to warrant materials at this early stage in proceedings. While the public might have a limited right to access the warrant materials at the time they come become the subject of a suppression hearing or materials are deemed admissible at trial, that right is not yet in effect.

**A.    The First Amendment**

The First Amendment issue is addressed by Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989). In Times Mirror, the Ninth Circuit held that "the First Amendment does not establish a qualified right of access to search warrant proceedings and materials while a pre-indictment investigation is still ongoing." Id. at 1216.[2] Here, although the grand jury has returned an indictment, it remains convened for the purpose of returning a superseding indictment. The first indictment charged only three of the six allegations in the original complaint; however, as announced during the arraignment

---

[1] The intervenors actually also cite a third such source—Arizona law. See Reply at 8-9 (Doc. No 81). Whatever the merit of the argument before the matter was removed, it is inapplicable here. Arizona law does not apply to federal proceedings.

[2] Times Mirror left open the question of "whether the public has First Amendment right of access to warrant materials after an investigation is concluded or after indictments have been returned." Id. at 1211. This issue is, however, persuasively addressed in United States v. Inzunza, 303 F.Supp. 2d 1041, 1046-49 (S.D. Cal. 2004). See infra.

1  on the current indictment, the government's investigation of the remaining allegations is still ongoing.

2  Thus, the intervenors' attempt to distinguish <u>Times Mirror</u> on the ground that this is a "*post*-indictment

3  case" Reply at 7 (Doc. 81) is unpersuasive. It ignores the fact that a grand jury remains convened and

4  "a pre-indictment investigation is still ongoing" in this case. <u>Times Mirror</u>, 873 F.2d at 1216.

5        Even after the grand jury's investigation concludes, the First Amendment does not create a right

6  to public access to search warrant materials until they are made the subject of a suppression hearing. <u>See</u>

7  <u>United States v. Inzunza</u>, 303 F. Supp. 2d 1041, 1046-49. As Judge Miller of the Southern District of

8  California explained in his opinion in <u>Inzunza</u>, there exists no historical or logical support for creating

9  a First Amendment right of access to search warrant documents until "[a]fter a suppression hearing or

10  once the admissibility of the material has been determined." <u>Id.</u> at 1048 & n.5. This is true because:

11      Access to the sealed documents at this stage in the proceeding plays no predominate
    discernible positive role to the functioning of the criminal justice system. Only by means
12      of a suppression challenge does the court or public possess the indispensable context
    required to assess potential Government buses and overreaching. In short, [the media
13      entities'] motion is premature.

14  <u>Id.</u> at 1049. Here, like in <u>Inzunza</u>, the media entities motion is "premature." <u>Id.</u> The earliest the

15  intervenors can claim any limited First Amendment right is at the time of a suppression hearing or after

16  a determination on admissibility—and even then, such a right is subject to Sixth Amendment fair trial

17  concerns. <u>See</u> <u>Crowe v. County of San Diego</u>, 210 F. Supp. 2d 1189, 1194 (S.D. Cal. 2002) ("The Court

18  is . . . responsible for protecting [the defendant's] fair trial rights.").

19        Indeed, public release of the search warrant material may be premature even at the time of a

20  suppression hearing because fair trial concerns are especially heightened here due to the intense media

21  interest in this case. <u>Cf.</u> <u>id.</u> at 1200 ("'No right ranks higher than the right of the accused to a fair trial.'")

22  (quoting <u>Press Enterprise Co. v. Super. Ct.</u>, 464 U.S. 501, 508 (1984)). Search warrant materials,

23  moreover, pose a special Sixth Amendment problem because "the probability of prejudice is greater with

24  respect to the disclosure of search warrant affidavits than it is with respect to disclosure of other kinds

25  of documents." <u>United States v. Cianci</u>, 175 F. Supp. 2d 194, 202 (D.R.I. 2001). As <u>Cianci</u> recognized,

26  "[b]y their very nature, search warrant affidavits frequently contain statements that, if widely

27  disseminated, could seriously threaten a defendant's right to a fair trial." <u>Id.</u> Specifically, search warrants

28  are not limited by court rules prohibiting "pretrial statements that may unfairly prejudice an accused's

1  Sixth Amendment rights," often "include opinions, conclusions, and whatever other matters that the
2  affiant chooses to incorporate," as well as inadmissible hearsay statements of unknown reliability—none
3  of which is subject to adversarial testing. Id. at 202-03. Here, as in Cianci, the "understandably intense
4  media coverage of this case virtually assures that, if the [search warrant materials are] unsealed, [their]
5  contents will be published and broadcast throughout the state and among the pool of prospective jurors."
6  Id. at 203. This, in addition to creating Sixth Amendment problems, also raises venue questions because,
7  once the cat is out of the bag, the Court would have no further control over the media's actions. "Thus,
8  it is easy to envision a scenario in which the contents of the affidavit would be featured in media reports
9  on the eve of trial when the risk of tainting the pool of potential jurors is greatest." Id. (denying media
10 motion as forcing the defendants to "sacrifice one right (i.e., the right to a speedy trial or the right to a
11 trial in the district where the offenses allegedly were committed and where they are more likely to find
12 a jury of their peers) in order to preserve another right (i.e., the right to a fair trial before an impartial
13 jury).").

**B.     Federal Common Law**

15     The federal common law issue is also controlled by the Ninth Circuit's decision in Times Mirror,
16 which the intervenors simply ignore. The analysis, for the purposes here, is the same as for the First
17 Amendment: Times Mirror held that there exists no common law right to search warrant documents
18 "while a preindictment investigation is ongoing." 873 F.2d at 1219. As explained above, a
19 "preindictment investigation is ongoing here" as to the counts in the complaint that have not yet been
20 indicted.

21     Even if there existed a common law right to access, Mr. Loughner's Sixth Amendment interest
22 in ensuring a fair trial easily prevails against whatever limited right the public might claim. As explained
23 above, search warrants materials "[b]y their nature . . . frequently contain statements that, if widely
24 disseminated, could seriously threaten a defendant's right to a fair trial." Cianci, 175 F. Supp. 2d at 202
25 (finding common law right outweighed by potential harm to defendant's Sixth Amendment right to a fair
26 trial). The search warrant materials contain potentially inflammatory statements and conclusions of the
27 attesting officer likely to be unduly prejudicial to the prospective jury pool and otherwise inadmissible
28 at trial.

**CONCLUSION**

The media intervenors' motion should be denied as premature, without prejudice to renewal at the time the search warrants may become the subject of a suppression hearing or a determination is made as to the admissibility of their contents.

In the alternative, the materials should be redacted prior to release. Undersigned seek leave of one additional day to file proposed redactions under seal.

DATED: February 14, 2011                    Respectfully submitted,

                                            */s/ Judy Clarke*
                                            _____
                                            Judy Clarke
                                            Clarke & Rice APC

                                            Mark Fleming
                                            Law Office of Mark Fleming

                                            Reuben Camper Cahn
                                            Federal Defenders of San Diego, Inc.

                                            Attorneys for Defendant Jared Lee Loughner

Copy of the foregoing served electronically to:
Wallace H. Kleindienst, Beverly K. Anderson
Christina Cabanillas, Mary Sue Feldmeier