# Exhibit B

# FEDERAL DEFENDERS OF SAN DIEGO, INC.

The Federal Community Defender Organization for the Southern District of California
www.fdsdi.com

January 26, 2011

Mary Sue Feldmeier
US Attorney's Office
405 W Congress St
Ste 4800
Tucson, AZ 85701-4050

Re:  *United States v. Jared Lee Loughner*, CR 11-0187-TUC-LAB

Dear Ms. Feldmeier:

I write to confirm the receipt in court on January 24 of three DVDs. The government has represented that DVD bate stamped 00001 contains material copied from the computer seized from the Loughner home, while those stamped 00003 and 000011 contain sound files of interviews conducted by law enforcement investigating this case.

In connection with the computer seized from the Loughner home, I understand that you are willing to provide a mirror of the hard drive. For those purposes, I am sending by Federal Express a 500 GB Seagate SATA hard drive.

Lastly, we discussed your desire to obtain medical and/or psychological records of Mr. Loughner held by the Bureau of Prisons. As we advised, we have not yet received copies of these records. Once we receive and review the records, we will advise you of our position as to whether release is appropriate. However, until we have a chance to review these items, we object to any release, and you have agreed to delay any request for these records pending further discussions with me.

If you have questions or concerns please do not hesitate to contact us.

Sincerely,

REUBEN CAMPER CAHN
JUDY CLARKE
MARK F. FLEMING

Attorneys for Jared Loughner

☑ San Diego Office
225 Broadway
Suite 900
San Diego
California
92101-5030
(619) 234-8467
FAX (619) 687-2666

☐ El Centro Office
1122 State Street
Suite E
El Centro
California
92243
(760) 335-3510
FAX (760) 335-3610



**U.S. Department of Justice**

United States Attorney
District of Arizona

United States Courthouse (520) 620-7300
405 W. Congress Street, Suite 4800 facsimile (520) 620-7320
Tucson, Arizona 85701

January 28, 2011

Ruben Camper Cahn
Judy C. Clarke
Mark F. Fleming
Federal Defender's of San Diego, Inc.
225 Broadway, Ste. 900
San Diego, CA 92101-5030

Re: United States vs. Jared Lee Loughner
CR 11-0187-TUC-LAB

Dear Mr. Cahn:

I was going through email this morning, and am now in receipt of your Disclosure Receipt letter dated January 26, 2011.

A slight clarification on the genesis of the videos on DVD bate stamped 000001 – it contains videos from an *SD card* found in the defendant's home, as stated on the face of the DVD, and as I mentioned to you in our informal discussions prior to court. It is not from the defendant's computer.

I want to clear up an apparent misunderstanding as to the defendant's medical and/or psychological records held by Bureau of Prisons. I understand your position is that we are not entitled to them. I did not, however, agree to delay a request for those records pursuant lawful means.

This morning, I received the Seagate hard drive you sent. I am giving to the FBI later this morning, and we will have the mirrored drives placed on it, and FedEx it back to you within 7 days.

If you have any questions, please do not hesitate to contact us.

Sincerely,

DENNIS K. BURKE
United States Attorney
District of Arizona

MARY SUE FELDMEIER
WALLACE H. KLEINDIESNT
BEVERLY K. ANDERSON
Assistant United States Attorneys

# FEDERAL DEFENDERS OF SAN DIEGO, INC.

The Federal Community Defender Organization for the Southern District of California
www.fdsdi.com

January 28, 2011

**VIA EMAIL**
Mary Sue Feldmeier
US Attorney's Office
405 W Congress St
Ste 4800
Tucson, AZ 85701-4050

Re: *United States v. Jared Lee Loughner*, CR 11-0187-TUC-LAB

Dear Ms. Feldmeier:

I am in receipt of your letter of January 28, 2011. I am perplexed by your statement that you did not agree to delay a request for medical and psychological records of Mr. Loughner in the possession of the Bureau of Prisons until we had received and reviewed any such records. This is contrary to the recollections of both Ms. Clarke and myself as to the conversation that the three of us had in open court on Monday, January 24, 2011. In any case, let me make clear that it is our position that any medical or psychological records of Mr. Loughner are privileged and protected. In light of your current position, I would ask that you give us notice of any efforts by the United States to obtain any BOP records including medical and psychological records so that we may make any appropriate motions.

If you have questions or concerns please do not hesitate to contact us.

Sincerely,

REUBEN CAMPER CAHN
JUDY CLARKE
MARK F. FLEMING

Attorneys for Jared Loughner

cc: Wallace K. Kleindienst, Beverly K. Anderson, Christina M. Cabanillas

☑ San Diego Office
225 Broadway
Suite 900
San Diego
California
92101-5030
(619) 234-8467
FAX (619) 687-2666

☐ El Centro Office
1122 State Street
Suite E
El Centro
California
92243
(760) 335-3510
FAX (760) 335-3610



**U.S. Department of Justice**

United States Attorney
District of Arizona

---

United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701

(520) 620-7300
facsimile (520) 620-7320

January 28, 2011

Reuben Camper Cahn
Judy C. Clarke
Mark Francis Fleming
Clarke & Rice
1010 2nd Avenue, Ste. 1800
San Diego, CA 92101
*via emails:* judyclarke@jcsrlaw.net; Reuben_Cahn@fd.org; mfflaw@cox.net

Re:   **BOP RECORDS**

United States vs. Jared Lee Loughner
CR 11-0187-TUC-LAB

Dear Mr. Cahn:

As stated, the government is pursuing medical and psychological records of Mr. Loughner by lawful means. As we promised you after court on Monday, January 24, 2011, we will make sure this is done in a manner that will give the defense an opportunity to voice their objections, and obtain a ruling from the court.

