# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br>vs.<br><br>Jared Lee Loughner,<br><br>        Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**ORDER DENYING MOTION TO RESTRAIN MEDICAL EXAMINER FROM MAKING EXTRAJUDICIAL STATEMENTS *WITHOUT PREJUDICE*** [Doc. No. 115] |

The United States, with the approval of the Defendant, has filed a motion to bar the public release of the official autopsy reports of the six decedents in this case.  The motion also asks the Court to effectively gag Dr. Eric Peters, who performed the autopsies, as well as any member of the Pima County Medical Examiner's Office, from "making extrajudicial statements . . . concerning any aspect of this case that bears upon the merits to be resolved by the jury."  (Mot. ¶ 6.)  Although the motion represents — without setting forth the particulars — that the media has requested the autopsy reports pursuant to the Arizona Public Records Law, the Court finds the motion to be premature and the facts underdeveloped, and it is **DENIED WITHOUT PREJUDICE** on this basis.

As to the autopsy reports, the government's motion presumes that the Pima County Medical Examiner's Office is either poised to release them voluntarily or legally obligated to do so.  The Court has no proof of this.  To the contrary, even though autopsy reports qualify as "public records" under Arizona law, they needn't be made public if disclosure presents "specific risks." *Star Publishing Co. v. Parks*, 178 Ariz. 604, 605 (Ariz. App. Div. 1993).  The

"best interests of the State" may also outweigh the public interest in disclosure. *Schoeneweis v. Hammer*, 223 Ariz. 169, 173 (Ariz. App. Div. 2009).[1]  The release of the autopsy reports isn't, therefore, a foregone conclusion. The Medical Examiner's Office is well within its rights, at least initially, to deny the media's request for their production. The media entities may then appeal to the Arizona courts, at which time the United States may remove the matter to this Court under the exclusive jurisdictional provision of 18 U.S.C. § 351(f).[2]  Absent, however, some indication that the release of the autopsy reports is imminent or inevitable, or absent a legal challenge to the Medical Examiner Office's unwillingness to release the reports, the Court is not inclined to intervene at this point. Moreover, the government did not submit the autopsy reports with its motion, leaving the Court with no basis on which to find that their contents, as the motion argues, "may spawn prejudicial depictions of the decedents' manner of death in the press." (Mot ¶ 4.)

As to extrajudicial statements of members of the Pima County Medical Examiner's Office, the government argues that the Court has authority to restrain them under the All Writs Act, 28 U.S.C. § 1651(a). But as the government should know, having relied upon *Levine v. United States District Court for the Central District of California*, the All Writs Act only gives the Court *jurisdiction* to issue a writ. 764 F.2d 590, 593 (9th Cir. 1985). The government seeks a prior restraint on the speech of third parties, and the All Writs Act doesn't loosen the principle that restraints of this kind may issue only if there is "a clear and present danger or a serious and imminent threat to a protected competing interest." *Id.* at 595 (citing *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir. 1978)). One hasn't been shown here. There is no evidence that Dr. Peters or other members of the Medical Examiner's Office are prepared to speak to the media about the autopsy reports, nor is there

---

[1] *Schoeneweis* also holds that public records needn't be made available when a specific statute classifies them as confidential, or when there are overwhelming privacy concerns. The decision goes on to find that "an autopsy report is not statutorily privileged for purposes of the Public Records Law," *id.* at 174, and the government here has not invoked — at least yet — privacy concerns in support of its motion.

[2] This, of course, is how the Court came to entertain the earlier motion of Phoenix Newspapers, Inc. and KPNX Broadcasting Co. to unseal search warrant materials. (*See* Doc. Nos. 67, 78.)

any evidence that, if they are, their superiors can't prevent them.[3] The subject restraint in *Levine* muzzled lawyers in a highly publicized espionage case, but only after they'd made extensive — and, the Court would add, highly argumentative — public remarks, *and* professed an intention and need to continue doing so. *Id.* at 591–93. Moreover, there was no authority other than the court to order their silence. The government hasn't shown that this case presents a set of circumstances similar to those in *Levine*, and it certainly hasn't taken the Court through the rigorous legal analysis that is required before a prior restraint on speech can be justified. The mere fact that media entities have requested the autopsy reports doesn't support the government's conclusory assertion that hypothetical extrajudicial statements "pose[ ] a serious and imminent threat of extensive prejudicial publicity." (Mot. ¶ 5.)

For these reasons, the motion to bar the release of the autopsy reports and to restrain the making of extrajudicial statements about them is **DENIED WITHOUT PREJUDICE**. Either the government or the Defendant may renew the motion — hopefully with supplemental evidence and better legal argument — when or if it becomes apparent that the parties' right to a fair trial is truly in peril.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2011.

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[3] Just to be clear, it has not been addressed and the Court cannot fathom why Dr. Peters or other members of the Medical Examiner's Office *would choose* to speak to the media about the autopsy reports. The subject matter is intensely personal, and implicates the privacy interests of the decedents' next-of-kin in addition to the fair trial rights of the Defendant. Also, Dr. Peters may be called as a witness in this case. Given all of this, the Court can conceive of no good reason why the doctor or any other member of the Medical Examiner's Office would volunteer extrajudicial statements about the autopsies.