DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Christina.Cabanillas@usdoj.gov
Bev.Anderson@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Jared Lee Loughner, <br><br> Defendant. | CR 11-0187-TUC-LAB <br><br> **GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO COMPEL HANDWRITING EXEMPLAR** <br><br> (Pursuant to 28 U.S.C. § 1651(a)) |

Now comes the United States of America, by and through its attorneys undersigned, and replies to the defendant's Opposition to the Government's Motion to Compel Handwriting Exemplar [doc. #110] as follows:

The defendant objects to an order compelling a handwriting exemplar, arguing that the Court lacks authority to enter the order pursuant to Fed. R. Crim. P. 17(c); and that the government cannot show need for an order pursuant to 28 U.S.C. § 1651(a), because the defendant is willing to examine the questioned documents and perhaps enter into a stipulation that he authored them.

At trial, the government intends to introduce documents found in the defendant's residence bearing handwritten references to the member of Congress the defendant is accused of attempting to assassinate, as well as references to a gun and bullets. The government seeks examples of the defendant's handwriting to compare to these writings, and determine whether the defendant authored the phrases and words on the questioned documents. The

government requested voluntary production of the handwriting exemplar, and the defendant has refused. There being no other avenue to obtain the defendant's handwriting exemplar, the government now seeks an order to compel.

### A. Rule 17(c) and/or The All Writs Act.

First, defendant challenges the district court's authority to order a handwriting exemplar pursuant to Fed. R. Crim. P. 17(c). Courts appear split on whether the court may use Rule 17(c) to compel handwriting exemplars, and the Ninth Circuit has not weighed in on that issue. *See United States v. Li*, 55 F.3d 325 (7th Cir. 1995) (stating without explanation "Rule 17(c) is inapplicable" to the court's authority to compel handwriting). *But see Unites States v. Vanegas*, 112 F.R.D. 235 (D.N.J. 1986) (The district court has the power to order a defendant to give a handwriting exemplar under Rule 17(c)); *United States v. McKeon*, 558 F.Supp. 1243, 1246-47 (E.D.N.Y. 1983) (court denied motion of defendant's wife to quash 17(c) subpoena for handwriting exemplar).

Regardless of whether the district court has authority to compel handwriting exemplars pursuant to Rule 17(c), it does have the authority to do so pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *Li*, 55 F.3d at 329. "Federal courts have long recognized that the purpose of the All Writs Act is to provide the instruments necessary to perform their duty, assuming those instruments are "agreeable" to the usages and principles of law." *Id. See also Harris v. Nelson,* 394 U.S. 286, 299-300 (1969). Exemplars are common legal instruments in criminal trials. *Li,* 55 F.3d at 329. Here, the exemplars are crucial to determining whether the defendant authored notes indicative of his pre-planning of the criminal acts alleged in the superseding indictment.

### B. Necessity.

Defendant argues that even if the All Writs Act gives the court the necessary authority, the government has not demonstrated a need for the order. Defendant cites *In re Montes,* 677 F.2d 415, 416 (5th Cir. 1982) for the proposition that there must be "no other adequate remedy" available for the court to issue the "extraordinary" writ. *In re Montes* dealt with a writ in aid of appellate court jurisdiction. *Id.* The petitioner's very first pleading in the case

1  was a request that the appellate court take jurisdiction pursuant to it's authority under the All
2  Writs Act. *Id*. The Fifth Circuit denied the writ, finding that the petitioner was unable to
3  show he had no other adequate remedy, because he failed to first attempt to obtain relief from
4  a lower court. *Id.*

5  In the trial court context, the courts have authorized the use of the All Writs Act to "issue
6  orders necessary for conducting factual inquiries." *Li,* 55 F.3d at 329. Here, the factual
7  determination of whether defendant authored the questioned documents is necessary for the
8  presentation of the government's case. A known handwriting exemplar is needed in order
9  to make that determination. There is no other way to make that factual determination.

10  Defendant suggests that rather than submitting an exemplar, he should be permitted to
11  review the questioned documents and perhaps stipulate to the fact he authored them. The
12  government cannot be forced to accept the defendant's potential stipulation, and declines to
13  do so at this stage of the proceedings. *Old Chief v. United States*, 519 U.S. 172, 189 (1997)
14  (the prosecution is entitled to prove its case free from any defendant's option to stipulate the
15  evidence away). "[T]he prosecution is entitled to prove its case by evidence of its own
16  choice, or, more exactly, the criminal defendant may not stipulate or admit his way out of the
17  full evidentiary force of the case as the Government chooses to present it." *Id.* at 186-87.
18  Furthermore, the government is entitled to introduce both a stipulation and tangible evidence
19  of the same fact at trial. *United States v. Pineda-Doval,* 614 F.3d 1019, 1034 (9th Cir. 2010)
20  (defendant's stipulation that the automobile carrying the victims was involved in a single-
21  vehicle roll-over, did not preclude the government from introducing photographs showing
22  the crushed vehicle). Because the defendant refuses to submit the required handwriting
23  exemplar, the government has no adequate remedy, other than obtaining an order to compel.

24  C.  Fifth Amendment.

25  Finally, defendant objects on Fifth Amendment grounds to taking an exemplar through
26  dictation. The government does not intend to extract a handwriting exemplar from the
27  defendant through dictation. A forensic examiner from the Federal Bureau of Investigation
28  (FBI) Laboratory will conduct the examination, and the procedure and documents the

defendant will be asked to execute are similar to those routinely used in cases where handwriting exemplars are sought. The examiner will instruct the defendant to copy certain letters, words, numbers or phrases that are listed on a typed document, onto certain pieces of paper or forms provided by the examiner, in a quantity necessary for the examiner to make an analysis and reliable conclusion.

"It is clear that compelling handwriting samples for identification purposes does not violate the Fifth Amendment privilege against self-incrimination." *United States v. Antill*, 579 F.2d 1135, 1136 (9th Cir. 1978); *see also United States v. Pheaster*, 544 F.2d 353, 371-72 (9th Cir. 1976). Handwriting samples are not protected by the Fifth Amendment "because they are physical and not testimonial evidence." *United States v. Stone*, 9 F.3d 934, 942 (11th Cir. 1993). *See also Gilbert v. State of California,* 388 U.S. 263 (1967) ("A mere handwriting exemplar . . . like the voice or body itself, is an identifying physical characteristic outside [the Fifth Amendment's] protection"); *United States v. Boykins*, 966 F.2d 1240, 1243 (8th Cir. 1992) (subject of grand jury subpoena has no privilege not to provide handwriting exemplar).

WHEREFORE, for the above and foregoing reasons, the United States requests this Court order the defendant, Jared Lee Loughner, to provide a handwriting exemplar to a forensic examiner from the FBI Laboratory.

Respectfully submitted this 6th day of March, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Mary Sue Feldmeier*

MARY SUE FELDMEIER
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 6th day of March, 2011, to:

Judy M. Clarke, Esq.
Reuben Camper Cahn, Esq.
Mark Fleming, Esq.