DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br> v.<br><br>Jared Lee Loughner,<br><br>   Defendant. | CR 11-0187-TUC-LAB<br><br>**GOVERNMENT'S MOTION FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION TO DETERMINE COMPETENCY**<br><br>(Pursuant to: 18 U.S.C. § 4241) |

  Now comes the United States of America, by and through its attorneys undersigned, and moves the Court, pursuant to 18 U.S.C. §§4241(a), 4241(b), 4247(b) and (c), to commit defendant to the custody of the Attorney General for placement in a suitable Federal Bureau of Prisons facility in order to conduct a mental examination to determine whether the defendant is competent to stand trial.  There is evidence, which is in the public domain, suggesting the defendant may have mental issues.  As officers of the court, counsel has an obligation, when there is some evidence of possible mental issues, to call these matters to this Court's attention, so it may ensure the defendant is competent to understand the nature and consequences of the proceedings against him and/or to assist counsel in his defense.  The government is raising this issue now so that the issue of competency may be addressed at this time, to avoid any unnecessary delays in the proceedings.

**Memorandum of Points and Authorities**

The defendant had a MySpace account and two YouTube profiles on which he made numerous postings.[1] These postings, which are in the public domain, suggest the defendant may have mental issues. Exhibit 1 lists internet links for the postings relied upon in this motion. To preserve the record, a DVD bearing the label Exhibit 1 will be filed with the Clerk of the U.S. District Court. Additionally, copies of the Exhibit 1 DVD will be sent to the Court and defense counsel.

MySpace is essentially a social networking website in which individuals can place photos, message friends, post comments and post status updates to millions of users worldwide. There are several methods of communication used by MySpace subscribers. These include MySpace Email, Bulletins and Status Mood posts and Comments. The defendant posted photos on his MySpace account by using a vanity uniform resource locator (URL) of "Fallenasleep." One of the photos Loughner posted was a picture of what appears to be a Glock semi-automatic pistol resting on top of a U.S. history book and a circular item depicting the White House, with portraits of the U.S. Presidents surrounding the edges. (Exhibit 1, items 1-2.)

YouTube is a video sharing website on which users can upload and share videos. The defendant appears to be associated with two YouTube profiles – "starhitshnaz" and "Classitup10." The "starhitshnaz" profile was created on October 2, 2010. This profile contains one seven minute video which depicts a hooded and masked individual, believed to be the defendant, wearing garbage bags on the lower part of the body, burning an American flag. The video is titled "America: Your Last Memory In a Terrorist Country!," and contains comments which are embedded in the video. In addition, the 2001 song "Bodies," by the metal band "Drowning Pool," plays over the first half of the video. The song's lyrics repeat "Let the bodies hit the floor," over and over again. (Exhibit 1, item 4.)

---

[1] The defendant's MySpace account was taken down shortly after the shooting. His videos are still posted on YouTube.

1   Between November 22, 2010, and December 15, 2010, the defendant posted five
2   additional videos under the YouTube "Classitup10" profile. (Exhibit 1, items 5-9.) In his
3   "Classitup10" profile, the defendant also referenced the "starhitshnaz" American Flag
4   burning video in his "favorites" section. (Exhibit 1, item 4.)
5   The defendant's online postings are indicative of an individual who may have mental
6   issues.

Law & Argument

At any time after initiation of a criminal prosecution, the defendant or attorney for the government may file a motion for a hearing to determine the defendant's mental competency. 18 U.S.C. § 4241(a).

> The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

*Id.* A defendant is competent if he has the "ability to understand the proceedings and to assist counsel in preparing a defense." *Miles v. Stainer,* 108 F.3d 1109, 1112 (9th Cir. 1997). If a court has "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent," it may order a psychiatric or psychological examination of the defendant. 18 U.S.C. §4241(b). *See also United States v. George,* 85 F.3d 1433, 1437 (9th Cir.1996) ("[T]he court clearly has discretion to determine whether an examination is necessary.")

Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C. 4241(a) and (b), are to be conducted pursuant to the provisions of Section 4742(b) and (c). Section 4742(b) provides that the court "may commit the person to be examined for a reasonable period . . . to the custody of the Attorney General for placement in a suitable facility." Unless "impracticable," the statute requires the Attorney General to conduct the examination "in the suitable facility closest to the court." 18 U.S.C. §4247(b). The

- 3 -

1  determination of which facility is suitable rests with the Attorney General, just as with all
2  other designations within the Bureau of Prisons.  The Federal Bureau of Prisons employs
3  medical personnel familiar with competency determination in federal criminal cases.  *See*
4  *United States v. Zhou,* 428 F.3d 361, 380 (2nd Cir. 2005) (it is both reasonable and
5  expeditious in this context to rely on the expertise of a forensic psychologist associated with
6  the BOP).

7  The defendant's postings, all of which were made within the last five months provide
8  "reasonable cause" that the defendant "may" have mental issues for this Court to order a
9  psychiatric or psychological examination of the defendant under 18 U.S.C. §4241(a) to
10 determine competency.  The government believes that the postings alone provide the
11 necessary justification for this court to order an evaluation under §4241.

12 The government also asks that this Court to order that the examination be completed at
13 a Bureau of Prisons Facility, pursuant 18 U.S.C. § 4247(b).  There is an important public
14 interest in securing the most efficient, thorough, and reliable method for the Court to
15 determine the defendant's competency. A Federal Medical Center (FMC), staffed by Bureau
16 of Prisons Psychiatrist or Psychologists, who routinely evaluate individuals based upon the
17 statutory criteria required, would provide the most efficient, thorough, and reliable means of
18 providing the Court with the necessary information to make a determination as to defendant's
19 competency to stand trial.  Should the defense require a separate examination of the
20 defendant, or further examinations relative to defendant's mental state at the time of the
21 offense, the government will make every effort to ensure that this is accomplished in a
22 coordinated manner to alleviate duplication and unnecessary delays.

23 WHEREFORE, based on the foregoing, the United States of America seeks an order,
24 pursuant to 18 U.S.C. §§ 4241 (a) and (b) and 4247(b), committing the defendant, Jared Lee
25 Loughner, to the custody of the Attorney General for placement in a suitable facility for a
26 reasonable period of time in order to be evaluated by a licensed or certified psychiatrist or
27 psychologist, to assist in determining whether the defendant is presently suffering from a
28

mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Respectfully submitted this 7th day of March, 2011.

                    DENNIS K. BURKE
                    United States Attorney
                    District of Arizona

                    *s/Beverly K. Anderson*

                    BEVERLY K. ANDERSON
                    Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 7th day of March, 2011 to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.