Judy Clarke
Clarke and Rice, APC
1010 2nd Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484

Mark Fleming
Law Office of Mark Fleming
1350 Columbia Street, #600
San Diego, CA 92101
(619) 794-0220

Reuben Camper Cahn
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467

Attorneys for Defendant Jared Lee Loughner

**EX PARTE / UNDER SEAL**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| UNITED STATES OF AMERICA, | Case No. CR 11-0187-TUC LAB |
|---|---|
| Plaintiff, | |
| v. | **EX PARTE MOTION FOR ORDER TO SEAL DOCUMENT** |
| JARED LEE LOUGHNER, | |
| Defendant. | |

**MOTION**

The defendant, JARED LEE LOUGHNER, by and through counsel, Judy Clarke, Mark Fleming, Reuben Camper Cahn, and Federal Defenders of San Diego, Inc. hereby moves this Court for an order to seal the following document: *DECLARATION OF SCHARLETTE HOLDMAN*.[1]

---

[1] The Declaration is referred to in Defendant's Status Report re Scheduling Order as Exhibit 6.

This motion is based on the facts and authorities recited herein, the Sixth Amendment to the United States Constitution, and any and all other pertinent authorities that may come to the Court's attention.

## LEGAL BASIS FOR SEALING

The declaration should be sealed because it contains confidential attorney client/work product information concerning the direction and progress of the defense investigation. Revealing the contents of the declaration to the government and/or the public would jeopardize Mr. Loughner's ability to effectively present a defense and thereby infringe on his Sixth Amendment right to a fair trial.[2]

There is a presumption of open access to filings in criminal cases. However, the presumption may be overcome by a showing that the public's right to access "conflict[s] with a defendant's sixth amendment right to a fair trial." Associated Press v. United States District Court, 705 F.2d 1143, 1145 (9th Cir. 1983). The Ninth Circuit applies the following three-part test to determine whether sealing of documents is necessary to protect the fair trial right:

> First, there must be a substantial probability that irreparable damage to a defendant's fair trial right will result of the documents are not sealed . . . .
>
> Second, there must be a substantial probability that alternatives to closure will not protect adequately the right to a fair trial. In other words, there must be no less drastic alternative available. . . .
>
> Third, there must be a substantial probability that closure will be effective in protecting against the perceived harm.

Id. at 1146 (quotations marks and alternations omitted). The Holdman declaration satisfies all three parts of the Associated Press test.

**1. Irreparable Damage to the Fair Trial Right**

Disclosure of the Holdman declaration will result in irreparable damage to Mr. Loughner's fair trial rights. The Holdman declaration describes defense litigation strategy in detail. Specifically, it outlines the steps already taken by the defense in preparation for

---

[2] We have filed publicly two declarations that address the obligations of defense counsel; however seek to file Ms. Holdman's declaration both under seal and ex parte, for the reasons cited herein. We have redacted Ms. Holdman's name from the Stetler declaration, Exhibit 1, pp. 21, 23.

developing mitigation evidence for the DOJ pre-authorization process as well as the penalty phase of Mr. Loughner's trial.

Scharlette Holdman, the declarant, is a mitigation specialist who has been retained by defense counsel to work on this case, and in that capacity, falls within the scope of all applicable attorney-client, work product, and other related privileges that could be asserted by Mr. Loughner with respect to his counsel.

The Holdman declaration is a quintessentially confidential document. In essence, it lays out the defense's mitigation strategy and describes preliminary findings to date. The declaration includes a detailed description of the work already conducted by the defense team in this case, Dec. at 1-3, 6-15; it identifies information about Mr. Loughner's mental state that may be relevant to both trial and penalty phases, Dec. at 1, 8; it lays out the defense approach to investigating the case and reveals the progress made to date in such investigation Dec. at 2, 6-15; and it describes in detail the records, witnesses, and avenues of investigation being pursued by the defense, Dec. at 1-2, 5-15.

Disclosure of this information would severely jeopardize Mr. Loughner's right to a fair trial. The strategic decisions and investigation results of the defense are matters about which Mr. Loughner enjoys the strictest right to confidentiality. In particular, preliminary findings revealed in the Holdman declaration have the potential of being especially prejudicial should later evidence suggest a different conclusion. Likewise, details about the investigation could be easily and unfairly exploited to prejudice Mr. Loughner's defense. Neither the government nor the public has a right to such information. See, e.g., In re Boston Herald, 321 F.2d 174, 179 (1st Cir. 2003) (recognizing "disclos[ure of] defense strategy to the prosecution" as a core concern that overrides the public's first amendment interest in openness); United States v. Abreu, 202 F.3d 386, 391 (1st Cir. 2000) (same).

**2.   Alternatives to Closure are Inadequate**

There are no alternatives to sealing the declaration. Redaction would be inadequate because the entire document would have to be redacted, including the identity of the declarant.

1 | The defense's strategic decisions concerning who to employ and/or consult are by nature confidential and not subject to disclosure.

**3.   Closure Will Be Effective**

Sealing the document will be effective to protect the Sixth Amendment interests Mr. Loughner asserts herein. Sealing will prevent the contents from dissemination and thus maintain Mr. Loughner's confidentiality and fair trial rights.

## CONCLUSION

The Court should order that the Holdman declaration be sealed. Sealing is appropriate under the Associated Press analysis because: (1) its disclosure would result in revelation of the defense strategy and investigation, which would substantially prejudice Mr. Loughner's fair trial right; (2) there are no effective alternatives to sealing; and (3) the sealing will be effective.

Respectfully submitted,

DATED: March 4, 2011              */s/ Judy Clarke*
                                  JUDY CLARKE
                                  MARK FLEMING
                                  REUBEN CAMPER CAHN
                                  Attorneys for Jared Lee Loughner