### TAPED TELEPHONIC SEARCH WARRANT
### CASE #110108078

| LEGEND: | Q. DET. HOGAN | A. JUDGE BROWNING |
|---|---|---|

5    A.    Thank you.

6    Q.    Okay, and I'm recording. Um, uh, Judge Brown, this is Detective Hogan of the Sheriff's
7        Department's. Will you swear me in, please?

8    A.    Yes, do you swear the information you are about to provide is the truth, the whole truth
9        and nothing but the truth, so help you God?

10   Q.    I do, Your Honor. Um, this is Deputy Hogan, Badge 1233, of The Pima County Sheriff's
11        Department. I am calling you on January 8, 2011, with Detective Parenteau, Badge 1007,
12        standing by as a witness. The time now is approximately, uh, 1535 hours.

13        Uh, I am calling for a Telephonic Search Warrant and have just, probable and reasonable
14        cause to believe that there is now:

15        I've checked, uh:
16        On the person of Jared Lee Loughner, L-O-U-G-H-N-E-R, birth date ██████████

17        I've checked:
18        On the premises known as ██████████████, a, um, a one story home made of
19        beige block and tan, with, uh, brown trim and the numbers ████ on the mailbox out front.
20        Uh, to include any outbuildings on the curtilage.

21        And I've also checked:
22        In the vehicles described as a green in color Chevy, license plate, Golf, Papa, November,
23        621, uh, last, uh, with a VIN number of 113279, Whiskey, 402651,

24        Uh, or any other vehicles located within the curtilage of the Soledad Avenue address or
25        within the garage.

26        Um, uh, the following property to-wit: Any firearms, firearm parts, holsters, gun cases,
27        ammunition, spent casings, gun cleaning kits, or firearm related paperwork or periodicals.
28        Can, can you still hear my, Your Honor?
29   A.    Yes.

30   Q.    Okay. Any cellular telephones or associated media and storage to include complete
31        forensic analysis and viewing of contents. Uh, any computers, hard drives, thumb drives,
32        disks, memory cards or computer associated storage and media to include forensic
33        analysis and viewing of contents. Uh, any notes, journals, ledgers, CD's, mu-, or movies.
34        Any writings or correspondence that would indicate participation, motive or preplanning
35        for this crime. Uh, any books, periodicals, uniforms, photographs or other paraphernalia
36        associated with extremism or anti-government movements. Uh, indicia of occupancy or

SEARCH WARRANT OF JARED LEE LOUGHNER, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
AND ALL VEHICLES – CASE #110108078                                                    2

1   ownership to include, but not limited to, bills, mail, photographs, writings, personal items
2   with names on them. Uh, complete set of physical characteristics on Jared Lee Loughner,
3   L-O-U-G-H-N-E-R, ▓▓▓▓▓ birth date, to include buccal cell swabs for DNA, major
4   case fingerprinting, photographing of subject. Uh, complete forensic processing of Jared
5   Lee Loughner, to include, but not limited to, collection of all clothing he is wearing,
6   processing for trace evidence such as swabbing of hands and person. And photographing
7   of person and future forensic analysis of all evidence obtained, uh, from his person or
8   other evidence, uh, gathered in this case

9   Uh, together with other fruits, instrumentalities and evidence of the crimes of:  Violation
10  of Arizona Homicide Laws.

11  As set for in this Affidavit, I, Deputy Hogan, Badge 1233, your Affiant, am a Peace
12  Officer in the State of Arizona.  I have been employed with the Pima County Sheriff's
13  Department since August 1998 and have the following training and experience.

14  I attended the Southern Arizona Law Enforcement Training Center Basic Academy, The
15  Pima County Sheriff's Department Advanced Academy, The Pima County Sheriff's
16  Department Detective Training Course.  I have attended numerous, uh, trainings within
17  the Department, uh, which we attend on, uh, annual basis several times a year from
18  various, uh, areas including crime scene processing, interview and interrogation, uh, and
19  current, uh, investigative procedures.  Uh, I've also been to training outside of the
    Department to include in, crime scene, uh, analysis and processing, interview and
    interrogation.  I've been, uh, with the Sheriff's Department since '98.  I worked for, on
22  street pa-, patrol for approximately three years on the South Side District, uh, making
23  arrests of vary, investigating all types of crimes, uh, up to and including homicides.  I
24  then became a Detective with the Sheriff's Department, where I worked with the
25  Domestic Violence Unit.  I then went to the Robbery/Assault Unit where I worked, uh,
26  any kind of robbery, home invasion, bank robbery, store robbery or shooting.  I then went
27  to the Homicide Unit.  Uh, I spent five years with the Homicide Unit, uh, investigating,
28  uh, over 100 to 125 homicides of various types, uh, where we in, uh, I have processed
29  multiple crime scenes, uh, conducted interviews and gathered and analysed evidence.  I
30  was then a member of the Fugitive Investigative Strike Team locating fugitives for
31  approximately a year and half and currently am back with the Homicide Unit.

32  I have obtained Search Warrants on numerous occasions in the past, including, uh,
33  regards to evidence requested, uh, to search for in this case.  And, uh, this evidence has
34  been, uh, used throughout the prosecution phase, uh, in various investigations.

35  I am investigating the crimes of Violation of Arizona Homicide Laws, which I believe to
36  have been committed on or about the 8th day of January, 2011 in Pima County, based
37  upon the following reasons:

38  Q.   Uh, can you still hear me okay, Your Honor?
39  A.   Yeah, I've got you, fine.

SEARCH WARRANT OF JARED LEE LOUGHNER, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
AND ALL VEHICLES – CASE #110108078                                                    3

Q.   Okay. On today's date, Saturday, January 8, 2011 at approximately 10:11 a.m., The
     Pima County Sheriff's Department began to received multiple 911 calls about a shooting
     situation at the Safeway Shopping Plaza at 7170 North Oracle Road, the southeast corner
     of Ina and Oracle. Uh, many of these calls indicated an active shooting situation and
     Patrol Deputy response was initiated.

     Un, Deputies arrived at, a extremely short time after the call was dispatched. Uh, when
     Deputies arrived in front of the Safeway, they encountered numerous victims in the case
     and found several civilians on top of and containing a male subject, later identified by
     Arizona driver's license, as Jared Lee Loughner, L-O-U-G-H-N-E-R, uh, ▓▓▓▓▓▓▓▓,
     target listed in this warrant.

     Deputies approached and were able to detain Mr. Loughner at the scene. Uh, multiple
     witnesses at the scene indicated Mr. Loughner had been armed with a handgun, uh,
     approach the Safeway and began shooting at people in front of the Safeway. A handgun
     was located by Deputies next to Mr. Loughner on the ground. And these witnesses also
     indicated, uh, Mr. Loughner had been armed with this specific gun when they tackled and
     disarmed him, holding him down until Deputies arrived.

     Uh, in Mr. Loughner's left front pocket, Deputies located two handgun magazines with
     rounds in them. And he was found to be wearing ear plugs at the time he was detained. I
     believe, uh, these, this is indication of preplanning and further indication, uh, that, uh,
     other evidence will be located.

     At the scene in front of the Safeway, multiple people were found to have been wounded.
     A triage of the injured had, was begun and several were transported to local hospitals.
     Uh, at the scene, five victims were pronounced deceased in front of the Safeway.
     Multiple spent cartridge casings were located in front of the Safeway and this scene is
     being processed. Other victims were transferred to hospitals and the outcome on their
     status is still pending.

     In Mr. Loughner's back pocket was located his Arizona driver's license. This license
     lists an address of ▓▓▓▓▓▓▓▓▓▓▓▓▓. Um, and this is the target address listed
     in, uh, this Warrant, Your Honor. Um, various computer checks have been done on Mr.
     Loughner and the address. He has listed this address as his home address on past
     contacts with the police.

     Deputies responded today to the Soledad address after the shooting and contacted Mr.
     Loughner's parents inside the home. They confirmed to Deputies that he does, indeed,
     live at that address at this time. He has a bedroom there and also has complete access to
     the home and yard and garage where there is a, uh, vehicle inside the garage. Uh, they
     also told Deputies the following facts:

     Uh, the morning of the shooting, earlier this morning, Mr. Loughner left the home in his
     green Chevy Nova listed in this Warrant. He came back some time later and the parents
     saw him removing a black bag or black backpack from the trunk of his Nova. He went

SEARCH WARRANT OF JARED LEE LOUGHNER, █████████████████
AND ALL VEHICLES -- CASE #110108078                                          4

1    inside the home and the parents tried to talk to Mr. Loughner in the home. He would not
2    talk to them. And he eventually took off running from the home north and then east. Uh,
3    the Safeway is east from Mr. Loughner's home. The pa-, uh, the description of him and
4    what he was wearing matches, uh, what he is wearing at the time he was detained at the
5    Safeway.

6    The parents state Mr. Loughner is known to maintain journals and writings inside the
7    home and these items should be in the house. Uh, he is also known to have a shotgun
8    that, at this time, is locked in the trunk of the car inside the garage. Specifically, I have
9    listed any other vehicles in the garage or curtilage, as we cannot obtain a plate or vehicle
10   at the time, uh, in the garage on this car. Uh, he is also known to use a cellular telephone
11   to communicate. Uh, he also has a computer in the home and, uh, which is currently
12   located in the kitchen and specifically, a video he recently made, may be on the
13   computer, per the parents. They described this as a video he made about the First
14   Amendment that, uh, caused him to be dismissed from Pima Community College. Uh, all
15   this may be evidence of preplanning, uh, of this incident.

