DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 11-0187-TUC-LAB |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S RECOMMENDATION REGARDING COMPETENCY EVALUATION** |
| Jared Lee Loughner, | |
| Defendant. | |

Now comes the United States of America, by its attorneys undersigned, and pursuant to this Court's instruction on March 9, 2011, hereby submits its recommendation regarding the defendant's competency evaluation.

**I.  Facts**

On March 7, 2011, the government filed a "Motion for Psychiatric or Psychological Examination to Determine Competency," pursuant to 18 U.S.C. §§ 4241 (a) and (b), and 4247 (b) and (c), asking this Court to issue an order committing the defendant to the custody of the Attorney General for placement in a suitable Federal Bureau of Prisons (BOP) facility in order to allow BOP personnel to conduct a mental examination to determine his competency.  On March 9, 2011, this Court arraigned the defendant on the superseding indictment.  This Court also granted the government's motion for a psychiatric exam under § 4241 based on the evidence, and set a competency hearing for May 25, 2011.  (CR 153; RT 3/9/11 28-29; 39-41, 45-46.)

After the Court granted the government's motion under § 4241, there were discussions concerning whether the evaluation should be conducted in Tucson, San Diego, or elsewhere. (RT 3/9/11 33-35; 41-43.)  At the hearing, the government did not suggest any locations other than San Diego (RT 3/9/11 42), but BOP has since advised that a Medical Referral Center (MRC) is the most "suitable facility" under 18 U.S.C. § 4247(b) to evaluate the defendant, for the reasons BOP describes.  (Exhibit 1.)  Defense counsel objected to the government's motion for competency evaluation and did not propose any location for the examination.  (RT 3/9/11 27-31.)

This Court asked the parties to meet and see whether they could agree on the logistics of the exam – and if they could not, to submit motions and the Court would decide.  (RT 3/9/11 42-43; 46-47.)  The Court noted that any psychiatrist or psychologist would need to address both prongs of § 4241.  (RT 3/9/11 41, 45-46.)

The parties met on March 14, 2011, in accordance with this Court's order.  However, the parties could not reach an agreement.  Defense counsel stated that they would like the defendant examined at USP-Tucson by an outside psychiatrist.  It is the government's position, however, that the defendant should be examined by BOP psychiatrists or psychologists at a BOP facility that BOP determines is the "most suitable" facility under §§ 4247 (a)(2) and (b).

**II.  Law & Argument**

This Court has granted the government's motion for a competency evaluation and hearing pursuant to 18 U.S.C. § 4241.  Psychiatric or psychological examinations of the defendant ordered pursuant to 18 U.S.C. § 4241(a) and (b) are to be conducted pursuant to the provisions of § 4247(b).  Section 4247(b) provides that the examination shall be conducted by a licensed psychiatrist or certified psychologist, or if the court finds it appropriate, by more than one examiner.  It also provides that, for purposes of an examination pursuant to an order entered under § 4241, "the court may commit the defendant to be examined for a reasonable period . . . to the custody of the Attorney General for

placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." 18 U.S.C. § 4247(b). A "suitable facility" is a "facility that is suitable to provide care and treatment given the nature of the offense and the characteristics of the defendant." 18 U.S.C. § 4247 (a)(2).

As urged in the competency motion, the government urges the Court to order that the examination be conducted by the BOP at a facility it deems most "suitable" under § 4247(b). Both the defendant and the public have an important interest in securing the most efficient, thorough, and reliable method for the Court to determine the defendant's competency. As both the BOP and another experienced forensic psychiatrist explain, a BOP Medical Referral Center (MRC) (also known as a Federal Medical Center or FMC) have distinct advantages. (Exhibits 1 and 2.) They are staffed by BOP medical personnel who are familiar with competency determinations in federal criminal cases, and as the government explains more fully in this motion, a BOP medical facility that is staffed by BOP psychiatrists or psychologists, who routinely evaluate individuals based on the statutory criteria required, would provide the most efficient, thorough, and reliable means of providing information to this Court regarding the defendant's competency. *See also United States v. Zhou*, 428 F.3d 361, 380 (2d Cir. 2005) (it was reasonable and expeditious "to rely on the expertise of a forensic psychologist associated with the BOP, since psychologists working routinely in a penal setting are presumably familiar with patients similarly situated to [the defendant]"; court did not abuse discretion in rejecting defendant's request for an "independent" psychiatrist); *accord Kiltinivichious v. United States*, 2010 WL 3632204, at *8 (S.D.N.Y. 2010); *United States v. Rothman*, 2009 WL 3418147 (S.D. Fla. Oct. 16, 2009) (granting government's motion to have defendant evaluated at BOP facility in Rochester, Minnesota, noting that the government had proffered that Rochester was "equipped with appropriate medical personnel with the requisite training, including training in forensic psychiatry, as

well as the medical equipment and accommodations" suitable to provide the defendant with treatment; court declined defendant's request to conduct examination in non-BOP facility).

