# SAUL J. FAERSTEIN, M.D.
A MEDICAL CORPORATION
360 NORTH BEDFORD DRIVE
BEVERLY HILLS, CALIFORNIA 90210

DIPLOMATE, THE AMERICAN BOARD　　　　　　　　　　　　TELEPHONE: (310) 550-0565
OF PSYCHIATRY AND NEUROLOGY　　　　　　　　　　　　FACSIMILE: (310) 550-8487

March 15, 2011

The Honorable Larry A. Burns
United States District Judge
Southern District of California
940 Front Street
San Diego, California 92101-8900

　　　　Re:　United States v. Jared Loughner
　　　　　　　Case No. CR 11-0187-TUC-LAB

Dear Judge Burns:

I have been retained by Assistant United States Attorney Wallace Kleindienst to consult in the above captioned case in my capacity as a forensic psychiatrist. I received my A.B. degree from Brandeis University in 1964 and my M.D. degree from New York University School of Medicine in 1968. I completed a medical internship at Cedars-Sinai Medical Center in Los Angeles in 1969 and a psychiatry residency at Albert Einstein College of Medicine in New York in 1972. I completed a fellowship in Psychiatry and the Law at the U.S.C. School of Medicine in 1975. I am Board Certified by the American Board of Psychiatry and Neurology. I am presently Clinical Professor of Psychiatry at U.C.L.A. School of Medicine. I am a Distinguished Life Fellow of the American Psychiatric Association. I first testified in United States District Court in 1974 and have been appointed regulary by District Judges in the Central District. I have conducted hundreds of competency evaluations for state and federal courts.

Mr. Kleindienst has informed me that the mental competency of Jared Loughner has now become an issue in the present proceedings. He has asked my opinion as to the nature and venue of a competency evaluation which would yield the most valid results. It is my understanding that the court is considering an examination at a local United States Penitentiary (USP) or an examination at a Federal Medical Center (FMC) of the Bureau of Prisons BOP). The local exam might be conducted by the staff of the USP or by an expert appointed by the court who would meet with Mr. Loughner at the local facility. The exam at the FMC would be conducted by the psychiatrists and psychologists on the staff of the FMC. I have conducted competency exams at the

Exhibit 2

The Honorable Larry A. Burns
Re: United States v. Jared Loughner
March 15, 2011
Page 2

Metropolitan Detention Center – Los Angeles and have reviewed the competency reports done by the staff of the MDC. I have also reviewed competency examination reports by the staffs of FMC-Butner, FMC-Springfield and FMC-Rochester. The advantages of the FMC evaluation include having on-staff psychiatrists and psychologists who are experienced with competency evaluations and the assessment instruments used in the evaluation of competency to stand trial. In a high profile case such as this one, the reliablility and validity of testing methodology is important to secure the public's confidence in the justice system. I would strongly recommend that the examination of Mr. Loughner be conducted at one of the Federal Medical Centers, which I believe are more experienced and better equipped to conduct a thorough exam and provide a valid report for the court.

The evaluation of competency usually consists of a forensic psychiatric interview to assess whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him. In most cases, the interview alone is sufficient to reach a credible opinion.

In some cases, and I do not know whether this case is such a case, the defendant may be uncooperative with the evaluation, either consciously or as a result of his mental illness. His presentation, thinking and behavior may vary from day to day and the conclusions that might be drawn from his presentation may consequently vary. The defendant might consciously malinger mental illness in order to feign incompetency. The results of such an evaluation might depend on what day one chose to examine him. The most credible way to evaluate a defendant in such conditions is to house him in a facility such as an FMC and have the staff, who are trained to observe and interpret the behavior of individuals with mental disorders, observe the defendant over time in order to assess the consistency and validity of his psychiatric presentation. I once evaluated a defendant for competency and he attempted to malinger mutism to feign incompetency. He refused to talk or communicate in any way when I met with him. When he thought he wasn't being observed however, he behaved very differently and the logs kept by the hospital staff revealed a very different picture of that individual.

The Honorable Larry A. Burns
Re: United States v. Jared Loughner
March 15, 2011
Page 3

Another advantage of an evaluation at an FMC is the experience of the professional staff and the ability to administer objective competency assessment instruments to supplement the clinical evaluation. These include checklists, self-report questionnaires, sentence –completion tasks and interview-based instruments with and without criterion-based scoring. These include the Competency Screening Test (CST), the Computer-Assisted Competence Assessment Tool (CADCOMP), the Competency to Stand Trial Assessment Instrument (CAI), the Georgia Court Competency Test (GCCT), and the MacArthur Competency Assessment Tool – Criminal Adjudication (MacCAT-CA) which uses both standardized administration and standardized scoring. Most clinicians are not trained in the administration of these tests, whereas the FMC has experience in using these instruments. The use of objective and standardized tests will help insure that this court has the most reliable information possible.

I do not believe that having Mr. Loughner tested by at a USP by a visiting examiner or by the staff of the USP will allow for both the careful monitoring of the defendant or the comprehensive testing which would take several days to complete. It is my understanding that the defense has requested additional time to prepare a case of this complexity and consequence. I would contend that this case would also require the additional time that a comprehensive and detailed evaluation would take.

Thank you for considering these recommendations.

Very truly yours,

Saul J. Faerstein, M.D., F.A.P.A.

SJF/hs