# EXHIBIT 1

# The Washington Post

1150 15th STREET N. W.
WASHINGTON, D.C. 20071
(202) 334-6000

JAMES A. MCLAUGHLIN
ASSOCIATE COUNSEL
(202) 334-7988
FAX (202) 334-5075
E-MAIL: mclaughlinj@washpost.com

March 4, 2011

**By Fax (520-351-4622) and E-Mail (Jason.Ogan@sheriff.pima.gov)**

Deputy Jason Ogan
Public Information Officer
Pima County Sheriff's Department
1750 E. Benson Highway
Tucson, Arizona  85714-1758

Re:    **Sari Horwitz's Public-Records Request**

Dear Mr. Ogan:

This follows up your correspondence with Sari Horwitz of The Washington Post concerning her Jan. 25, 2011 request for public records (the "Request"). The Request sought "access to and copies of all records from the Jan. 8, 2011 shooting incident that killed federal Judge John Roll and wounded Congresswoman Gabrielle Giffords, among other casualties." It included "all statements, reports, after-action reports and anything else pertaining to the investigation of Jared Loughner and the events that led up to the shooting."

In a letter dated Jan. 28, 2011, you advised Ms. Horwitz that the Pima County Sheriff's Department has been "instructed by federal authorities" not to disclose any records relating to the case. You added that unspecified "federal exemptions" to disclosure "have been invoked."

We respectfully submit that your response fails to state a valid basis for withholding Pima County records governed by the Arizona Public Records Law, not federal FOIA. The Request seeks records compiled by the Sheriff's Department in the course of its *own* investigation of the shooting. Records generated by a county, or any branch or department within a county, are expressly covered by the Public Records Law, *see* A.R.S. § 39-121.01(A)(2), and must therefore be disclosed unless there is a basis in that law to withhold them. But nothing in the Public Records Law incorporates federal FOIA exemptions, or suggests that records may be exempted from state-law disclosure requirements at the "instruction" of federal officials. In

# Exhibit 1

Letter to Deputy Jason Ogan
March 4, 2011
Page 2 of 2

fact, the Arizona Supreme Court has held that "records of ongoing police investigations are not generally exempt from our public records law" and must be produced absent a specific showing that disclosure would harm *state* interests. *Cox Arizona Publications, Inc. v. Collins*, 852 P.2d 1194, 1198 (Ariz. 1993).

Accordingly, we request that your office either disclose the records or identify the asserted basis under Arizona law for withholding them. If the decision is made to continue withholding some or all of the records, we ask that you furnish the index mandated by A.R.S. § 39-121.01(D)(2) ("If requested, the custodian of the records of an agency must furnish an index of records or categories of records that have been withheld and the reasons the records or categories of records have been withheld from the requesting person.").

Our hope, of course, is to resolve any differences concerning the Request without litigation. In that spirit, we are willing to consider reasonable proposals to clarify, prioritize, or limit the Request, as long it can be done without compromising our newsgathering on this subject of intense public interest. Please feel free to call me at (202) 334-7988 if you would like to have such a discussion.

Thank you for your attention to this matter. We look forward to your reply.

Sincerely,

James A. McLaughlin

cc:   Barbara LaWall, Esq.
      Pima County Attorney
      32 North Stone, Suite 1400
      Tucson, Arizona 85701
      By e-mail (pimacounty.attorney@pcao.pima.gov) and Mail

      Sari Horwitz
      The Washington Post

Exhibit 1