# **EXHIBIT 3**



**U.S. Department of Justice**

*United States Attorney*
*District of Arizona*

*405 W. Congress Street*  *(520) 620-7300*
*Suite 4800*  *FAX: (520) 620-7320*
*Tucson, Arizona 85701-5040*

January 21, 2011

Sheriff Clarence Dupnik
Pima County Sheriff Department
1750 E. Benson Highway
Tucson, Arizona. 85714

RE: U.S. vs Loughner

Dear Sheriff Dupnik:

    With the filing of federal criminal charges against Jared Lee Loughner, (United States v. Jared Lee Loughner, (U.S. District Court No. 11-0035M)), I wanted to express my appreciation to you for your efforts personally, and the efforts of the entire Pima County Sheriff's Department so far in responding to this tragedy. At the same time I wanted to raise an important issue – pretrial publicity – that concerns both the federal and county case in this matter. I understand that state law contains a broad disclosure provision, Ariz. Rev. Stat. § 39-121, while, as you know, federal law is greatly restrictive in this area, and Ethical Rules 3.6 and 3.8 control the conduct of attorneys in this regard.

    We have a duty imposed not to release, or authorize the release, of information which is likely to be disseminated by public communication which would likely "interfere with a fair trial or otherwise prejudice the due administration of justice." United States District Court, District of Arizona, Local Rule Criminal 57.2 (Introduction). The Local Rule 57.2(b) specifically provides:

    From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer or law firm associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by any means of public communication relating to that matter and concerning:

    (1) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer or law firm may in their discretion make a factual statement of the accused's name, age, residence, occupation, and family status [.]

# Exhibit 3

Letter to Sheriff Dupnik
January 21, 2011
Page 2

   (2) The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement;

   (3) The performance of any examinations or tests, or the accused's refusal or failure to submit to an examination or test;

   (4) The identity, testimony, or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim, if the announcement is not otherwise prohibited by law;

   (5) The possibility of a plea of guilty to the offense charged or a lesser offense; or

   (6) Any opinion as to the accused's guilt or innocence, or as to the merits of the case or the evidence in the case.

Local Rule Criminal 57.1(b).

   I believe that our respective agencies will present compelling facts in our prosecutions of Jared Loughner. To ensure that the focus of those prosecutions remains on the compelling facts, and not on the out of court disclosures by any agency investigating this matters, I ask that no information in the six categories listed above be disclosed publicly without authorization from my office. In addition, pursuant to our obligations under Ethical Rules 3.6 and 3.8, I request that your office not release any information which is prohibited from release by those rules (ER 3.6 (a) and (b) and ER 3.8 (f)). I know we agree that it is essential that we do not prejudice any prosecution by any jurisdiction in this matter, and that prosecuting our case, rather than defending in Court our disclosure policies, is our goal.

   As I noted, the interests of both our prosecutions are aligned in this matter, and I believe my request is in harmony with Ariz. Rev. Stat. § 39-121, because under that law, a "public official can withhold inspection by showing that non-disclosure serves 'confidentiality, privacy or the best interests of the state....' [Carlson v. Pima County, 141 Ariz. 487, 491, 687 P. 2d 1242, 1246 (1984)]. This 'best interests of the state' standard is not confined to the narrow interest of either the official who holds the records or the agency he or she serves. It includes the overall interests of the government and the people. Of course, the government's administrative interests are not excluded from the weighing process: The public interest includes consideration of how disclosure would adversely affect the agency's mission." Phoenix Newspapers, Inc. v. Keegan, 201 Ariz. 344, 348-49, 35 P. 3d 105, 109-10 (Ariz. App. 2001). Additional cases discussing the

Exhibit 3

Letter to Sheriff Dupnik
January 21, 2011
Page 3

'best interests of the state standard' are Mitchell v. Superior Court, 142 Ariz. 332, 334, 690 P.2d 51, 53 (1984) and Phoenix Newspapers, Inc. v. Superior Court, 140 Ariz. 30, 36-37, 680 P.2d 166, 171-72 (App. 1983).

      If you receive individual requests for records that may violate the Local Rule 57.2 or the Ethical Rules, please contact me and we can decide, in consultation with you and your office and the Pima County Attorney, Barbara LaWall, whether to seek a court order regarding that request for record.

      Thank you for your attention to this matter. If you have any questions, please contact me at 602-514-7583.

Sincerely,

*Dennis Burke* (signature)

Dennis K. Burke
United States Attorney

cc: Barbara LaWall, Pima County Attorney

Exhibit 3