DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Jared Lee Loughner,<br><br>　　　　Defendant. | CR 11-0187-TUC-LAB<br><br>**GOVERNMENT'S MOTION FOR ORDER COMPELLING PRODUCTION OF DEFENDANT'S MEDICAL RECORDS** |

COMES NOW the United States of America, by and through its undersigned counsel, and, for the following reasons, hereby respectfully asks this Court to order the medical health providers identified below to produce medical records for use by the Bureau of Prisons (BOP) during the evaluation of the defendant's competency to stand trial in this case.

**Facts & Argument**

On March 9, 2011, the Court ordered that the defendant be evaluated for competency. On March 21, 2011, the Court ordered that the competency examination shall be conducted by the BOP Medical Referral Center located in Springfield, Missouri. Dr. Christina Pietz, a psychologist, is the medical expert assigned to evaluate the defendant.

The government has identified a number of medical health care individuals and entities who previously provided medical care to the defendant. These include: 1) Henry E. Bianchi, M.D., who was the defendant's pediatrician; 2) Sonora Behavioral Health, which treated the

defendant at the emergency room after he had come to the Mountain View High School extremely intoxicated on May 12, 2006; and 3) Northwest Medical Center Urgent Care, where the defendant was treated on or about May 14, 2004, for unknown reasons. Dr. Pietz has advised undersigned counsel that records from these types of medical care providers would be useful in her evaluation of the defendant because they may help her understand the defendant's personality, mental condition, and other relevant issues. For example, the defendant's pediatric records, according to Dr. Pietz, may reflect his mental and emotional development as a child, the pediatrician's observations of the defendant, and any childhood injuries, among other information. Records documenting the defendant's intoxication and his subsequent evaluation and treatment for the 2006 episode could also shed light on any underlying psychological issues that may exist. Dr. Pietz is aware of this incident from other records provided to her and finds this to be a significant event, and would like the opportunity to review this material. Although the government does not know the nature of the treatment of the defendant at the Northwest Medical Center Urgent Care, this medical record would be relevant like any other to determine whether it bears on the defendant's mental condition and other relevant competency issues.

The defense has not provided any records to Dr. Pietz; they have advised that they would not give her any records until the Ninth Circuit has resolved the defendant's appeal of the March 21st competency order. Counsel for Dr. Bianchi has advised the government that defense counsel has a copy of the defendant's pediatric records.

This Court may order the production of his medical records for the competency evaluation this Court has ordered. Records maintained by these health care providers may contain information relevant to defendant's competency. *See United States* v. *Zabawa*, 2010 WL 3075044, at *4 (E.D. Mich. 2010) (district court granted motion to compel disclosure of defendant's psychiatric and medical records because he refused to allow BOP psychologist to review his medical history); *United States v. Gibson*, 2009 WL 3063004, at *2 (W.D. Va.

2

2009) (district court ordered defendant to disclose all relevant medical records for use in psychiatric examination and hearing regarding defendant's competency).

Dr. Pietz should have access to all records relevant to the defendant's physical and mental health to provide a complete picture of the defendant for purposes of the competency evaluation. *See Zabawa and Gibson, supra; United States v. Wilson*, 2010 WL 4553533, at *2 (6th Cir. 2010) (unpublished) (evaluator at BOP facility reviewed defendant's "extensive medical records," including mental health records, as it evaluated the defendant's competency to plead guilty); *United States v. Talley*, 2010 WL 4791821 (S.D. Fla. 2010) (BOP evaluator reviewed defendant's mental health records when evaluating defendant's competency to stand trial); *United States v. Garner*, 2010 WL 1641018, at *4 (S.D. Ala. 2010) (pre-existing medical records were reviewed by BOP evaluator); *United States v. Denton*, 396 F.Supp.2d 987, 995-96 (competency evaluator at federal medical center relied on defendant's medical records when completing report). This Court will rely on Dr. Pietz's competency report, in addition to other evidence, to make a decision based upon all available information, so it is important to provide Dr. Peitz with all relevant information that may inform her opinion.

This Court also has the authority under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) to order medical health providers to produce records relevant to the defendant. 45 C.F.R. § 164.512(e)(1)(i) (disclosure of otherwise confidential medical records permitted "in the course of any judicial or administrative proceeding . . . in response to an order of a court or administrative tribunal . . ."); *see also* 45 C.F.R. § 164.512(f) (authorizing disclosure of medical records for law enforcement purposes). "All that 45 C.F.R § 164.512(e) should be understood to do, therefore, is to create a procedure for obtaining authority to use medical records in litigation." *Northwestern Memorial Hospital v. Ashcroft*, 362 F.3d 923, 925-26 (7th Cir. 2004).

Ordering the production of the defendant's medical records, which will aid BOP in completing the competency evaluation that this Court has previously ordered, also appears justified under this Court's inherent authority to effectuate its orders. *See United States v.*

*Sears, Roebuck & Co.,* 785 F.2d 777, 779-80 (9th Cir. 1986) (discussing inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)); *National Organization v. Mullen*, 828 F.2d 536, 544 (9th Cir. 1987) ("One of the recognized applications of the All Writs Act is the issuance of orders necessary to ensure the integrity of orders previously issued. The Supreme Court 'has repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'") (quoting *United States v. New York Tel. Co.,* 434 U.S. 159, 172 (1977)).

The government wishes to respect the defendant's psychotherapy privilege to the extent it may apply to any of the records sought by the government. If the records were to be sent to the government, the government would use the U.S. Attorney's Phoenix filter team previously established for the review of BOP records to also review the requested records for that privilege. However, the government believes it would be better and more efficient for the records sought in this motion to be sent directly to Dr. Pietz.

**Conclusion**

For the foregoing reasons, the United States of America respectfully asks this Court to issue an order directing the above noted medical health care providers to produce medical records pertaining to the defendant and provide them to Dr. Peitz. Because this Court has ordered BOP to complete its evaluation "as soon as possible" (Doc. 165 at 5), the government asks that the records be provided to Dr. Pietz as soon as possible. [1]

---

[1] This Court has jurisdiction to enter this order, notwithstanding the defendant's pending appeal of this Court's March 21st order. On March 24, 2011, the Ninth Circuit denied the defendant's request in both his appeal (No. 11-70828) and mandamus (No. 11-70828) to stay the portion of this Court's order requiring him to be evaluated for competency at the MRC in Springfield. The government's motion asks that medical records be produced so BOP can complete the evaluation that the Ninth Circuit has permitted to continue. Such an order would not relate to the narrow videotaping and defense expert issues that are the subject of the Ninth Circuit's stay. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (filing of a notice divests the district court of "control *over those aspects of the case involved in the appeal*") (emphasis added); *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) (same); *see also Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 388 (9th Cir. 1966) (en banc) (to the extent a notice of appeal does not transfer jurisdiction to the appellate court, "such

(continued...)

Respectfully submitted this 8th day of April, 2011.

        DENNIS K. BURKE
        United States Attorney
        District of Arizona

        *s/Wallace H. Kleindienst*

        WALLACE H. KLEINDIENST
        Assistant U.S. Attorney

        *s/Christina M. Cabanillas*

        CHRISTINA M. CABANILLAS
        Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 8th day of April, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.

---

[1] (...continued) jurisdiction must remain in the district court; it cannot float in the air").