DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | NO. CR 11-0187-TUC-LAB |
|---|---|
| Petitioner, | |
| v. | **GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR ORDER COMPELLING PRODUCTION OF DEFENDANT'S MEDICAL RECORDS** |
| Jared Lee Loughner, | |
| Respondent. | |

COMES NOW the United States of America, by and through its undersigned counsel, and, pursuant to the Local Rules of the District of Arizona, LRCrim. 12.2 and LRCiv. 7.2(d), hereby submits the following reply.

On April 8, 2011, the government filed a motion asking this Court to order that the defendant's medical records from certain medical providers be given to the competency examiner, Dr. Pietz, because such records would be relevant to the evaluator's assessment and this Court's competency determination. (CR 180.) On April 15, 2011, this Court also appointed a second examiner, Dr. Matthew Carroll, to evaluate the defendant, and ordered that evaluations be completed by April 29, 2011. (CR 186.)

The defendant has filed a response objecting to the government's motion, essentially stating that: 1) the requested medical records are not needed by Dr. Pietz; 2) the government has subpoenaed certain records already; 3) the defense will turn over the records to the examiner only if the government agrees not use them for anything other than competency;

1  and 4) there is no legal justification or need for the order. The defendant's response does not
2  undermine the government's motion.

3       First, the defense gives the impression that Dr. Pietz has no need for the medical
4  records. The response states that "Dr. Christina Pietz[] has informed defense counsel that
5  her interviews of Mr. Loughner will likely be over by April 22, 2011" and that she "has
6  informed defense counsel that she does not need any more information from them to assist
7  in her assessment of Mr. Loughner." (Response, p. 2.)

8       However, contrary to the portrayal in the defendant's response, Dr. Pietz remains very
9  interested in receiving the defendant's medical records, particularly any mental health
10 records, and believes they will be relevant to the competency evaluation. Dr. Pietz stated that
11 although she received some documents from the defense and answered in the negative when
12 they asked her whether she needed anything else, she was operating under the impression that
13 these medical records were forthcoming. Dr. Pietz has reviewed numerous documents, but
14 none are medical or mental health records; she believes the defendant may have been
15 evaluated by a mental health professional and would like to review those records because
16 they could be significant. Although Dr. Pietz anticipates concluding her interviews this
17 week, she is working on the evaluation report and stated that it is not uncommon to receive
18 medical records after a defendant has left the facility.

19      In addition, Dr. Carroll contacted the government yesterday and asked whether there
20 were any psychiatric or psychological records for the defendant that could be sent to him.
21 The government advised Dr. Carroll that this issue was the subject of a pending motion. Dr.
22 Carroll stated that he believes that any such records would be very important to the

1 competency evaluation. Thus, the statements of Dr. Pietz and Dr. Carroll further support
2 why the government is trying to ensure they receive such medical records.[1]

3       Second, the defendant notes that the government has subpoenaed some records, which
4 were provided to the filter team. (Response, p. 3 & Exh. C.) The filter team provided copies
5 of those records (from Northwest Medical Center and Dr. Brittain, who counseled the
6 defendant after the Mountain View High School incident) to the Court and defense counsel
7 on the same day the government filed the instant motion to compel, April 8, 2011.
8 (Response, Exhibit C.) Those medical records should be provided to the competency
9 evaluators. Because this Court and the filter team possess these records, it may be most
10 expedient for this Court to send, or authorize the filter team to send, copies of those records
11 directly to the evaluators. If copies of those medical records are provided to the evaluators,
12 then all that remains of the government's requested order are those records from Dr. Henry
13 E. Bianchi, M.D. and Sonora Behavioral Health Hospital (SBHH).[2] The filter team does not
14 have any records from Dr. Bianchi. With regard to SBHH, although the filter team's
15 Northwest Medical Center records do contain some record(s) from SBHH, the government

---

[1] The government would respectfully ask that any medical records provided to Dr. Pietz pursuant to the government's motion also be provided to Dr. Carroll. Dr. Carroll would have been included in the government's motion originally, along with Dr. Pietz, but he was appointed by this Court as an examiner after the government's motion was filed.

[2] The defense correctly notes that the Court and defense counsel appear to have records from Northwest Medical Center *Urgent Care*, because as pointed out by defense counsel and previously overlooked by the government, the Northwest Medical Center subpoena response states that its records are in response to both subpoenas. (Response, Exhibit B.) Accordingly, the government withdraws its motion to compel a production of records from Northwest Medical Center Urgent Care.

3

cannot say those records are complete.[3] Thus, an order directing SBHH to turn over its records to the evaluators is still necessary.

The government's sole concern here is to ensure that Dr. Pietz and Dr. Carroll receive the defendant's medical records in their entirety. Both evaluators have said that any such records would be relevant to their competency evaluations. The government has asked that any records be provided to the evaluators directly (not through the trial team), so that there will be no possible privilege issue. (*See* Motion, p. 4.)

Third, as Dr. Pietz has confirmed, she has not received any medical or mental health records from the defense. In its response, the defense states that it is "willing" to disclose the medical records "if" the government agrees "not to use this information for any purpose other than these competency proceedings." (Response, pp. 2 & 7.) Yet, the records can be provided to the competency evaluators regardless of whether the defense agrees to disclose them, as the government's motion explained. The government declines the defendant's invitation to limit itself unnecessarily when it comes to any future use of medical records, particularly where such records may become relevant for trial or sentencing purposes.[4]

Fourth, the government stands by the argument and authority cited in its motion supporting that the competency evaluators are entitled to the medical records when evaluating the defendant's competency. The defense cites no cases to support their notion

---

[3] The government never received any records from SBHH in response to the grand jury subpoena directed to SBHH. During the grand jury proceedings, SBHH informed trial counsel that SBHH is holding records responsive to the grand jury subpoena, but would require a court order to release them to government counsel. Accordingly, SBHH may have records separate and apart from those contained within the Northwest Medical Center subpoena response.

[4] The defense has suggested Rule 12.2 notice will occur at some point. (CR 168, p. 6 n. 4) [defense notes "the very high likelihood that Mr. Loughner's mental condition will be a central issue at any trial (or in any capital sentencing hearing that might follow)," characterizing the defendant as a "gravely mentally ill man"].

that a competency examiner is not entitled to medical records of a defendant who is being evaluated. The records are needed by the examiners and should be provided to them. The government's motion is well-taken, supported by law and authority, and should be granted.

For the foregoing reasons, the United States of America respectfully asks this Court to send, or authorize the filter attorneys to send, copies of the medical records received from Northwest Medical Center and Dr. Thomas Brittain, directly to the evaluators. The United States further requests that the Court order that Dr. Bianchi, the defendant's pediatrician, and Sonora Behavioral Health Hospital, provide all medical and mental health records to the evaluators directly, and notify the Court and counsel of such compliance.

Respectfully submitted this 21st day of April, 2011.

        DENNIS K. BURKE
        United States Attorney
        District of Arizona

        *s/Wallace H. Kleindienst*

        Wallace H. Kleindienst
        Assistant U.S. Attorney

        */s Mary Sue Feldmeier*

        Mary Sue Feldmeier
        Assistant U.S. Attorney

        /s *Christina M. Cabanillas*

        Christina M. Cabanillas
        Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 21st day of April, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.