UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                                  Plaintiff,<br>vs.<br><br>Jared Lee Loughner,<br><br>                                  Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**ORDER RE: PRODUCTION OF DEFENDANT'S MEDICAL RECORDS** |

      The Government seeks a court order requiring that certain of the defendant's medical records be produced to Dr. Christina Pietz, one of the Court-appointed competency examiners in Springfield, Missouri. Dr. Pietz has requested the records so that she may consider them while finalizing her psychological examination and report. The records are from: (1) Dr. Henry Bianchi, the defendant's pediatrician; (2) Sonora Behavioral Health, which treated the defendant for extreme intoxication on May 12, 2006; and (3) Northwest Medical Center Urgent Care[1], where the defendant was allegedly treated around May 14, 2004.

      The Government doesn't appear to have any present interest, itself, in the records. It merely identified for Dr. Pietz a number of doctors and facilities that have provided medical care to the defendant in the past, and *she* indicated that the records now at issue would be

---

[1] The Government concedes that it previously subpoenaed, and that its filter team now possesses, the records from the Northwest Medical Center. It is not seeking to compel the production of these records, although it still asks the Court to order that they be provided to Dr. Pietz.

useful to her. Indeed, the Government prefers that it not even receive the records, instead urging that they be sent directly to Dr. Pietz in Springfield. The defense opposes production of the records unless there are assurances they will be used exclusively for the purpose of determining the defendant's competency. Otherwise, it argues, production cannot be compelled under the legal authority on which the Government relies.

There is no legal basis, and the defense offers none, for withholding from *Dr. Pietz* medical records that may inform her opinion of whether the defendant understands the nature and consequences of the proceedings against him and can assist properly in his defense. *See* 18 U.S.C. § 4241(a). From the beginning, the Court has articulated "a heightened interest in facilitating the most thorough, scientific, and reliable examination possible in this case." (Doc. No. 165 at 2.) This interest remains fundamental. If consideration of the records will assist Dr. Pietz in conducting a more thorough, more scientific, and more reliable examination than is otherwise possible, she should have them. With all respect, the defense's argument that the records are not *essential* to a determination of competency is somewhat presumptuous and surely besides the point.

What, then, of the defense's concern about the records being improperly used by the Government for purposes other than determining the defendant's competency? First, even assuming the Government harbors some illicit motive (it disclaims any) in asking that the medical records be produced to Dr. Pietz, this would not be a reason to keep them out of *her* hands. Dr. Pietz doesn't work for the prosecutors, and in no way is she collaborating with them such that her work should be restricted because of *their* present or future motives. Dr. Pietz works for the Court, and the Court defers to her expertise and opinion that the requested medical records may inform her ultimate conclusions as to the defendant's competency.

Second, the defense already has the Court's assurances that it will not allow impermissible use to be made of the medical records outside of the competency proceedings. If, at any future stage of proceedings in this case, the defense believes the Government is using the records in an unauthorized manner, the defense may object and

the Court will enforce the law.  (*See* Doc. No. 173.)  The Court is especially mindful of the requirement of 18 U.S.C. 4241(f) that a determination of competency "shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged."  The Court will also strictly enforce Rule 12.2(c)(4), which governs the admissibility at trial of a defendant's statements made during a competency examination and any fruits of those statements.  Finally, hoping to avoid needless conflict over the production of these records, the Court reiterates its earlier admonition that the competency examination "shall not focus on the defendant's sanity at the time of the alleged offense, nor shall the examination purposefully attempt to explore potential aggravating or mitigating sentencing factors in this case."  (Doc. No. 165 at 5.)

The Government's motion to compel the production of the medical records is **GRANTED**.  The Government shall without delay submit an order for the Court's signature directing Sonora Behavioral Health and Dr. Bianchi to forthwith transmit copies of their records *directly to Dr. Pietz in Springfield*.  The Government's filter team shall likewise immediately transmit the records in its possession from Northwest Medical Center to Dr. Pietz.  Upon the request by Dr. Carroll, the records shall be made available to him by the staff at Springfield.

**IT IS SO ORDERED.**

DATED this 22nd day of April, 2011.

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:     Dr. Christina Pietz; Dr. Matthew Carroll