# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States of America, | CASE NO. 11cr0187 TUC LAB |
|---|---|
| Plaintiff, | **ORDER RE: CASE DOCKET** |
| vs. | |
| Jared Lee Loughner, | |
| Defendant. | |

On March 4, 2011, Phoenix Newspapers, Inc. moved to unseal all documents that have been filed under seal in this case, along with the entries in the case docket that correspond to those documents. (Doc. No. 132.) The Court addressed PNI's motion at a hearing on March 9, 2011, and represented that, going forward, it would not permit the parties to lodge documents under seal with the Clerk without preauthorization by the Court based upon a legally-adequate showing of good cause. But it's worth noting that even before PNI filed its motion to unseal documents and the docket entries, the Court had *sua sponte* established a different and more transparent protocol for filing documents under seal in this case. (Doc. No. 126.)

The standards for sealing judicial records are well established, and will be strictly followed in this case. Unless a particular document has "traditionally been kept secret for important policy reasons," *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989), "a strong presumption in favor of access to court records" should be the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This means

a party seeking to seal a pleading must articulate compelling reasons for the sealing; a court must then balance those reasons against the public's interest in, and corresponding presumption of, openness. "This presumption of access may be overcome only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotations omitted). A court should not seal a document without stating clearly the reasons for doing do. *Id.*

Although the Clerk has halted the practice in this case of automatically sealing documents without prior Court approval, the public docket contains a number of leftover gaps and no accounting for them. This Order is intended to explain and close those gaps. In particular, this Order addresses documents that were under seal when the motion was filed, and with respect to which there is no visible sealing order in the docket that sheds light on the basis for the sealing. It provides an inventory of sealed documents that the Court believes have been properly sealed, *and* unseals documents that were improvidently sealed.

Accordingly, the Court directs the Clerk to take the following actions with respect to the below-listed docket entries in this case:

1) **Doc. No. 1**, the unredacted complaint against the defendant, **will remain sealed** because it contains his home address. A redacted complaint appears at Doc. No. 2.
2) **Doc. No. 3**, the arrest warrant issued for the defendant, **may be unsealed**.
3) **Doc. No. 9**, a financial affidavit of the defendant, **will remain sealed** because it contains his confidential financial information.
4) **Doc. No. 15**, a Pretrial Services bail report, **will remain sealed** pursuant to 18 U.S.C. § 3153(c)(1).
5) **Doc. Nos. 25, 26, 27, 30, 31, 32 and 33**, which relate to a single *ex parte* motion filed by the defense, **will remain sealed** because they reveal defense strategy.
6) **Doc. Nos. 34, 35, 38, 39, 40, 41, 42, and 43**, defense motions and Court orders relating to the defense's access to Bureau of Prisons records of the defendant, **may be unsealed**.

7) **Doc. No. 44**, the unredacted original indictment, **will remain sealed**, pursuant to the practice of the District of Arizona, because it contains the signature of a member of the grand jury. A redacted indictment appears at Doc. No. 36.

8) **Doc. Nos. 49**, **50, 51, 52, 53, 54, 55, 59, 60, 65, 66, 118, 119, 124, 125**, **and 167**, motions and Court orders relating to confidential grand jury matters, **will remain sealed**.

9) **Doc. Nos. 61, 62, 105, 106, 113, and 114,** motions regarding the BOP's release of records, **shall be stricken from the docket**. The Court denied the defense's request to file these materials under seal, and the defense instead filed the motion that appears at Doc. No. 122. **Doc. Nos. 107 and 108**, however, which constitute the evidentiary basis for the defense's motion, **will remain sealed**. **Doc. Nos. 120 and 121**, in which the defense withdrew the above-stricken documents, **may be unsealed**.

10) **Doc. Nos. 63, 64, 90, 91, 92, 166, 172, 176, 177, 187, 189, 190, 192, and 205** concern defense counsel's billing under the Criminal Justice Act, and **will remain sealed**.

11) **Doc. Nos. 67, 68**, concerning PNI's motion to unseal search warrant materials, **may be unsealed**. The Court resolved that issue in an order that appears at Doc. No. 150. However, **Doc. Nos. 87, 98, 101, 102, 103, 104, and 154**, which concern the unredacted search warrant materials, **will remain sealed**. The redacted materials appear at Doc. No. 152.

12) **Doc. No. 130**, the unredacted superseding indictment, **will remain sealed** because it contains the signature of a member of the grand jury. A redacted indictment appears at Doc. No. 129.

13) **Doc. Nos. 69, 74, 75, 76, and 100**, orders and minutes from a closed hearing held on February 4, 2011, **will remain sealed**. The hearing concerned confidential grand jury matters, an application to appoint counsel for the defendant's parents, and the Bureau of Prison's protocol for handling any incoming or outgoing mail to or from the

1  defendant.

2  14) **Doc. Nos. 142, 143, and 144**, an exhibit to the defense's status report at Doc. No.
3  133, contain confidential defense strategies and **will remain sealed**.

4  15) **Doc. No. 155**, the minutes of an *ex parte* hearing with defense counsel, **will remain
5  sealed**.

6  16) **Doc. Nos. 194, 200, and 214,** a motion and briefing concerning the protocol for
7  handing the defendant's incoming and outgoing mail, **will remain sealed**.

If the defendant or the Government objects to unsealing the documents identified in this Order under headings (2), (6), (9), or (11), they must lodge with the Court by no later than Friday, June 3, 2011 the basis for their objection. The Court will allow the parties this opportunity on the ground that it may be overlooking a legitimate reason for sealing the identified documents. In the absence of a further order of the Court, the Clerk shall unseal the docket entries identified headings (2), (6), (9), and (11) on Friday, June 10, 2011.

**IT IS SO ORDERED.**

DATED: May 23, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge