1  Judy Clarke
   Clarke and Rice, APC
2  1010 2nd Avenue, Suite 1800
   San Diego, CA 92101
3  (619) 308-8484

4  Mark Fleming
   Law Office of Mark Fleming
5  1350 Columbia Street, #600
   San Diego, CA 92101
6  (619) 794-0220

7  Reuben Camper Cahn
   Ellis Johnston III
8  Janet Tung
   Federal Defenders of San Diego, Inc.
9  225 Broadway, Suite 900
   San Diego, CA 92101
10 (619) 234-8467

11 Attorneys for Defendant Jared Lee Loughner

12                    UNITED STATES DISTRICT COURT

13                         DISTRICT OF ARIZONA

14 UNITED STATES OF AMERICA,      )   Case No. CR 11-0187-TUC LAB
                                  )
15          Plaintiff,            )
                                  )
16 v.                             )   **RESPONSE TO GOVERNMENT**
                                  )   **REQUEST FOR DISCLOSURE**
17 JARED LEE LOUGHNER,            )
                                  )
18                                )
           Defendant.            )
19 _____)

20         On May 23, 2011, two days before the date set by the Court for a determination of the

21 defendant's competency to stand trial, the government filed a "Request for Disclosure" under

22 Fed. R. Crim. P. 16(b). [Dkt. 217].  At the competency hearing that followed on May 25, 2011,

23 the Court found Jared Loughner incompetent to stand trial.  In reaching this conclusion, the

24 Court concluded that Mr. Loughner's severe mental illness deprived him of both the ability to

25 understand the proceedings against him and the capacity to assist his counsel in his defense.  The

26 Court therefore ordered that Mr. Loughner be committed to the custody of the Attorney General

27 for hospitalization at the Federal Medical Facility in Springfield, Missouri, pursuant to 18 U.S.C.

28 § 4241(d).  [Dkt. 221, filed 5/26/11].  This statutorily-mandated commitment was ordered to

                                        1

1   allow a determination of whether there exists a "substantial probability" that Mr. Loughner will

2   attain the capacity to stand trial in the foreseeable future.  *See* 18 U.S.C. §4241(d)(1).

3          The Court's finding that Mr. Loughner is incompetent necessarily leaves the trial-related

4   proceedings against him at a standstill, which is where they have been since March 9, 2011,

5   when the Court found it necessary to order a competency evaluation.  The Court's findings as

6   announced in open court on May 25 make clear that defense counsel cannot have rational or

7   meaningful communication with Mr. Loughner concerning the charges.  Nor can counsel consult

8   with Mr. Loughner about any possible defenses or evidence that may be offered at a trial;

9   whether or not evidence of examinations and tests will be conducted or offered by the defense;

10  or the identity of expert witnesses, and summaries of their opinions, whom the defense may call

11  at trial.  *See* Rule 16(b)(1)(A) - (C).  In short, the defense cannot begin to provide reciprocal

12  discovery unless or until Mr. Loughner becomes competent and has had adequate time to work

13  with and consult with his counsel.[1]

14                                              Respectfully submitted,

15

16                                               */s/ Judy Clarke*

17  DATED: June 6,  2011                    _____

18                                          JUDY CLARKE
                                            MARK FLEMING
19                                          REUBEN CAMPER CAHN
                                            Attorneys for Jared Lee Loughner

20

21

22  Copies of the foregoing served electronically to:
    Wallace H. Kleindienst, Beverly K. Anderson
23  Christina M. Cabanillas, Mary Sue Feldmeier

24  _____

25      [1]  The government asserts compliance with its Rule 16 obligations and recognizes its
    continuing obligation to disclose.  Though we have received substantial discovery (up to bates
26  27884), it is unclear from our review to date whether the government has produced recordings
    of Mr. Loughner's post arrest statements, reports of examinations and tests, or expert reports and
27  summaries sufficient to invoke the reciprocal provisions of the Rule.  This would be true even
    were Mr. Loughner competent to proceed.
28