DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Christina.Cabanillas@usdoj.gov
Bev.Anderson@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| United States of America, | CR 11-0187-TUC-LAB |
|---|---|
| Plaintiff, | |
| v. | **RESPONSE TO SUPPLEMENTAL NOTICE REGARDING PSYCHOTROPIC MEDICATION** |
| Jared Lee Loughner, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and hereby responds to the above supplemental motion as follows:

On May 27, 2011, the defense filed a one-sentence request, without authority, asking for "advance notice of any intent to administer psychotropic medication to Mr. Loughner." (CR 222, pp. 1-2.)

On June 2, 2011, this Court denied the motion, noting in particular that if the defense was "asserting a right to contest any unforced treatment regimen, which implies a requirement that FMC staff provide defense counsel of advance notice of the defendant's voluntary decision to take anti-psychotic medication," then counsel needed to file a supplemental motion, more than one sentence long, "outlining the legal theory and caselaw supporting such a right." (CR 227, pp. 1-2.)

On June 9, 2011, defense counsel filed a supplemental pleading. However, it fails to demonstrate that the defense has "a right" to the advance notice it seeks. (CR 232.)

First, the defense has asked this Court to compel the Bureau of Prisons (BOP) to give the defense advance notice before BOP conducts an administrative hearing under 28 C.F.R. § 549.43 if the defendant does not consent to medication.  An administrative hearing under 28 C.F.R. § 549.43(a), which is sometimes called a "*Harper* hearing," determines in part whether an inmate is "dangerous to self or others." 28 C.F.R. § 549.43(a)(5); *see also Washington v. Harper*, 494 U.S. 210 (1990). [1]  As § 549.43 reflects, and as the Supreme Court noted in *Harper*, there is no right to counsel at such an administrative hearing. *Id*. at 236.  Because there is no right to counsel, then it follows that the defense has failed to demonstrate a right to advance notice of that hearing. [2]

Second, the defense has asked this Court to require medical professionals at FMC-Springfield to provide advance notice if the defendant consents to take medication, and before administering medication based on that consent, so that defense counsel can "discuss the question of informed consent with the medical professional(s), or alternatively to bring the question to the attention of the Court" so this Court can "substitute" its judgment "regarding any consent."  (CR 232, p. 3.)  The defense has failed to provide on-point authority supporting this request.

---

[1] The *Harper* administrative hearing generally precedes any hearing under *Sell v. United States*, 539 U.S. 166 (2003), because if a defendant refuses medication but is determined to be dangerous under *Harper*, he can be forcibly medicated for that separate reason. *See United States v. Rivera-Guerrero*, 426 F.3d 1130, 1137 (9th Cir. 2005) ["The Supreme Court clearly intends courts to explore other procedures, such as *Harper* hearings (which are to be employed in the case of dangerousness) before considering involuntary medication orders under *Sell*."]; *United States v. Hernandez-Vasquez*, 513 F.3d 908, 914 (9th Cir. 2008) (same). If the defendant is found not to warrant forced medication under *Harper*, then, as this Court observed, it would determine under *Sell* whether the defendant can be forcibly medicated to restore competency. (CR 227 at 1.)

[2] When the Supreme Court in *Harper* determined that there was no right to counsel at the administrative hearing, it noted: "[I]t is less than crystal clear why *lawyers* must be available to identify any errors in *medical* judgment. . . . Given the nature of the decision to be made, we conclude that the provision of an independent lay adviser who understands the psychiatric issues involved is sufficient protection."  *Harper*, 494 U.S. at 236 (emphasis in original) (internal citations omitted). As the administrative regulation reflects, the inmate is provided "procedural safeguards" at the hearing, including a staff representative.  28 C.F.R. § 549.43(a).

