# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 11cr0187 TUC LAB |
| Plaintiff, | **ORDER RE: NOTICE OF PSYCHOTROPIC MEDICATION** |
| vs. | |
| Jared Lee Loughner, | |
| Defendant. | |

Counsel for the defendant have filed a motion on his behalf asking that they be notified if the Federal Medical Center staff intends to administer psychotropic medications to him.  (Doc. No. 232.)  In particular, they request notice of: "(1) the intent to convene an administrative hearing under 28 C.F.R § 549.43, including the date of such hearing and identity of the staff representative assigned to Mr. Loughner; and (2) any intention to administer psychotropic medications, either voluntarily, or involuntarily as a result of the administrative hearing, including advance notice of the type, dose and frequency of administration of the intended drug."  The Government filed an opposition to the motion in which it argued that counsel have no right to the requested notice. The Court agrees with the Government, and the motion is **DENIED**.

/ / /

/ / /

Notice of the intention to administer anti-psychotic medication to the defendant is due to counsel only in one instance: if the FMC staff proposes to medicate the defendant involuntarily *in order to restore him to competency* under 18 U.S.C. § 4241(d).  *See Sell v. United States*, 539 U.S. 166 (2003).  Involuntary medication for this purpose requires the Court's sanction, and that sanction requires an adversarial hearing at which the defendant is entitled to the assistance of counsel.

By contrast, if the FMC staff contemplates medicating the defendant under *Washington v. Harper*, 494 U.S. 210 (1990), on the ground that he poses a danger to himself or to others, he is entitled to an *administrative* hearing pursuant to 28 C.F.R. § 549.43.  *See United States v. Ruiz-Gaxiola*, 623 F.3d 684, 687 (9th Cir. 2010) (*Harper* hearing, unlike a *Sell* hearing, is administrative).  That form of hearing does not contemplate the involvement of counsel.  The involvement of counsel is actually *counter*-indicated in § 549.43 insofar as the regulation entitles an inmate to a "staff representative":

> (a) Procedures.  When an inmate will not or cannot provide voluntary written informed consent for psychotropic medication, the inmate will be scheduled for an administrative hearing . . . . In regard to the hearing, the inmate will be given the following procedural safeguards:
>
> (1) Staff shall provide 24-hour advance written notice of the date, time, place, and purpose of the hearing, including the reasons for the medication proposal.
>
> (2) Staff shall inform the inmate of the right to appear at the hearing, to present evidence, to have a staff representative, to request witnesses, and to request that witnesses be questioned by the staff representative or by the person conducting the hearing. If the inmate does not request a staff representative, or requests a staff representative with insufficient experience or education, the institution mental health division administrator shall appoint a staff representative.

In *Harper* itself, moreover, the Supreme Court explicitly rejected the notion that due process entitles an inmate to counsel during an administrative proceeding to determine whether the inmate should be involuntarily medicated because he is dangerous: "Respondent contends that the Policy is nonetheless deficient because it does not allow him to be represented by counsel.  We disagree . . . . Given the nature of the decision to be made, we conclude that

1  the provision of an independent lay adviser who understands the psychiatric issues involved
2  is sufficient protection." 494 U.S. at 236.

3        Counsel's motion asserts that, with notice, they "may be able to assist in [the
4  administrative hearing], or provide information to the staff representative who will participate
5  in any such hearing." (Doc. No. 232 at 2.) This presumes, mistakenly, that § 549.43 invites
6  their involvement. It does not. And absent such an invitation, there is no basis for the Court
7  to order the FMC staff to notify them of a hearing under § 549.43, or of any decision to
8  medicate the defendant that may follow from that hearing.

9        Counsel also request notice if the defendant *consents* to medication. They are not
10 entitled to it. To be sure, there are circumstances in which an inmate's consent to
11 medication may be deemed involuntary, *see Benson v. Terhune*, 304 F.3d 874, 884–85 (9th
12 Cir. 2002), but there is no legal authority for counsel's position that as a precaution against
13 this they must be notified the moment the defendant expresses a willingness to take
14 medication. The Court has full faith in the judgment and experience of the FMC staff, and
15 it is confident that *should* the defendant consent to medication, the staff will make certain his
16 consent is voluntary. The mere fact that the defendant has been found incompetent to stand
17 trial in this case provides no basis for presuming that every decision he makes is
18 incompetent. *See United States v. McAllister*, 225 F.3d 982, 989 (8th Cir. 2000) ("Mentally
19 ill patients, though incapacitated for particular purposes, can be competent to make
20 decisions concerning their medical care . . . . ").

21        Asking for mere *notice* sounds like a humble request, and maybe it is. However,
22 the request also carries with it the implication of hindering a process that the caselaw and
23 applicable statutes explicitly indicate is to proceed without the involvement of lawyers. As
24 counsel see it, "[w]ith notice, counsel can then determine whether there is a need to take
25 action to engage the Court in protecting Mr. Loughner's rights." (Doc. No. 232 at 2.) But that
26 is precisely the premise the Supreme Court rejected in *Harper*, and the Court rejects it now.
27 *See Harper*, 494 U.S. at 236 ("It is less than crystal clear why *lawyers* must be available to
28 identify possible errors in *medical* judgment."). The Court respects defense counsel's

1  concern for the defendant's well-being, but it declines to carve out an oversight role for them

2  within § 549.43.

3          **IT IS SO ORDERED.**

4  DATED this 17th day of June, 2011

5

6          **HONORABLE LARRY ALAN BURNS**
           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28