DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindientst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Jared Lee Loughner,<br><br>　　　　Defendant. | CR 11-0187-TUC-LAB<br><br>**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR DISCOVERY** |

COMES NOW the United States of America, by and through its undersigned counsel, and hereby replies to defendant's Response To Government's Request for Discovery. As grounds in support thereof, the government states as follows:

1. Following the defendant's arraignment, the government complied with the defense's request for discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure by producing more than 27,000 pages of documents. Disclosure of newly received documents continues. Rule 16(b) requires the defendant, in return, to disclose to the government any items identified in Rule 16(b) which are in his possession, custody and/or control. The government has requested production of these items, to the extent that they now exist or which come into defendant's possession in the future. However, despite having received the benefits of government disclosure, the defense refuses to reciprocate as he is required to do by law.

2. The defense's arguments justifying its position lack merit. First, the defense claims that when the Court ordered the defendant to be evaluated for competency on March 9, 2011, the trial-related proceedings against him came to standstill. This argument is unsupported by the Federal Rules of Criminal Procedure or applicable case law. The Court has entered no order which has stopped the prosecution of this case. Indeed, several issues have been litigated since March 9, 2011, including the litigation with respect to the Federal Bureau of Prison's handling of the defendant's incoming and outgoing mail, the government's request to compel production of the defendant's medical records, and the defense's recent requests for advance notice of the administration of psychotropic medication to the defendant.

3. Second, the defense claims that they cannot determine what evidence to disclose to the government as long as the defendant remains incompetent, because they need his input in order to make these decisions. (Defendant's Response, page 2, lines 5-8.)  Rule 16(b) essentially requires the defense to disclose three categories of items: (a) books, papers, documents, data, photographs and/or tangible objects which the defense intends to use in its case-in-chief at trial; (b) reports of physical or mental examinations and tests, and/or scientific tests or experiments, if the defense had made the same request of the government and the government has complied; and (c) the identity of expert witnesses and a summary of their expected testimony, including the expert's opinions, and the expert's qualifications.

4. It is clearly the case that decisions about disclosure of a multitude of diverse documents described in subparagraph (a) are routinely made by defense counsel without client input. The defense should be ordered to disclose to the government these documents and items on an on-going basis. If the defense believes that a particular document or item should not be disclosed until they can consult with the defendant, they can submit it to the Court to determine whether the item requires the defendant's approval for disclosure.

5. With respect to the remaining items, the government recognizes that decisions about using physical or mental examinations and scientific tests as well as expert witnesses at trial are decisions that should be made after consultation with the defendant. The government

requests that these items, to the extent they exist, be provided by the defense in a timely manner after they can consult with the defendant.

6. The defense's footnote on page two of its response suggests that the government has not completely complied with Rule 16(a) because, based upon a defense "review," recordings of the defendant's post arrest statements and the reports of examinations and tests and expert witness reports have not been disclosed, and therefore defendant's responsibilities under Rule 16(b) have not been triggered. This argument is unavailing. The defendant never made a recorded statement following his arrest. He did volunteer oral statements which were recounted in law enforcement reports provided to the defense. The government does not presently have any reports of examinations, tests or expert witness testimony. If and when such reports are received by the government, they will be disclosed as required by Rule 16(a).

7. The government, no less than the defendant, has the right to prepare an effective case for trial. It is unfair to require the government to comply with the rules, yet not impose the same burden on the defense. If the defendant regains competency, the Court will likely schedule a quick trial, leaving little time for the government to review the defense disclosure. The defense has provided no valid basis to avoid its obligations under Rule 16.

WHEREFORE for the above and foregoing reasons, the United States of America respectfully requests that this Court require the defense to comply with the Federal Rules of Criminal Procedure, as the government has done, on an on-going basis.

Respectfully submitted this 17th day of June, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Wallace H. Kleindienst*

Wallace H. Kleindienst
Assistant U.S. Attorney

3

Copy of the foregoing served electronically
or by other means this 17th day of June, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.