If you wish to discuss this matter, please do not hesitate to contact me.

Sincerely,

DENNIS K. BURKE
United States Attorney
District of Arizona

*MarySue Feldmeier*

WALLACE H. KLEINDIENST
MARY SUE FELDMEIER
BEVERLY K. ANDERSON
Assistant United States Attorneys

# Exhibit C



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5840.04
DATE: 9/1/99
SUBJECT: Staff Correspondence About Inmates

1. **PURPOSE AND SCOPE.** To outline procedures for staff recommendations and correspondence to agencies and persons about Bureau inmates.

2. **SUMMARY OF CHANGES.** This revision incorporates pretrial/holdover instructions, updates ACA Standards, and includes Program Objectives.

3. **PROGRAM OBJECTIVE.** The expected result of this program is:

The proper procedures will be followed by staff when preparing inmate evaluations and/or letters of recommendation to outside agencies and persons.

4. **DIRECTIVES AFFECTED**

   a. **Directive Rescinded**

      PS 5840.03     Staff Correspondence About Inmates (3/3/93)

   b. **Directives Referenced**

      PS 1351.04     Release of Information (FOIA & Privacy Act)(12/5/96)
      PS 3420.09     Standards of Employee Conduct (2/5/99)
      PS 5800.11     Inmate Central File, Privacy Folder and Parole Mini-Files (9/8/97)

5. **STANDARDS REFERENCED**

   a. American Correctional Association 3rd Edition Standards for Adult Correctional Institutions: 3-4092, 3-4095

   b. American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities: 3-ALDF-1E-01, 1E-04

    c. American Correctional Association Standards for Adult Correctional Boot Camp Programs: 1-ABC-1E-01, 1E-07

    d. American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies: 2-CO-1E-06

6. **PRETRIAL/HOLDOVER/DETAINEE PROCEDURES.** The procedures outlined in this Program Statement apply to all inmates confined within the Bureau.

7. **USE OF OFFICIAL INFORMATION**

    a. **Disclosure Restrictions.** The Program Statement on Standards of Employee Conduct mandates that official information regarding an inmate may be disclosed or released only as required in the performance of an employee's duties or upon specific authorization.

    b. **Disclosure Authorities.** Without authorization, staff must not release official information or directly correspond with outside agencies or persons regarding an inmate's:

- background,
- institutional behavior,
- progress, or
- anticipated community adjustment.

Staff who want to record an observation, express an opinion, or provide a recommendation for an inmate must do so through the inmate's unit team, Associate Warden, or Warden.

The unit team is able to combine and balance recommendations based on a knowledge of the inmate's history, adjustment, and progress in all areas.

**Correspondence** may be **addressed only** to a specific person or agency.

    c. **Authorized Persons.** The Director, or designee; Regional Directors, or designees; and Wardens, or designees, are the only persons authorized to release official information.

The reasons for limiting the number of staff authorized to release official information are to:

- avoid implying "official" sanction of an evaluation or recommendation, when, in fact, it is one staff member's opinion.

- avoid implying that a staff member's opinion provides a "total" evaluation of the inmate when that staff member's knowledge and perspective about the inmate may be quite limited.

8. **PROCEDURES**

   a. Inmate evaluations must be made through routine channels, such as work reports, program participation reports, medical reports, etc. Staff wishing to make unique recommendations (for behavior above and beyond normal work or program expectations) must direct correspondence to the unit team, Associate Warden, or Warden.

   b. Staff - Inmate evaluations are to be incorporated into the next progress report and then destroyed. A recommendation will then take the form of an official evaluation, sanctioned by a delegated authority which carries more credence than a staff member's opinion.

   c. Official correspondence which includes staff recommendations about inmates, will be prepared for the Warden's signature. This signature authority may be delegated to other staff as prescribed by applicable directives.

   d. Staff members **must not** give copies of evaluations or letters of recommendation to an inmate, but may inform him or her of their content. This prevents inmates from using copies of such correspondence for unauthorized purposes.

   e. Correspondence generated through "routine" channels becomes part of the Inmate Central File which the inmate may view.

   However, correspondence the Case Manager determines to be improper for release, and not yet incorporated into a progress report, must be removed from the Inmate Central File before inmate review.

9. **OTHER DELEGATED AUTHORITY TO CORRESPOND ABOUT INMATES.** This Program Statement does not limit or negate any other Bureau directive delegating specific authority to a staff member.

/s/
Kathleen Hawk Sawyer
Director