16   Uh, computer checks on Mr. Loughner have determined the following: Uh, he has a past
17   contact with The Pima County Sheriff's Department where he was spray painting, uh,
18   extremist, ty-, extremist type symbols on a wall. He has had, also, had numerous recent
19   contacts with Pima Community College Police and Pima Community College officials.
20   These contacts indicate extreme behavior to the point that he was dismissed from the
     Pima Community College over the video he made about the First Amendment.

22   Um, a check over the Internet, after the shooting, by running Mr. Loughner's name, also
23   located a MySpace account in the name of Jared Loughner. This MySpace, uh, had anti-
24   government postings and specifically, earlier this morning, has a recent posting saying
25   goodbye. Uh, regarding cellular telephones and their analysis requested, based on my
26   training and experience, cellular telephones and their contents can contain evidence and
27   can be used to further an investigation. I have obtained and analysed cellular telephones
28   in the past and have located text messages, photographs and videos detailing crimes, uh,
29   their commission or their planning. This includes texts talking about crimes and
30   photograph taking in preparation for, uh, committing a crime.

31   In this case, there's a pattern of preplanning, uh, as I have indicated by the actions of Mr.
32   Loughner as well as other, uh, items. And the cell phone, cellular telephone, uh, use
33   would indicate evidence may be located on any phones we do find, uh, regarding
34   computers and associated items. Based on my training and experience, computers and
35   computer related storage and media can be, contain evidence and be used to further an
36   investigation.

37   I have seized and have analyzed computers in the past and evidence such as emails,
38   photographs and videos related to planning and commission of crimes has been located.
39   Also, specific to this incident, information already located on public areas of the Interset
40   (ph), Internet such as MySpace, indicates Mr. Loughner uses computers and any

SEARCH WARRANT OF JARED LEE LOUGHNER,
AND ALL VEHICLES -- CASE #110108078                                    5

1    computers located may contain evidence of this crime and it's planning. This is, uh,
2    supported by the statements of his parents and their observations of him in the home.

3    Also, I and the other Deputies and Agents involved, have had training and experience
4    dealing with extremist groups and extremist individuals. These individuals and groups
5    are known to educate themselves and communicate through the Internet. They are also
6    known to publish periodicals and often times create writings about their views and plans.
7    Uh, Mrs, Mr. Loughner's recent contacts and Police, with Police and school officials
8    indicate a pattern consistent with this type of extremism. Uh, the, uh, the also, the
9    statements of Mr. Loughner's parents, uh, regarding writings indicate, uh, there may be,
10   uh, such items in the home.

11   Regarding physical characteristics and forensic processing of Mr. Loughner, uh, multiple
12   witnesses have identified Mr. Loughner as the shooter in this situation. And scene
13   analysis and witness statements indicate he was close to the victims at the time of, he was
14   shooting. He was also eventually tackled and held down by victims in this case, one of
15   which, uh, at this time, we believe to have been wounded.

16   All this would indicate evidence may be located on his person or clothing. Evidence such
17   as the weapon and casings have also been located at the scene. These items may reveal
18   forensic evidence such as fingerprints and DNA. Obtaining physical characteristics from
19   Mr. Loughner will allow comparison to these items. Uh, as of the time of this Search
20   Warrant, Mr., uh, Loughner has not made a statement to the police.

21   Q.   Um, can you still hear me okay, Your Honor?
22   A.   I've got you.

23   Q.   Okay. Um, uh. Let's see. Based upon the preceding facts, I, Deputy Hogan, request that
24        a Telephone Search Warrant be issued. I also request that you consider this Affidavit and
25        incorporate it into the Warrant itself.

26   Q.   Uh, this concludes my Affidavit, Your Honor.
27   A.   All right. I will authorize the Warrant.

28   Q.   Okay. I will now read, verbatim, to you the Standard Arizona Duplicate Original Search
29        Warrant, State of Arizona. Is it okay if I just indicate which spaces I have checked?
30   A.   Yeah. I was gonna tell you, you can indicate only the ones you've checked. And you
31        can, um, incorporate the Affidavit by reference. You don't need to re-read that.

32   Q.   Okay. Thank you, Your Honor. Um.

33        **STANDARD ARIZONA DUPLICATE ORIGINAL SEARCH WARRANT**
34        **STATE OF ARIZONA, COUNTY OF PIMA, STATE OF ARIZONA**

35   To any peace officer in the State of Arizona:

SEARCH WARRANT OF JARED LEE LOUGHNER, ██████████████████
AND ALL VEHICLES – CASE #110108078                                                    6

1   Uh, proof of Affidavit having been made this date before me by Detective Chris Hogan,
2   PCSD, #1233, I am satisfied that there is probable cause to believe that:

3        __X__   On the persons of Jared Lee Loughner, ████████

4        __X__   On the premises known as ██████████████, one story home made
5        of beige block with brown trim. The numbers ███ on the mailbox out front.
6        To include any outbuildings on curtilage.

7        __X__   In the vehicles described as a green in color Chevy, license plate, Golf, Papa,
8        November, 621. The VIN is 113279, Whiskey, 402651,

9        __X__   Or any other vehicles in the garage or curtilage

10   In the County of Pima, State of Arizona, there is now being processed or concealed
11   certain property or things described as:  and I'm gonna read the list, Your Honor. Okay?
12   A.   That's fine.

13   Q.   Okay.
14   A.   Go ahead.

15   Any firearms, firearm parts, holsters, gun cases, ammunition, spent casings, gun cleaning
6   kits, or firearm related paperwork or periodicals.  Any cellular telephones or associated
7   meda-, media and storage, to include complete forensic analysis and viewing of contents.
18   Any computers, hard drives, thumb drives, disks, memory cards or computer associated
19   storage and media, to include forensic analysis and viewing of contents. Any notes,
20   journals, ledgers, CD's, movies, writings or correspondence that would indicate
21   participation, motive or preplanning for this crime. Uh, any books, uh, periodicals,
22   uniforms, photographs or other paraphernalia associated with extremism or anti-
23   government movements. Indicia of occupancy or ownership, to include, but not limited
24   to, bills, mail, photographs, writings, personal items with names on them.  Complete set
25   of physical characteristics on Jared Lee Loughner, ████████, to include buccal cell
26   swabs for DNA, major case fingerprints, photographing of subject.  Complete forensic
27   processing of Jared Lee Loughner, ████████ to include, but not limited to, collection
28   of all clothing he is wearing, processing for trace evidence such as swabbing of hands and
29   person, photographing of person and future forensic analysis of all evidence obtained.

30   **STANDARD ARIZONA DUPLICATE ORIGINAL SEARCH WARRANT**
31   **STATE OF ARIZONA**

32   Which property or things:

33   I've checked:
34        __X__   Were used as a means for committing a public offense.

35        __X__   Is being possessed with the intent to use it as a means of committing a public
36        offense.

SEARCH WARRANT OF JARED LEE LOUGHNER, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
AND ALL VEHICLES -- CASE #110108078                                              7.

1   I've checked:
2   __X__   Consists of any item or constitutes any evidence which tends to show that
3           a public offense has been committed, or tends to show that a particular person
4           committed the public offense.

5   I've checked:
6   __X__   In the daytime, excluding the time period between 10:00 p.m. and 6:30 a.m.

7   And I've checked:
8   __X__   And if you find the same or any part thereof, to retain such in your custody or in
9           the custody, uh, of the agency you represent, as provided by, uh, A.R.S. Section,
10          uh, 13-3920.

11  Return this Warrant to me within three (3) court business days after execution as directed
12  by A.R.S. Section 13-3918.

13  Given under my hand and dated this 8th day of January, 2010.

14  Q.   Um, how would you like me to sign your name, Your Honor?
15  A.   Christopher Browning.

16  Q.   Okay. And I'm gonna put Judge, uh, Pima County Superior Court. The time now is
17       approximately, um, 1550 hours. Uh, 1550 hours. And the date is Jan-, 1-8 of 2011. I'll
18       sign and have Detective sign. Can you hold on one second, Your Honor?
19  A.   Yeah. Did you say, you said January 8th, right?

20  Q.   Yeah.
21  A.   Oh, I thought you said January 1.

22  Q.   Yeah, today is January 8, 2011.
23  A.   Correct.

24  Q.   I signed. I dated it. And the time is 1550 hours.
25  A.   And you have the witness signing as well.

26  Q.   I am signing right now. And I'm having the witness, uh, sign right now. And can you
27       hold on one second while I turn off the tape recorder and check everything?
28  A.   Yeah.

29  Q.   Okay.
30  A.   Okay. Yes.

31  AFFIANT:                                    WITNESS:

32  __NOT REVIEWED_____      _____
33  DET. HOGAN                 #1233       DET. PARENTEAU              #1007

SEARCH WARRANT OF JARED LEE LOUGHNER, ███████████████
AND ALL VEHICLES – CASE #110108078                                    8

1       TRANSCRIBED BY:
2       ROSEMARY SANFORD, JANUARY 10, 2011

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

11 JAN 11  AM 10 02

ARIZONA SUPERIOR COURT, PIMA COUNTY

JUDGE: HON. CHRISTOPHER BROWNING            CASE NO.     11 SW 0026

                                                                            B. WANDELL, DEPUTY

DATE:                                                        January 11, 2011

IN RE THE MATTER OF:

10 SW 0026

---

# ORDER

**IN CHAMBERS:**

No parties are present.