To provide this Court with more information about which type of BOP facility would be the most "suitable," the government conducted further inquiry with BOP. BOP reports that an MRC would be the most "suitable facility" to evaluate this defendant for a variety of reasons discussed below. Dr. Donald Lewis, the Chief of Psychiatry for BOP, assists the BOP, Office of Medical Designations and Transportation in placing inmates to a facility for a competency study. (Exhibit 1.) Dr. Lewis notes that MRCs are located in Springfield, Missouri; Rochester, Minnesota; Butner, North Carolina; and Devens, Massachusetts. (Exhibit 1.) [1]

Specifically, Dr. Lewis states that an MRC is best suited for *this* competency study, noting that Springfield in particular "has medical staff available for neurology and other organic testing, and has far more forensic staff and full time psychiatrists available to provide round the clock assistance." [2] (Exhibit 1) (emphasis added). *See also id.* (noting that MRCs have "increased resources available in a hospital setting"). Thus, BOP believes that an MRC is the most "suitable facility," i.e., the "facility that is suitable to provide care and treatment *given the nature of the offense and the characteristics of the defendant*." 18 U.S.C. § 4247 (a)(2) (emphasis added).

Furthermore, if the defendant is found incompetent, then pursuant to 18 U.S.C. § 4241(d), this Court would be required to remand the defendant to the custody of the BOP in order to provide "treatment in a suitable facility" for a reasonable period of time to determine whether the defendant can be restored to competency. As Dr. Lewis notes, "if the

---

[1] There is no MRC in the District of Arizona. Although the government initially was under the impression that BOP San Diego might constitute a suitable facility, BOP has since advised that this is not the case. As Dr. Lewis explains, San Diego is not an MRC, and therefore is *not* the "most suitable" facility to conduct this particular competency study. (Exhibit 1.)

[2] Springfield is the MRC and "suitable facility" that is "closest to the court" in Tucson. 18 U.S.C. § 4247(b).

defendant is found incompetent, the BOP can restore competency at Springfield without transferring the inmate thereafter." (Exhibit 1.) Thus, to the extent the defense has expressed a concern about moving the defendant around multiple times (RT 3/9/11 36), it would be less disruptive to place the defendant in an MRC like Springfield at the outset, because that medical facility can address all of the issues – security, initial competency evaluation, any required medical treatment if the defendant is found incompetent under § 4241(d), etc. – without moving him again. If the defendant is determined to be competent after evaluation at an MRC, then he will not be outside Arizona for long; if the defendant is determined to be incompetent, then he will already be located in an MRC where he would expeditiously receive treatment or further evaluations mandated under § 4241(d), without having to be transported again and causing undue delay. *See* 18 U.S.C. § 4241(d) (upon finding of incompetency, court must commit defendant to custody of the Attorney General, who "shall hospitalize the defendant for treatment in a suitable facility").

Moreover, if the defendant is evaluated at an MRC, he can continue to meet with his counsel, so the attorney-client relationship can be maintained. As Dr. Lewis notes, at an MRC, "[t]he inmate will be afforded legal mail, legal calls, legal visits, and other means to assist with this case. The inmate's attorneys would have access to their client on a regular basis and an MRC has the space and staff to accommodate frequent visits." (Exhibit 1.) *See, e.g., United States v. Hartz*, 852 F.Supp. 511 (S.D.W.Va. 1994), *affirmed*, 27 F.3d 564 (no Sixth Amendment issue where federal medical facility selected by BOP accommodated varying security needs and the defendant would have little problem consulting with her attorney). While defense counsel will be able to meet and communicate with the defendant at an FMC, the government acknowledges that the defense may need to travel further to meet with him in person; however, given the advantages of the MRC and the short duration (up to 30 days) of the examination period, the MRC is still the most "suitable facility."

Dr. Lewis also explains why USP-Tucson would not be a "suitable facility" for the following reasons:

> Finally, USP-Tucson, as a High security facility, presents as an extraordinary, atypical and inappropriate location for a competency study. The mission of the USP is inconsistent with a competency study, when another BOP facility is more suited. The USP's restrictions and limitations could prove disruptive to the inmate and contract psychologist or psychiatrist. During the study, the inmate would likely remain in the Special Housing Unit and will require controlled movements at all times. The USP's resources would be strained to meet the court's order for a competency study.

(Exhibit 1.) In short, BOP believes that an MRC is the most "suitable facility."