The defense cites *Benson v. Terhune*, 304 F.3d 874 (9th Cir. 2002), but that decision does not hold that the Bureau of Prisons is compelled in a federal case to advise defense counsel before medical professionals administer medication based on a federal inmate's consent. *Benson* arose as a habeas corpus petition by a state prisoner who claimed that she had been deprived of a fair trial by medications she was given, so that the legal standard applied was one peculiar to such actions (i.e., whether the state courts had "unreasonably applied" *Riggins* and other Supreme Court authority), not the actual constitutional parameters of the right not to be subjected to unwanted medications. Although the decision refers in general terms to a due process right to give informed consent before receiving psychotropic medications, based mainly on some Section 1983 cases, *id.* at 883-84, there was no issue of mental competency in that case, so the Ninth Circuit was not attempting to apply the concept of "informed consent" to a situation like the defendant's. *Id.* at 877-81. Thus, the circumstances in *Benson* were completely different. The opinion never suggests that defense counsel was involved in making the decision to take the medications, or should have been, nor does it address the idea that this Court can "substitute its judgment" on the question of whether medication can be administered based on a defendant's consent.

Defense counsel acknowledges that the medical professionals at FMC-Springfield would discuss "the risks and benefits of psychotropic medication with a patient prior to administering medication to a consenting individual" (CR 232 at 2-3), but the defense appears to suggest that a defendant who has been diagnosed with a mental illness and found legally incompetent to stand trial is incapable of consenting to medical treatment. This is not true. "Mentally ill patients, though incapacitated for other purposes, can be competent to make decisions concerning their medical care. . ." *United States v. McAllister*, 225 F.3d 982, 989 (8th Cir. 2000); *Davis v. Hubbard*, 506 F.Supp. 915, 935 (N.D. Ohio 1980) ("there is no necessary relationship between mental illness and incompetency which renders [the mentally ill] unable to provide informed consent to medical treatment"); *see also Rennie v. Klein*, 653 F.2d 836, 846 (3d Cir. 1981) (en banc), *vacated on other grounds*, 458 U.S. 1119 (1982)

("Even though a person may be mentally ill, and has been properly committed involuntarily, he nonetheless is considered competent to some extent," and "[i]t is simply not true that all [such persons] are always incapable of making a rational decision on treatment."). Thus, a determination that a defendant has a mental illness and is *legally* incompetent to stand trial does not mean he is *medically* incompetent to consent to medical treatment. [3/] The defense has failed to demonstrate that FMC-Springfield is required to provide advance notice to defense counsel before medicating the defendant based on his consent.

This Court properly denied the defendant's original motion for lack of support. [4/] The defense's supplemental motion now cites some authority, but none of it justifies a court order compelling notice. For the foregoing reasons, this Court should deny the defendant's "Supplemental Motion for Notice Regarding Psychotropic Medication."

Respectfully submitted this 16th day of June, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Wallace H. Kleindienst*

WALLACE H. KLEINDIENST
Assistant U.S. Attorney

*s/Christina M. Cabanillas*

CHRISTINA M. CABANILLAS
Assistant U.S. Attorney

---

[3/] The record reflects that the defendant was capable of making an informed decision to waive his presence at the competency hearing. After his outburst and temporary removal from the courtroom, this Court gave the defendant another opportunity to remain, explaining to the defendant that he had a right to be physically present and to listen to what is being advocated on his behalf, and that he could also waive that right. The Court then asked the defendant whether he wished to remain in the courtroom or watch the proceedings on a television. The defendant replied: "I want to watch the TV screen." (RT 5/25/11 36.) The Court accepted this waiver, as did defense counsel and the government. (RT 5/25/11 36-37.)

[4/] *See* Rules of Practice for the United States District Court of Arizona (Local Rules), LRCrim 12.1; LRCiv.7.2(b) (moving party shall provide "points and authorities replied upon in support of the motion"); LRCiv 7.2(i) (if a motion does not "conform in all substantial respects with the requirements of this Local Rule . . . such non-compliance may be deemed consent to the denial . . . of the motion and the Court may dispose of the motion summarily").

Copy of the foregoing served electronically
or by other means this 16th day of June, 2011, to:

Judy M. Clarke, Esq.
Reuben Camper Cahn, Esq.
Mark Fleming, Esq.