**IT IS ORDERED** that the Warrant, Affidavit and Return be sealed until further order of the

Court.

_____
HON. CHRISTOPHER BROWNING

cc:

Clerk of Court - Criminal Desk

_____
Rhonda Lowery
Judicial Administrative Assistant

ORIGINAL

# IN THE SUPERIOR COURT
## COUNTY OF PIMA, STATE OF ARIZONA



FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT
11 JAN 11 AM 10:02

D. WANDELL, DEPUTY

State of Arizona

vs.

Jared Lee Loughner

Affidavit For Search Warrant Number _____ **11 SW 0026**

The undersigned, being first duly sworn and says that for the reasons set forth herein, he believes that:

On the person(s) of:

Jared Lee Loughner ███████

On the premises or building(s) known as:

████████    A one story home made of beige block with brown trim.  The numbers ███ on the mailbox out front.  To include any out building on curtilage.

In the vehicle(s) described as:

A green in color Chevy, with AZ license plate, GPN-621 with V.I.N. # 113279W402651 currently on ████████ or any other vehicles in the garage of the ████████ address or on curtilage.

That there is property, things or person(s) which:

_____ Property which was stolen or embezzled

__X__ Property used as a means of committing a public offense

__X__ Property or things in the possession of a person having the intent to use them as a means of committing a public offense

_____ Property or things in the possession of _____ which was delivered to him by _____ for the purpose of concealing it or preventing it from being discovered

__X__ Property or thing which constitutes any item of evidence which tends to show that a public offense has been committed or tends to show that a particular person committed the public

11 SW 0026

offense.

_____ Property to be searched and inspected by an appropriate official, to wit _____
in the interest of the public health, safety, or welfare as part of an inspection
program authorized by law

_____, who is the subject of an outstanding arrest warrant

That property, person(s), or thing is described as:

Any firearms, firearm parts, holsters, gun cases, ammunition, spent casings, gun cleaning kits, or
firearm related paperwork or periodicals.

Any cellular telephones or associated media and storage to include complete forensic analysis and
viewing of contents.

Any computers, hard drives, thumb drives, discs, memory cards, or computer associated storage
and media to include forensic analysis and viewing of contents.

Any notes ledgers, journals, writings, or correspondence that would indicate motive, participation
or planning of this crime
Any books, periodicals, uniforms, photographs or other paraphernalia associated with extremism
or anti government movements.

Indicia of occupancy or ownership to include but not limited to bills, mail, photographs, writings,
cameras, or video cameras. Any personal items with names on them that may indicate
occupancy or ownership.

Complete set of physical characteristics on Jared Lee Loughner ████████ to include buccal cell
swabs for D.N.A., major case fingerprinting, and photographing of subject.

Complete forensic processing of Jared Lee Loughner ████████ to include but not limited to
collection of all clothing he was or is wearing, processing for trace evidence such as
swabbing of hands and person and detailed photographing of person.

Future forensic analysis and processing of all evidence gathered

Any other fruits and instrumentalities of the crimes of violation of Arizona or Federal Homicide
Laws.

I Detective Hogan your affiant am a certified Peace Officer in the State of Arizona and
have the following training and experience. I have been with the Sheriff's department
since 1998. I attended the Southern Arizona Law Enforcement basic academy, the Pima
County Sheriff's Department Advanced basic academy, and the Pima County Sheriff's
Detective training course. I attend training through the department numerous times a year
on subjects such as crime scene processing, interview and interrogation, and legal updates.
I have attended training outside of the department in areas such as crime scene processing
and interview and interrogation. I worked on street patrol for approximately three years
investigating all types of crimes and then became a Detective. As a Detective I have worked
with the Domestic Violence Unit, the Robbery Assault Unit and the Fugitive Unit. I have
worked a total of approximately five and a half years as a homicide Detective and have

2

11 SW 0026

investigated over one hundred homicides with duties including processing crime scenes, interviewing witnesses and suspects, and obtaining search warrants. I have experience in searching cellular telephones and computers and the evidence that may be gathered from them. I have obtained search warrants on many occasions in the past and evidence from these warrants has been used throughout the investigative phase and prosecution phase.

Your Co Affiant Special Agent Terwilliger is a certified Peace Officer in Arizona and Federal Special Agent with the Federal Bureau of Investigation (FBI). She has all of the required training for both positions and has been a Special Agent since January 2004. She is currently assigned to the Violent Crimes squad in Tucson, Arizona, primarily working Assault of Federal Officer cases. She had previously worked on a Counterterrorism squad, which investigated domestic terrorism groups. She is also a member of the FBI Evidence Response Team which is responsible for collecting evidence at crime scenes, as well as documentation of the scene.

I believe that based on my experience, training, and investigation that the facts establishing probable cause for the issuance of this search warrant for the foregoing described property, person(s), location, and vehicles are as follows:

On Saturday January 8, 2011 at approximately 1011 am the Pima County Sheriff's Department received multiple 911 calls about a shooting situation at the Safeway shopping plaza at 7170 N Oracle Road, the southwest corner of Ina and Oracle. These calls indicated an active shooting situation and Patrol Deputy response was initiated.

When Deputies arrived at the front of the Safeway they encountered numerous victims and found several civilians on top of and detaining a male subject later identified by Arizona driver's license as Jared Lee Loughner ███████ target listed in this warrant. Deputies approached and were able to detain Mr. Loughner at the scene. Multiple witnesses at the scene indicated Mr. Loughner had been armed with a handgun and was shooting people in front of the Safeway. A handgun was located by Deputies on the ground next to Mr. Loughner and these witnesses indicated Mr. Loughner had been armed with this gun when they tackled and disarmed him. In Mr. Loughner's left front pocket Deputies located two handgun magazines with rounds in them and he was found to be wearing earplugs at the time he was detained. All of this indicates planning and the possibility of evidence in the locations in this warrant.

At the scene in front of the Safeway multiple people were found to have been wounded. Triage of the injured was begun and several were transported to local hospitals. At the scene five victims were pronounced deceased. Multiple spent cartridge casings were located in front of the Safeway and this scene is being processed.

In Mr. Loughner's back pocket was his Arizona Driver's License. This license lists an address of ███████████████ target location in this warrant. This address is on the north side of Tucson as is the Safeway. Various computer checks have been done on Mr. Loughner. He has listed this address as his home address on past contacts with the police. Deputies responded to the Soledad address and contacted Mr. Loughner's parents inside the home. They confirmed to the Deputies that he does live at that address. He has a bedroom there and also has complete access to the home and yard. They also told Deputies the following facts. The morning of the shooting Mr. Loughner left the home in his green

3

11 SW 0026

Chevy Nova listed in this warrant. He came back home and was seen removing a black bag or backpack from the trunk of the nova. The parents tried to talk to Mr. Loughner in the home and he took off running from the home North then East. The Safeway is East from Mr. Loughner's home. The parents state Mr. Loughner is known to maintain journals and writings and these items should be in the house. He has a shotgun that is in the trunk of the car inside their garage. He does use a cellular telephone to communicate. He also uses a computer in the home and specifically a video he recently made may be on the computer. This is a video about the the first amendment that he was dismissed from Pima Community College for producing.

Computer checks on Mr. Loughner have determined the following . He has a past contact with the Pima County Sheriff's Department where he was spray painting extremist type symbols on a wall. Mr. Loughner has also had numerous recent involvements with Pima Community College and their Police Department. These contacts indicate extreme behavior to the point that he was dismissed from the College over a video he made about the First Amendment. All of this is consistent with the parents statement.

A check over the internet after the shooting by running Mr. Loughner's name has also located a MySpace account in the name of Jared Loughner. This site has anti government postings on it and a recent post this morning saying goodbye.

Regarding Cellular Telephones and their Analysis
Based on my training and experience cellular telephones and their contents can contain evidence and can be used to further an investigation. I have obtained and analyzed cellular telephones and have located text messages, photographs, and videos detailing crimes. This includes texts talking about crimes and photographs taken in preparing for a crime. In this case there is a pattern of pre-planning as well as cellular telephone use that would indicate evidence may be located on any cellular telephones found.

Regarding Computers and Associated Items
Based on my training and experience computers and computer related storage and media can contain evidence and be used to further an investigation. I have seized and had analyzed computers in the past and evidence such as e-mails, photographs, and videos related to planning and commission of crimes has been located. Also specific to this incident information already located on public areas of the internet such as MySpace indicates Mr. Loughner uses computers and that any computers located may contain evidence of this crime and its planning.

Also I and the other Deputies and Agents involved have had training and experience dealing with extremist groups and extremist individuals. These individuals and groups are known to educate themselves and communicate through the internet. They are also known to publish periodicals and create writings about their views and plans. Mr. Loughner's recent contacts with Police and school officials indicate a pattern consistent with this type of extremism.

Regarding Physical Characteristics and Forensic Processing of Mr. Loughner
Multiple witnesses have identified Mr. Loughner as a shooter in this situation and scene analysis and witness statements indicate he was close to the victims at the time he was

4

11 SW 0026

shooting.  He was also eventually tackled and held down by victims in the case.  All of this would indicate evidence may be located on his person or clothing.  Evidence such as the weapon and casings have also been located at the scene.  These items may yield forensic evidence such as fingerprints and D.N.A..  Obtaining physical characteristics from Mr. Loughner will allow comparison to these items.

Not applicable or requested

Based on the above facts your affiant requests that a search warrant be issued with respect to the above described person(s), premises, or thing(s).