Also attached to this motion is the opinion of an experienced forensic psychiatrist, Dr. Saul Faerstein, who was asked for his opinion about the nature and venue of a competency evaluation that would yield the best results. Dr. Faertstein confirms that having the defendant evaluated by BOP psychiatrists and psychologists at a Federal Medical Facility (what Dr. Lewis referred to as an MRC) is the best option because it will allow for careful, thorough, and comprehensive testing and evaluation of the defendant by experienced FMC medical personnel. (Exhibit 2.) He observed that any evaluation conducted at a USP might be conducted by the staff of the USP or by an expert appointed by the court who would meet with the defendant at the local facility. However, the examination at a Federal Medical Center would be conducted by the psychiatrists and psychologists on the staff at the FMC. (Exhibit 2, p. 1.) Dr. Faerstein has conducted competency exams and has reviewed the reports of competency examinations conducted by staffs of FMC-Butner, FMC-Springfield, and FMC-Rochester. Echoing Dr. Lewis's conclusion, Dr. Faerstein strongly recommends that the defendant's competency evaluation be conducted at one of the Federal Medical Centers, which he believes are "more experienced and better equipped to conduct a thorough exam and provide a valid report to the court." (Exhibit 2, p. 2.)

Dr. Faerstein states that the advantages of the FMC evaluation include having on-staff psychiatrists and psychologists who are experienced with competency evaluations and the assessment instruments used in the evaluation of competency to stand trial. He notes that, although an interview alone may be enough in some cases to allow for a credible opinion, in a case like this one, where the defendant may have a mental illness and may be

6

uncooperative with the evaluation, either consciously or as a result of a mental illness, his presentation, thinking and behavior may vary from day to day and the conclusions from his presentation may consequently vary. The staff must also assess whether the defendant could be malingering.  "The most credible way to evaluate a defendant in such circumstances is to house him in a facility such as an FMC and have the staff, who are trained to observe and interpret the behavior of individuals with mental disorders, observe the defendant over time in order to assess the consistency and validity of his psychiatric presentation."  (Exhibit 2, p. 2.)  Dr. Faerstein also relates a specific example of how observation of a defendant by staff at an FMC facility revealed that the defendant behaved differently during clinical evaluations than when he was observed by FMC hospital staff at other times.  (Exhibit 2, p. 2.)

Dr. Faerstein also notes that "another advantage of an evaluation at an FMC is the experience of the professional staff and the ability to administer objective competency assessment instruments to supplement the clinical evaluation," such as checklists, self-report questionnaires, sentence-completion tasks and interview-based instructions with and without criterion-based scoring.  Some of these tests may include the Competency Screening Test (CST), the Computer-Assisted Competency Assessment Tool (CADCOMP), the Competency to Stand Trial Assessment Instrument (CAI), the Georgia Court Competency Test (GCCT) and the MacArthur Competency Assessment Tool – Criminal Adjudication (MacCAT-CA), which uses both standardized administration and standardized scoring.  Dr. Faerstein notes that "most clinicians are not trained in the administration of these tests, whereas the FMC has experience in using these instruments," and the use of objective and standardized tests will help ensure that the Court has the most reliable information possible.  (Exhibit 2, p. 3.)

Finally, like Dr. Lewis, Dr. Faerstein notes that having the defendant examined at a USP is simply not as effective as having him examined at an FMC.  "I do not believe that having Mr. Loughner tested . . . at a USP by a visiting examiner or by the staff of the BOP will allow for both the careful monitoring of the defendant or the comprehensive testing which would take several days to complete."  (Exhibit 2, p.3.)

7

1  Thus, Dr. Faerstein's opinion provides additional support for BOP's determination that
2  an MRC (same as FMC) is the most "suitable facility" under 18 U.S.C. § 4247 (b), because
3  it is the "facility that is suitable to provide care and treatment given the nature of the offense
4  and the characteristics of the defendant." 18 U.S.C. § 4247 (a)(2). The FMC (particularly
5  in Springfield) is the most "suitable facility closest to the court." 18 U.S.C. § 4247(b).

6  For the foregoing reasons, pursuant to 18 U.S.C. §§ 4241(a) and (b), and 4247(a)(2) and
7  (b), the government respectfully asks this Court to commit the defendant, Jared Lee
8  Loughner, to the custody of the Attorney General for placement in a suitable BOP medical
9  facility for a reasonable period of time in order to be evaluated by one or more licensed or
10 certified BOP psychiatrists and psychologists, to assist in determining whether the defendant
11 is presently suffering from a mental disease or defect rendering him mentally incompetent
12 to the extent that he is unable to understand the nature and object of the proceedings against
13 him or to assist properly in his defense.

14 Respectfully submitted this 16th day of March, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Beverly K. Anderson*

BEVERLY K. ANDERSON
Assistant U.S. Attorney

*s/ Christina M. Cabanillas*

CHRISTINA M. CABANILLAS
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 16th day of March, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.