Detective Christopher Hogan #1233
Pima County Sheriff's Department

Special Agent Michelle Terwilliger
Federal Bureau of Investigation

Sworn before me this 8th day of January, 2011.

Judge of the Superior Court

5

# STANDARD ARIZONA INVENTORY, AFFIDAVIT, AND RETURN OF SEARCH WARRANT

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT
11 JAN 11

I, Detective Hogan #1233 of the Pima County Sheriff's Department, a law enforcement DEPUTY D. WANDELL sworn peace officer of the state of Arizona, being first duly sworn upon oath, deposes and says: That on the 8th day of January, 2011 I executed this search warrant,

Warrant Number:   **11 SW 0026**

issued by Judge Christopher Browning, of the Pima County Superior Court, and the following property/ evidence was seized:

1) Items on the attached Property Sheets

2) Major Case Print Cards on Jared Lee Loughner

3) Clothing from Jared Lee Loughner to include one fleece hoodie, one knit hat, one pair of pants, one t-shirt, one pair of sneakers, drivers license, Safeway receipt, credit/gift cards, and $93.01 in U.S. Currency.

4) Photographs Digitally Retained

I further certify that the foregoing inventory is a true and detailed account of all property taken pursuant to A.R.S. 13-3921. A copy of the warrant and receipt for all articles taken was left at ███████████ and a copy was given to Jared Lee Laugner.

Detective Christopher Hogan #1233
Pima County Sheriff's Department

This warrant returned, subscribed, and sworn to before me on this 11th day of January 2011.

_____   Judge of the Pima County Superior Court

FD-597 (Rev 8-11-94)                                                          Page _____ of _10_

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _89A-PX-86099_

# 11 SW 0026

On (date) _01/09/2011_

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) _Jared Loughner_

(Street Address) ████████████

(City) _Tucson_

Description of Item(s):

1) Enders Royal Service 12 Guage Double Barrel Shotgun Serial number 899918 - Item # 18 Location A (Garage)

2) Harrington + Richardson 12 Guage shotgun serial number HX217155 Topper Model 098 Item 18 Location A (Garage)

No Additional Items

01/09/2011

Received By: _____     Received From: _____
              (Signature)                                    (Signature)

FD-597 (Rev 8-11-94)                                                    Page 2 of 10

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File #   89B-PX-86099
                 A
                MLT

11 SW 0026

On (date)   01/09/2010 2011
                           MLT

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name)   Jared Loughner
                        out

(Street Address)   ▓▓▓▓▓▓▓▓, Tucson, Arizona

(City)   Tucson, Arizona

Room L

Description of Item(s):                              MLT

Item 2 - Court Documents of Jared Lougher
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Item 4 - Photo negatives

Item 5 - one (1) casing and six (6) live rounds of ammunition

Item 6 - Four (4) spent casings

Item 7 - United States History books

Item 8 - One (1) Notebook w/ writing

Item 9 - Drawings of weapons

Item 10 - Chase visa credit card - Jared L Loughner

Item 11 - Four (4) pieces of optical media

Item 12 - Chase account paperwork
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Item 14 - Journal

Item 15 - Letter found in Jared Lougher's Room

Item 16 - (22) pieces of optical media and one piece of paper w/

Item 17 - Black CD Holder w/ seven (7) pieces of optical media   typed writing

Item 18   MLT

Item 22 - Black CD Holder w/ thirty four (34) pieces of optical media
                                                                              MLT

Received By: _____   Received From: _____
                        (Signature)                                          (Signature)

FD-597 (Rev 8-11-94)

Page __3__ of __10__

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # _89A·PX-86099_

11 **SW** 0026

On (date) _1/9/11_

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☒ Seized

(Name) _Jared Loughner_

(Street Address) ████████████

(City) _Tucson_

Description of Item(s):

Item 19  Location A (Garage) - 116 rounds steel shot X-pert Winchester 12 Guage Ammunition, 3 rounds Federal steel shot 12 Guage Ammunition, 2 rounds Kent 12 Guage Ammunition

No Additional Items

01/00/2011

Received By: _____
(Signature)

Received From: _____
(Signature)

FD-597 (Rev 8-11-94)                                                              Page _4_ of _10_

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 89A-PX-86099                              11 ⬛0026

On (date) 01/08/2011

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name)  Jared Loughner

(Street Address)  ▓▓▓▓▓▓▓▓

(City)  Tucson

Description of Item(s):

Item 20  Location A (Garage) - 2 pictures, Song lyrics

No Additional Items

01/08/2011

Received By: _____     Received From: _____
                    (Signature)                                                (Signature)

FD-597 (Rev 8-11-94)

Page 5 of 60

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 89A-PX-86099

11 SW 0026

On (date) 1/9/11

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) Jared Loughner

(Street Address) ▓▓▓▓▓▓▓▓▓▓▓▓

(City) Tucson, AZ

Found by: Leroy Hoiland   Room: L

Description of Item(s): (21) (Contents of Safe) Letter from Gabrielle Giffords, Congress of the United States, to "Jared Loughner"; Regal R15LC Locking instructions for firearm w/ handwritten notes; Manila envelope ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ — outside of envelope has handwritten notes ▓▓▓▓▓, "priceless" "▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓ "I planned ahead! My Assassination Love — Jared — Giffords" "DT"; "Shrooms" magnet; red gun lock and keys (2); handwritten note; black plastic rod; handwritten note "What is Government if words don't have a meaning?" "by: Jared Loughner"; Eddie Bauer magnet; small orange and black pin/state (23) PNY Optima SD HC 4GB CARD - 0936WF4457B

Received By: _____ (Signature)   Received From: _____ (Signature)

Page 6 of 10

FD-597 (Rev 8-11-94)

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 89A-PX-86099

11 MW 0026

On (date) 1/9/11

item(s) listed below were:
- [ ] Received From
- [ ] Returned To
- [ ] Released To
- [x] Seized

(Name) Jared Loughner

(Street Address) ████████████████████

(City) Tucson, AZ

Found by: Diane Tolhurst   Room # F

Description of Item(s): (#24) (24) Three (3) notebooks containing computer printouts and handwritten notes (25), handwritten notes, photographs and negatives, sketch pad containing sketches, notepad containing notes. (26) Phone cards (2) for Net10, handwritten notes, Amendment printout, Constitution printout, applications for employment, (30) CD "Behemoth Evangelion" and (2) Red Floppy disks (27) White plastic box containing: 8-CDR's, CDs (commercial), CD cases

eight (8)

Last item

Received By: _____ (Signature)   Received From: _____ (Signature)

FD-597 (Rev 8-11-94)

Page 7 of 10

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # 89A-PX-86099

11 W 0026

On (date) 01/09/2011

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) Jared Loughner

(Street Address) ▓▓▓▓▓▓▓▓▓▓▓▓

(City) Tucson

Description of Item(s):

| | |
|---|---|
| 27 | 1 roll of film located in Rm. N |
| 28 | 1 roll of film located in RM Q |
| 29 | 3 rolls of film located in Rm Q |
| 30 | 9 VHS tapes located in RM Q |
| 31 | 8 music CD's located in Rm Q |
| 32 | Piece of paper with various phone numbers/names Q |
| 33 | 1 generic computer located in Rm N |
| 34 | 4 page document titled "False Reality" - Rm N |
| 35 | 1 JVC Everio video camera Rm N serial GZ-MS120BU |
| 36 | 1 red notebook containing poems in Rm N |
| 37 | 1 Nikon Cool Pix 5600 ser: 30465051 w/ Blk case Rm N |
| 38 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 39 | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 40 | CHASE BANK STATEMENTS FOR JARED LOUGHNER |

Received By: _____ (Signature)

Received From: _____ (Signature)

FD-597 (Rev 8-11-94)                                                    Page  8  of  1D

### UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File #  59A-PX-86099

# 11 SW 0026

On (date)  1/9/11

item(s) listed below were:
☐ Received From
☐ Returned To
☐ Released To
☐ Seized

(Name)  Jared Laughner

(Street Address)  ▮▮▮▮▮▮▮▮▮▮▮

(City)  Tucson, AZ

Found by: Leroy Holland        Room: F

Description of Item(s):  (41) HP  RT3090, Computer S/N: 4CE0261OFJ
model number: p6510f

last item

Received By: _____     Received From: _____
              (Signature)                                    (Signature)

FD-597 (Rev 8-11-94)

Page 9 of 10

## UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

File # 89A-PX-86099

11 MW 0026

On (date) 01/08/2011

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☒ Seized

(Name) _____ Jared Loughner

(Street Address) ██████████   TUCSON Az

(City) Tucson

Description of Item(s) (42) Uniden telephone and answering machine
BF4095827B

last item

Received By: ___(Signature)___   Received From: _____ (Signature)

FD-597 (Rev 8-11-94)                                              Page  10  of  10

## UNITED STATES DEPARTMENT OF JUSTICE
### FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File #  89A-PX-86099                                    11 SW 0026

On (date)   1/9/11

item(s) listed below were:
- ☐ Received From
- ☐ Returned To
- ☐ Released To
- ☑ Seized

(Name)  Jared Loughner

(Street Address)  ████████ ████████

(City)  Tucson, AZ

Room G

Description of Item(s):  #43 - Pima County College, complaint form and approximate "11" page essay.

Nothing follows

Received By: _____        Received From: _____
                   (Signature)                                              (Signature)

11 SW 0026

## Pima County Sheriff's Department
### 1750 E. Benson Highway – Tucson, AZ 85714
### Evidence Control Form

| | | | | EVIDENCE TECHNICIAN USE ONLY |
|---|---|---|---|---|
| ☑ Felony   ☐ Civil | | | | |
| ☑ Misdemeanor | | | | |
| UCR Code: 0101 | | | | |
| Form #:        of | | | | |

### Please Print Entire Form Clearly

| Location Data | Location Address Found or Received | Received by Deputy (Name & Badge) | Time: | Date: |
|---|---|---|---|---|
| | 1750 E. Benson Hwy | Preuss 1075 | 2000 | 1-8-11 |
| Placed into evidence by (Name & Badge): | | Time: | Date: | District: | Locker #: |

| Citizen / Finder | Citizen's Name: | Citizen's Address (Include City, State and Zip Code): | | Telephone: |
|---|---|---|---|---|
| Case Deputy / Badge #: | Torin | District/CID Unit: CID / ? | | Business Phone |

| | Last Name / Business | First Name | M.I. | D.O.B. | Home Phone | Business Phone |
|---|---|---|---|---|---|---|
| Owner | | | | | | |
| | Street Address: | | City: | State: | Zip: | |

| ☑ Suspect ☐ Arrestee | Last Name: | First Name: | M.I. | ☐ Adult ☑ Juvenile | Date of Birth |
|---|---|---|---|---|---|
| ☐ Suspect ☐ Arrestee | Last Name: | First Name: | M.I. | ☐ Adult ☑ Juvenile | Date of Birth |

Special Instructions – Provide Item # for Each Instruction (e.g. KEEP FROZEN, BIO-HAZARD, FLAMMABLE, etc.)

Use a separate Evidence Control Form for each Item type or each owner

Type (check one only)   ☑ Evidence   ☐ Found Property   ☐ Safekeeping

| Item | Qty | Serial Number | Description |
|---|---|---|---|
| | | | SWABS – RIGHT CHEEK |
| | | | SWABS – LEFT CHEEK |
| | | | SWABS – LEFT HAND FINGERS |
| | | | SWABS – LEFT HAND BACK |
| | | | SWABS – LEFT HAND PALM |
| | | | SWABS – RIGHT HAND BACK |
| | | | SWABS – RIGHT HAND PALM |
| | | | SWABS – RIGHT HAND FINGERS |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Distribution to:   White – Evidence   Blue – Records   Pink – CID/Deputy   Goldenrod – Citizen Receipt

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

11 JAN 19   AM 10: 28

D. WANDS___ DEPUTY

ARIZONA SUPERIOR COURT, PIMA COUNTY

JUDGE: HON. CHRISTOPHER BROWNING          CASE NO.   11 SW 0040

DATE:                                     January 19, 2011

IN RE THE MATTER OF:

11 SW 0040

---

# ORDER

**IN CHAMBERS:**

No parties are present.

**IT IS ORDERED** that the Warrant, Affidavit and Return be sealed until further order of the

Court.

HON. CHRISTOPHER BROWNING

cc:

Clerk of Court - Criminal Desk

6-10-09

Rhonda Lowery
Judicial Administrative Assistant

## In The Superior Court, County of Pima, State of Arizona
[Federal Search Warrant Presented to State Court Judge Pursuant to Fed. R. Crim. P. 41(b)(1)]

In the Matter of the Search of Electronic
Evidence Seized Pursuant to Search
Warrant for ▓▓▓▓▓▓▓▓▓▓▓,
Tucson, Arizona

CASE NUMBER:

## SEARCH AND SEIZURE WARRANT

**TO:**   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the
following person or property located in the District of Arizona:

### See Attachment A, incorporated by reference
(The affidavit in support of this Search Warrant is herein incorporated by reference.)

The person or property to be searched, described above, is believed to conceal:

### See Attachment B, incorporated by reference

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or
property.

**YOU ARE COMMANDED** to execute this warrant on or before January 26, 2011, although
examination of the contents can continue after that date.  Fed. R. Crim. P. 41(e).
( ) in the daytime 6:00 a.m. to 10 p.m.     (X) at any time in the day or night as I find reasonable cause has been
established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken
to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the
place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an
inventory as required by law and promptly return this warrant and inventory to Pima County Superior Court Judge
Christopher Browning.

Issued Pursuant to
Fed. R. Crim. P. 41
(b)(1).  Date and time:   January 12, 2011  Time: _____

_____
Judge's Signature

City and state: _____Tucson, Arizona_____     Pima County Superior Court
The Hon. Christopher Browning

Case 4:11-cr-00187-LAB    Document 87-3 *SEALED*    Filed 02/10/11    Page 3 of 33

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

## RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
|  | 01/12/2011  1:15 PM |  |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

1) ONE HP RT3090 COMPUTER, SERIAL NUMBER 4CE02610FJ, containing a 750 GB HARD DRIVE

2) ONE ULTRAMEDIA COMPUTER TOWER, ID. NUMBER 004989, containing a 40 GB hard drive

3) One PNY Optima SDHC4GB memory card, Serial Number 944F421

4) Four (4) photo CDs

5) Two (2) 3.5 Floppy diskettes, Red in color

6) One K Hypermedia CDR

7) One Nikon COOLPIX E5600, SERIAL NUMBER 30455051, and

8) ONE 256 MB SANDISK SD CARD

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:    01/19/2011

_Executing officer's signature_

SA DANIEL MARIE DUMAS
_Printed name and title_

This warrant returned, subscribed, and sworn to before me on this 19th day of January 2011.

Hon. Christopher Browning

## ATTACHMENT A

The items to be searched were obtained from the premises of ██████████ in Tucson, Arizona, pursuant to the search warrant in Attachment C. The items to be searched are:

 i.  One HP RT3090 Computer, Serial Number 4CE02610FJ, containing a 750 GB hard drive

 ii.  One Ultramedia Computer Tower, ID Number 004989, containing a 40 GB Hard Drive

 iii.  One PNY Optima SDHC4GB memory card, Serial Number 944F421

 iv.  Four (4) photo CDs

 v.  Two (2) 3.5 Floppy Diskettes, Red in Color

 vi.  One K Hypermedia CD-R

 vii.  One Nikon Coolpix E5600, Serial Number 30455051

 viii.  One 256 MB Sandisk SD Card

## ATTACHMENT B

1.      All records, contained in the devices identified in Attachment A (hereinafter "Devices"), that relate to violations of the statutes listed on the warrant and involve Jared Lee Loughner, the suspect, including:

      a.   any information recording Loughner's schedule or travel;

      b.   all bank records, checks, credit card bills, account information, trusts, wills and other financial records;

      c.   Maps, exit routes and related records pertaining in Tucson, Arizona, and surrounding regions;

      d.   Any and all records associated with the activities and interests of Congresswoman Giffords and her staff and associates, and members of the federal and local government;

      e.   Any and all communications to and from Congresswoman Giffords or her staff and the subject, and to and from the subject and any federal, state, county or local public official;

      f.   Any and all records and information relating to his education, including educational institutions attended, any disciplinary history and any related educational information.

      g.   Any and all records associated with the purchase, acquisition or use of firearms, ammunition or other incendiary or explosive devices;

h.   Calendars, contact lists, telephone records, diaries, personal journals and related records;

i.   Records of prescriptions, medical treatment, and physical and mental condition;

j.   Any notes, ledgers, journals, internet caches, writings, correspondence or other records that would indicate motive, participation or planning of the charged crimes;

k.   Any books, periodicals, photographs or other paraphernalia associated with extremism or anti-government movements; and

l.   Indicia of occupancy or ownership of the premises located at ██████████ ██████ to include bills, mail, photographs, writings or videos.

2.   For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, "DEVICE") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

a.   evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b.   evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence

of the presence or absence of security software designed to detect malicious

software;

c.   evidence of the lack of such malicious software;

d.   evidence of the attachment to the DEVICE of other storage devices or similar

containers for electronic evidence;

e.   evidence of counter-forensic programs (and associated data) that are designed to

eliminate data from the DEVICE;

f.   evidence of the times the DEVICE was used;

g.   passwords, encryption keys, and other access devices that may be necessary to

access the DEVICE;

h.   documentation and manuals that may be necessary to access the DEVICE or to

conduct a forensic examination of the DEVICE;

i.   contextual information necessary to understand the evidence described in this

attachment.

3.   Records and things evidencing the use of the Internet, including:

a.   routers, modems, and network equipment used to connect computers to the

Internet;

b.   records of Internet Protocol addresses used;

c.  records of Internet activity, including firewall logs, caches, browser history and

cookies, "bookmarked" or "favorite" web pages, search terms that the user

entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items

of evidence in whatever form and by whatever means they may have been created or stored,

including any form of computer or electronic storage (such as hard disks or other media that can

store data); any handmade form (such as writing, drawing, painting); any mechanical form (such

as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides,

negatives, videotapes, motion pictures, or photocopies).

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

JAN 19 2011 24

D. WANDELL, DEPUTY

# In The Superior Court, County of Pima, State of Arizona

[Federal Search Warrant Presented to State Court Judge Pursuant to Fed. R. Crim. P. 41(b)(1)]

In the Matter of the Search of Electronic
Evidence Seized Pursuant to Search
Warrant for ███████████,
Tucson, Arizona

CASE NUMBER:

## 11 SW 0040

## Application for a Search Warrant

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the District of Arizona:

### See Attachment A, incorporated by reference

The person or property to be searched , described above, is believed to conceal:

### See Attachment B, incorporated by reference

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):

    (X) evidence of a crime;
    (X) contraband, fruits of crime, or other items illegally possessed;
    (X) property designed for use, intended for use, or used in committing a crime;
    ( ) a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of 18 U.S.C. §§ 351(c), 1111, 1113, and 1114, and the application is based on these facts:

### See Attached Affidavit in Support of Search Warrant, incorporated by reference

☐   Delayed notice of _____ days (give exact ending date if more than 30 days:) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Authorized by AUSA _____

_____
Applicant's signature

**Danica Dudas, Special Agent, FBI**
Printed name and title

Sworn to before me and signed in my presence pursuant to Fed. R. Crim. P. 41(b)(1)

Date:   **January 12, 2011**

_____
Judge's signature

**Hon. Christopher Browning, Judge**
**Pima County Superior Court**
Printed name and title

City and state:   **Tucson, Arizona**

FILED
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

11 JAN 19 AM 10: 24

D. WANDELL, DEPUTY

IN THE MATTER OF THE SEARCH OF
ELECTRONIC EVIDENCE SEIZED
PURSUANT TO SEARCH WARRANT FOR
██████████████████ CURRENTLY
LOCATED AT FEDERAL BUREAU OF
INVESTIGATION, 1 SOUTH CHURCH
AVENUE, SUITE 600

Case No. ___11 SW 0040

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION UNDER RULE 41 FOR A
## WARRANT TO SEARCH AND SEIZE

I, Danica Dudas, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the devices identified in Attachment A.  These devices are::

1) One HP RT3090 Computer, Serial Number 4CE02610FJ, containing a 750 GB hard drive

2) One Ultramedia Computer Tower, ID Number 004989, containing a 40 GB Hard Drive

3) One PNY Optima SDHC4GB memory card, Serial Number 944F421

4) Four (4) photo CDs

5) Two (2) 3.5 Floppy Diskettes, Red in Color

6) One K Hypermedia CDR

7) One Nikon Coolpix E5600, Serial Number 30455051, and

8) One 256 MB Sandisk SD Card,

hereinafter "Devices," which are currently stored, in law enforcement possession, at the above FBI address, for certain things particularly described in Attachment B.

11 SW 0040

2.     I am a Special Agent with the FBI, and have been since March 2010. I have received training in computers, computer technology, digital evidence, and the use of such evidence in criminal prosecutions. I have worked violent crime cases as an FBI agent, including violent crimes against federal officers. I am familiar with the types of evidence that can be found on electronic devices, such as the items listed in Attachment B, and the devices listed in Attachment A. When I was a state trooper in Pennsylvania, I worked on investigations involving child pornography, which included evidence discovered on computers. In addition to being a federal law enforcement officer for purposes of Fed. R. Crim. P. 41, I am cross-designated as a peace officer in Arizona.

3.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

4.     On January 8, 2011, Pima County Superior Court Judge Christopher Browning authorized the search of the premises of ███████████████████, in Tucson, Arizona. (Attachment C.) The search warrant authorized the search and seizure of items including "[a]ny computers, hard drives, thumb drives, discs, memory cards, or computer associated storage and media to include forensic analysis and viewing of contents." (Attachment C.) For purposes of this search and seizure warrant concerning the Devices, I incorporate the probable cause set forth in the search warrant affidavit and warrant at Attachment C, and provide the following correction to a fact in that warrant affidavit: On page 4 of the affidavit for search warrant, it states that "He has a past contact with the Pima County Sheriff's Department where he was spray painting extremist type symbols on a wall." This contact was actually with the Marana Police

11 SW 0040

Department. In addition to the probable cause set forth in Attachment C, I am providing the following additional facts: The current suspect in this case, Jared Lee Loughner, received a letter generated from Member of Congress Gabrielle Giffords' office in Tucson, Arizona, in 2007, according to a member of Giffords' staff in Tucson. The 2007 letter was generated from a sign-in sheet bearing the name "Jared Lee Loughney," signed at a "Congress on your Corner" event in 2007, and the letter was sent to ▓▓▓▓▓▓▓▓▓▓▓▓▓, in Tucson, Arizona, the location that was searched pursuant to the warrant in Attachment C. Loughner posted messages and several videos on social networking sites, such as MySpace and You Tube. He also posted a farewell message on his MySpace profile, while a video in his YouTube profile stated it was his "farewell." Loughner further posted a picture in his MySpace profile of a Glock pistol laying on a U.S. history book, and that weapon appears to be similar to the weapon used in the shootings that are the subject of the current federal charges against Loughner in this matter.

5.     The Devices are currently in the lawful possession of the FBI at 1 South Church Avenue, Suite 600, Tucson, Arizona, 85701. The Devices came into the FBI's possession in the following way: When the warrant in Attachment C was executed, various items of electronic media were seized, including the items listed as the Devices in Attachment A. The FBI was part of the team that executed the search warrant, and Devices in Attachment A were seized and transported to the FBI office in Tucson. Pursuant to that search warrant, the Devices in Attachment A, numbers 1, 2, 4, 5, 6, 7, 8, were mirror-imaged, which is a forensic process of creating a duplicate copy. However, the contents have not been analyzed. The PNY card in Attachment A, number 3, has been mirror-imaged and processed by forensic software, but the contents have not been viewed. While the FBI believes it has all necessary authority to search the Devices in Attachment A based on the warrant in Attachment C, the FBI seeks this additional

11 MW 0040

warrant out of an abundance of caution to be certain that a search of the Devices will comply with the Fourth Amendment and other applicable laws.

6.      The Devices in Attachment A are located at the FBI at 1 South Church Avenue, Suite 600, Tucson, Arizona, 85701.  In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the FBI.

7.      The forensic and other searching of computers and electronic media often requires the use of programs that may take many hours to execute, including during the nighttime hours, and for that reason, I also request authorization to conduct the search and examination of the Devices during the day and night.  In my experience, and considering the nature of the evidence seized and the current investigation, the examination of the Devices will take a significant period of time.

## TECHNICAL TERMS

8.      Based on my training and experience, I use the following technical terms to convey the following meanings:

     a.   IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet.  An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178).  Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination.  Most Internet service providers control

11 W 0040

a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

b. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

c. Storage medium: A storage medium is any physical object upon which computer data can be recorded. Examples include hard disks, floppy disks, flash memory, CD-ROMs, DVDs, SD cards, DVRs, digital cameras, and several other types of magnetic or optical media not listed here.

## ELECTRONIC DEVICES AND STORAGE

9. As described above and in Attachment B, this application seeks permission to search and seize things that the Devices might contain, in whatever form they are stored. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Even when a user deletes information from a device, it can sometimes be recovered with forensics tools. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

10. I submit that the records identified in Attachment B will be stored on the identified computers or other storage medium, for at least the following reasons:

11 SW 0040

a.  Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet.  Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools.  This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.  Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten.  In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.  Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it.  To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files.  Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

11 SW 0040

d.  Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

11.     As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on the identified devices because:

a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active.  Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.  Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.  Forensic evidence on a computer or storage medium can also indicate who has used or controlled the computer or storage medium.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a

11 SW 0040

search warrant at a residence. For example, registry information, configuration files, user profiles, e-mail, e-mail address books, "chat," instant messaging logs, photographs, the presence or absence of malware, and correspondence (and the data associated with the foregoing, such as file creation and last-accessed dates) may be evidence of who used or controlled the computer or storage medium at a relevant time.

c.   A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d.   The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.   Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence

11 SW 0040

of counter-forensic programs or anti-virus programs (and associated data) may be
relevant to establishing the user's intent.

12. Searching storage media for the evidence described in the attachments may require a
range of data analysis techniques. In most cases, a thorough search for information
stored in storage media often requires agents to seize most or all electronic storage
media and later review the media consistent with the warrant. In lieu of seizure, it is
sometimes possible to make an image copy of storage media. Generally speaking,
imaging is the taking of a complete electronic picture of the computer's data,
including all hidden sectors and deleted files. Either seizure or imaging is often
necessary to ensure the accuracy and completeness of data recorded on the storage
media, and to prevent the loss of the data either from accidental or intentional
destruction. This is true because of the following:

a. The nature of evidence. As noted above, not all evidence takes the form of
documents and files that can be easily viewed on site. Analyzing evidence of
how a computer has been used, what it has been used for, and who has used it
requires considerable time, and taking that much time on premises could be
unreasonable. As explained above, because the warrant calls for forensic
electronic evidence, it is exceedingly likely that it will be necessary to
thoroughly search storage media to obtain evidence, including evidence that is
not neatly organized into files or documents. Just as a search of a premises for
physical objects requires searching the entire premises for those objects that
are described by a warrant, a search of this premises for the things described
in this warrant will likely require a search among the data stored in storage

11 SW 0040

media for the things (including electronic data) called for by this warrant.
Additionally, it is possible that files have been deleted or edited, but that
remnants of older versions are in unallocated space or slack space. This, too,
makes it exceedingly likely that in this case it will be necessary to use more
thorough techniques.

b. The volume of evidence. Storage media can store the equivalent of millions
of pages of information. Additionally, a suspect may try to conceal criminal
evidence; he or she might store it in random order with deceptive file names.
This may require searching authorities to peruse all the stored data to
determine which particular files are evidence or instrumentalities of crime.
This sorting process can take weeks or months, depending on the volume of
data stored, and it would be impractical and invasive to attempt this kind of
data search on-site.

c. Technical requirements. Computers can be configured in several different
ways, featuring a variety of different operating systems, application software,
and configurations. Therefore, searching them sometimes requires special
forensic tools.

## CONCLUSION

13. I submit that this affidavit, as well as the probable cause in Attachment C
incorporated herein, supports probable cause for a warrant to search the Devices
identified in Attachment A and to seize the items described in Attachment B.

11 SW 0040

14. Pursuant to Rule 41(b)(1), Federal Rules of Criminal Procedure, this federal search warrant is being presented to a judge of the state court of record (Pima County Superior Court Judge in Arizona) because no federal magistrate judge with authority in the District of Arizona is reasonably available at this time. To the affiant's knowledge, the entire federal bench in Southern Arizona in the District of Arizona has been recused from this case, <u>United States v. Jared Lee Loughner,</u> and it is anticipated at this time that the remainder of the federal bench in the District of Arizona will be recused. The government was advised by a federal magistrate in the District of Arizona that state court judges are available to approve this warrant. For this reason, your affiant asks this Court to authorize this federal search warrant pursuant to Fed. R. Crim. P. 41(b)(1).

15. In addition, I respectfully ask that this warrant and any return be sealed until further of this Court.

Respectfully submitted,

DANICA DUDAS
Special Agent, FBI

Subscribed and sworn to before me on January 12, 2011, pursuant to Federal Rule of Criminal Procedure 41(b)(1). I further order that this search and seizure warrant and the original search warrant reflected in Attachment C be sealed until this warrant is returned.

THE HON. CHRISTOPHER BROWNING
JUDGE
PIMA COUNTY SUPERIOR COURT

11 SW 0040

## ATTACHMENT A

The items to be searched were obtained from the premises of ▓▓▓▓▓▓▓▓▓▓▓▓▓ in

Tucson, Arizona, pursuant to the search warrant in Attachment C.  The items to be searched are:

    i.   One HP RT3090 Computer, Serial Number 4CE02610FJ, containing a 750 GB hard drive

    ii.   One Ultramedia Computer Tower, ID Number 004989, containing a 40 GB Hard Drive

    iii.   One PNY Optima SDHC4GB memory card, Serial Number 944F421

    iv.   Four (4) photo CDs

    v.   Two (2) 3.5 Floppy Diskettes, Red in Color

    vi.   One K Hypermedia CD-R

    vii.   One Nikon Coolpix E5600, Serial Number 30455051

    viii.   One 256 MB Sandisk SD Card

11 SW 0040

## ATTACHMENT B

1.      All records, contained in the devices identified in Attachment A (hereinafter "Devices"), that relate to violations of the statutes listed on the warrant and involve Jared Lee Loughner, the suspect, including:

    a.  any information recording Loughner's schedule or travel;

    b.  all bank records, checks, credit card bills, account information, trusts, wills and other financial records;

    c.  Maps, exit routes and related records pertaining in Tucson, Arizona, and surrounding regions;

    d.  Any and all records associated with the activities and interests of Congresswoman Giffords and her staff and associates, and members of the federal and local government;

    e.  Any and all communications to and from Congresswoman Giffords or her staff and the subject, and to and from the subject and any federal, state, county or local public official;

    f.  Any and all records and information relating to his education, including educational institutions attended, any disciplinary history and any related educational information.

    g.  Any and all records associated with the purchase, acquisition or use of firearms, ammunition or other incendiary or explosive devices;

11 SW 0040

h. Calendars, contact lists, telephone records, diaries, personal journals and related records;

i. Records of prescriptions, medical treatment, and physical and mental condition;

j. Any notes, ledgers, journals, internet caches, writings, correspondence or other records that would indicate motive, participation or planning of the charged crimes;

k. Any books, periodicals, photographs or other paraphernalia associated with extremism or anti-government movements; and

l. Indicia of occupancy or ownership of the premises located at ▓▓▓▓▓▓▓ ▓▓▓▓▓ to include bills, mail, photographs, writings or videos.

2. For any computer, computer hard drive, or other physical object upon which computer data can be recorded (hereinafter, "DEVICE") that is called for by this warrant, or that might contain things otherwise called for by this warrant:

a. evidence of who used, owned, or controlled the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the DEVICE, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence

11 SW 0040

of the presence or absence of security software designed to detect malicious

software;

c.   evidence of the lack of such malicious software;

d.   evidence of the attachment to the DEVICE of other storage devices or similar

containers for electronic evidence;

e.   evidence of counter-forensic programs (and associated data) that are designed to

eliminate data from the DEVICE;

f.   evidence of the times the DEVICE was used;

g.   passwords, encryption keys, and other access devices that may be necessary to

access the DEVICE;

h.   documentation and manuals that may be necessary to access the DEVICE or to

conduct a forensic examination of the DEVICE;

i.   contextual information necessary to understand the evidence described in this

attachment.

3.   Records and things evidencing the use of the Internet, including:

a.   routers, modems, and network equipment used to connect computers to the

Internet;

b.   records of Internet Protocol addresses used;

11 ▮▮ 0040

   c.  records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

ORIGINAL

ATTACHMENT C

# 11 SW 0040

FILED

IN THE SUPERIOR COURT

CLERK SUPERIOR COURT

COUNTY OF PIMA, STATE OF ARIZONA

11 JAN 11  AM 11 02

|  |  |
|---|---|
| State of Arizona | D. WANDELL, DEPUTY |
| vs. | |
| Jared Lee Loughner | |

Search Warrant Number _____ 11 SW 0026

TO: Any Peace Officer in the state of Arizona:

Proof by affidavit having been made this day before me by Detective Christopher Hogan #1233 of the Pima County Sheriff's Department, that there is probable cause to believe that herein incorporated by reference:

On the person(s) of:

Jared Lee Loughner (▇▇▇▇▇▇▇)

On the premises or building(s) known as:

▇▇▇▇▇▇▇▇▇▇▇▇   A one story home made of beige block with brown trim.  The numbers ▇▇▇ on the mailbox out front.  To include any out building on curtilage.

In the vehicle(s) described as:

A green in color Chevy, with AZ license plate, GPN-621 with V.I.N. # 113279W402651 currently on ▇▇▇▇▇▇, or any other vehicles in the garage of the ▇▇▇▇▇▇▇ address or on curtilage.

There is according to A.R.S. 13-3912, that property, person(s), or thing(s) described as:

Any firearms, firearm parts, holsters, gun cases, ammunition, spent casings, gun cleaning kits, or firearm related paperwork or periodicals.

Any cellular telephones or associated media and storage to include complete forensic analysis and viewing of contents.

Any computers, hard drives, thumb drives, discs, memory cards, or computer associated storage and media to include forensic analysis and viewing of contents.

Any notes ledgers, journals, writings, or correspondence that would indicate motive, participation or planning of this crime

Case 4:11-cr-00187-LAB   Document 87-3 *SEALED*   Filed 02/10/11   Page 27 of 33

11 SW 0040

11 SW 0026

Any books, periodicals, uniforms, photographs or other paraphernalia associated with extremism or anti government movements.

Indicia of occupancy or ownership to include but not limited to bills, mail, photographs, writings, cameras, or video cameras. Any personal items with names on them that may indicate occupancy or ownership.

Complete set of physical characteristics on Jared Lee Loughner ████████ to include buccal cell swabs for D.N.A., major case fingerprinting, and photographing of subject.

Complete forensic processing of Jared Lee Loughner ████████ to include but not limited to collection of all clothing he was or is wearing, processing for trace evidence such as swabbing of hands and person and detailed photographing of person.

Future forensic analysis and processing of all evidence gathered

Which property or things are:

_____ Property which was stolen or embezzled

__X__ Property used as a means of committing a public offense

__X__ Property or things in the possession of a person having the intent to use them as a means of committing a public offense

_____ Property or things in the possession of _____ which was delivered to him by _____ for the purpose of concealing it or preventing it from being discovered

__X__ Property or thing which constitutes an item of evidence which tends to show that a public offense has been committed or tends to show that a particular person committed the public offense.

_____ Property to be searched and inspected by an appropriate official, to wit _____ in the interest of the public health, safety, or welfare as part of an inspection program authorized by law

_____, who is the subject of an outstanding arrest warrant

11  0040

FILED.
PATRICIA A. NOLAND
CLERK, SUPERIOR COURT

# IN THE SUPERIOR COURT

11 JAN 11  AM 10: 02

## COUNTY OF PIMA, STATE OF ARIZONA

D. WANDELL, DEPUTY.

State of Arizona

vs.

Jared Lee Loughner

**Affidavit For Search Warrant Number** _11 SW 0026_

The undersigned, being first duly sworn and says that for the reasons set forth herein, he believes that:

On the person(s) of:

Jared Lee Loughner ██████████

On the premises or building(s) known as:

████████████  A one story home made of beige block with brown trim.. The numbers 7741 on the mailbox out front.  To include any out building on curtilage.

In the vehicle(s) described as:

A green in color Chevy, with AZ license plate, GPN-621 with V.I.N. # 113279W402651 currently on ███████, or any other vehicles in the garage of the ███████address or on curtilage.

That there is property, things or person(s) which:

____ Property which was stolen or embezzled

_X_ Property used as a means of committing a public offense

_X_ Property or things in the possession of a person having the intent to use them as a means of committing a public offense

____ Property or things in the possession of _____ which was delivered to him by _____ for the purpose of concealing it or preventing it from being discovered.

_X_ Property or thing which constitutes any item of evidence which tends to show that a public offense has been committed or tends to show that a particular person committed the public

11 SW 0040

11 SW 0026

offense.

_____ Property to be searched and inspected by an appropriate official, to wit _____
in the interest of the public health, safety, or welfare as part of an inspection
program authorized by law

_____, who is the subject of an outstanding arrest warrant

That property, person(s), or thing is described as:

Any firearms, firearm parts, holsters, gun cases, ammunition, spent casings, gun cleaning kits, or
firearm related paperwork or periodicals.

Any cellular telephones or associated media and storage to include complete forensic analysis and
viewing of contents.

Any computers, hard drives, thumb drives, discs, memory cards, or computer associated storage
and media to include forensic analysis and viewing of contents.

Any notes ledgers, journals, writings, or correspondence that would indicate motive, participation
or planning of this crime
Any books, periodicals, uniforms, photographs or other paraphernalia associated with extremism
or anti government movements.

Indicia of occupancy or ownership to include but not limited to bills, mail, photographs, writings,
cameras, or video cameras. Any personal items with names on them that may indicate
occupancy or ownership.

Complete set of physical characteristics on Jared Lee Loughner ██████to include buccal cell
swabs for D.N.A., major case fingerprinting, and photographing of subject.

Complete forensic processing of Jared Lee Loughner ██████to include but not limited to
collection of all clothing he was or is wearing, processing for trace evidence such as
swabbing of hands and person and detailed photographing of person.

Future forensic analysis and processing of all evidence gathered

Any other fruits and instrumentalities of the crimes of violation of Arizona or Federal Homicide
Laws.

I Detective Hogan your affiant am a certified Peace Officer in the State of Arizona and
have the following training and experience. I have been with the Sheriff's department
since 1998. I attended the Southern Arizona Law Enforcement basic academy, the Pima
County Sheriff's Department Advanced basic academy, and the Pima County Sheriff's
Detective training course. I attend training through the department numerous times a year
on subjects such as crime scene processing, interview and interrogation, and legal updates. I
have attended training outside of the department in areas such as crime scene processing
and interview and interrogation. I worked on street patrol for approximately three years
investigating all types of crimes and then became a Detective. As a Detective I have worked
with the Domestic Violence Unit, the Robbery Assault Unit and the Fugitive Unit. I have
worked a total of approximately five and a half years as a homicide Detective and have

2

11 ██ 0040

11 SW 0026

investigated over one hundred homicides with duties including processing crime scenes, interviewing witnesses and suspects, and obtaining search warrants. I have experience in searching cellular telephones and computers and the evidence that may be gathered from them. I have obtained search warrants on many occasions in the past and evidence from these warrants has been used throughout the investigative phase and prosecution phase.

Your Co Affiant Special Agent Terwilliger is a certified Peace Officer in Arizona and Federal Special Agent with the Federal Bureau of Investigation (FBI). She has all of the required training for both positions and has been a Special Agent since January 2004. She is currently assigned to the Violent Crimes squad in Tucson, Arizona, primarily working Assault of Federal Officer cases. She had previously worked on a Counterterrorism squad, which investigated domestic terrorism groups. She is also a member of the FBI Evidence Response Team which is responsible for collecting evidence at crime scenes, as well as documentation of the scene.

I believe that based on my experience, training, and investigation that the facts establishing probable cause for the issuance of this search warrant for the foregoing described property, person(s), location, and vehicles are as follows:

On Saturday January 8, 2011 at approximately 1011 am the Pima County Sheriff's Department received multiple 911 calls about a shooting situation at the Safeway shopping plaza at 7170 N Oracle Road, the southwest corner of Ina and Oracle. These calls indicated an active shooting situation and Patrol Deputy response was initiated.

When Deputies arrived at the front of the Safeway they encountered numerous victims and found several civilians on top of and detaining a male subject later identified by Arizona drivers license as Jared Lee Loughner ████████ target listed in this warrant. Deputies approached and were able to detain Mr. Loughner at the scene. Multiple witnesses at the scene indicated Mr. Loughner had been armed with a handgun and was shooting people in front of the Safeway. A handgun was located by Deputies on the ground next to Mr. Loughner and these witnesses indicated Mr. Loughner had been armed with this gun when they tackled and disarmed him. In Mr. Loughner's left front pocket Deputies located two handgun magazines with rounds in them and he was found to be wearing earplugs at the time he was detained. All of this indicates planning and the possibility of evidence in the locations in this warrant.

At the scene in front of the Safeway multiple people were found to have been wounded. Triage of the injured was begun and several were transported to local hospitals. At the scene five victims were pronounced deceased. Multiple spent cartridge casings were located in front of the Safeway and this scene is being processed.

In Mr. Loughner's back pocket was his Arizona Driver's License. This license lists an address of ████████████████ target location in this warrant. This address is on the north side of Tucson as is the Safeway. Various computer checks have been done on Mr. Loughner. He has listed this address as his home address on past contacts with the police. Deputies responded to the ████████ address and contacted Mr. Loughner's parents inside the home. They confirmed to the Deputies that he does live at that address. He has a bedroom there and also has complete access to the home and yard. They also told Deputies the following facts. The morning of the shooting Mr. Loughner left the home in his green

3

11 SW 0040          11 SW 0026

Chevy Nova listed in this warrant. He came back home and was seen removing a black bag or backpack from the trunk of the nova. The parents tried to talk to Mr. Loughner in the home and he took off running from the home North then East. The Safeway is East from Mr. Loughner's home. The parents state Mr. Loughner is known to maintain journals and writings and these items should be in the house. He has a shotgun that is in the trunk of the car inside their garage. He does use a cellular telephone to communicate. He also uses a computer in the home and specifically a video he recently made may be on the computer. This is a video about the the first amendment that he was dismissed from Pima Community College for producing.

    Computer checks on Mr. Loughner have determined the following . He has a past contact with the Pima County Sheriff's Department where he was spray painting extremist type symbols on a wall. Mr. Loughner has also had numerous recent involvements with Pima Community College and their Police Department. These contacts indicate extreme behavior to the point that he was dismissed from the College over a video he made about the First Amendment. All of this is consistent with the parents statement.

    A check over the internet after the shooting by running Mr. Loughner's name has also located a MySpace account in the name of Jared Loughner. This site has anti government postings on it and a recent post this morning saying goodbye.

Regarding Cellular Telephones and their Analysis
    Based on my training and experience cellular telephones and their contents can contain evidence and can be used to further an investigation. I have obtained and analyzed cellular telephones and have located text messages, photographs, and videos detailing crimes. This includes texts talking about crimes and photographs taken in preparing for a crime. In this case there is a pattern of pre-planning as well as cellular telephone use that would indicate evidence may be located on any cellular telephones found.

Regarding Computers and Associated Items
    Based on my training and experience computers and computer related storage and media can contain evidence and be used to further an investigation. I have seized and had analyzed computers in the past and evidence such as e-mails, photographs, and videos related to planning and commission of crimes has been located.. Also specific to this incident information already located on public areas of the internet such as MySpace indicates Mr. Loughner uses computers and that any computers located may contain evidence of this crime and its planning.

    Also I and the other Deputies and Agents involved have had training and experience dealing with extremist groups and extremist individuals. These individuals and groups are known to educate themselves and communicate through the internet. They are also known to publish periodicals and create writings about their views and plans. Mr. Loughner's recent contacts with Police and school officials indicate a pattern consistent with this type of extremism.

Regarding Physical Characteristics and Forensic Processing of Mr. Loughner
    Multiple witnesses have identified Mr. Loughner as a shooter in this situation and scene analysis and witness statements indicate he was close to the victims at the time he was

4

# 11 SW 0040          11 SW 0026

shooting. He was also eventually tackled and held down by victims in the case. All of this would indicate evidence may be located on his person or clothing. Evidence such as the weapon and casings have also been located at the scene. These items may yield forensic evidence such as fingerprints and D.N.A.. Obtaining physical characteristics from Mr. Loughner will allow comparison to these items.

Not applicable or requested

Based on the above facts your affiant requests that a search warrant be issued with respect to the above described person(s), premises, or thing(s).

Detective Christopher Hogan #1233
Pima County Sheriff's Department

Special Agent Michelle Terwilliger
Federal Bureau of Investigation

Sworn before me this 8th day of January, 2011.

Judge of the Superior Court

## In The Superior Court, County of Pima, State of Arizona

[Federal Search Warrant Presented to State Court Judge Pursuant to Fed. R. Crim. P. 41(b)(1)]



In the Matter of the Search of Electronic
Evidence Seized Pursuant to Search
Warrant for ~~████████████~~,
Tucson, Arizona

CASE NUMBER:

D. WANDELL, DEPUTY

## SEARCH AND SEIZURE WARRANT

**TO:**   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**See Attachment A, incorporated by reference**
(The affidavit in support of this Search Warrant is herein incorporated by reference.)

The person or property to be searched, described above, is believed to conceal:

**See Attachment B, incorporated by reference**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before January 26, 2011, although examination of the contents can continue after that date. Fed. R. Crim. P. 41(e).

( ) in the daytime 6:00 a.m. to 10 p.m.     (X) at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Pima County Superior Court Judge Christopher Browning.

Issued Pursuant to
Fed. R. Crim. P. 41
(b)(1).  Date and time:   January 12, 2011  Time: _____

_____
Judge's Signature

City and state: _____ Tucson, Arizona _____

Pima County Superior Court
The Hon. Christopher Browning