Judy Clarke
Clarke and Rice, APC
1010 2nd Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484

Mark Fleming
Law Office of Mark Fleming
1350 Columbia Street, #600
San Diego, CA 92101
(619) 794-0220

Reuben Camper Cahn
Ellis Johnston
Janet Tung
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467

Attorneys for Defendant Jared Lee Loughner

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 11-0187-TUC LAB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S REQUEST FOR** |
| | ) | **VIDEOTAPING OF RESTORATION** |
| JARED LEE LOUGHNER, | ) | **PROCEDURES** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The defense hereby respectfully requests that the Court, in the interests of justice and for the purposes of preservation of evidence, order videotaping of all clinical assessments of the whether there is a substantial probability that in the foreseeable future Mr. Loughner will attain the capacity to permit the proceedings to go forward during his commitment to MCFP Springfield pursuant to 18 U.S.C. § 4241(d).

**A.     Background**

On May 25, 2011, the Court held a competency hearing pursuant to § 4241.  At the hearing, the Court found Mr. Loughner incompetent to stand trial and ordered him committed

1

to the custody of the Attorney General for a four-month period to determine whether he can be restored to competency pursuant to § 4241(d) (providing for commitment "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit he proceedings to go forward").  The competency evaluations were videotaped.

The defense requests here that the competency restoration efforts during Mr. Loughner's present commitment for restorability determination likewise be videotaped.

**B.    Videotaping of Restoration Efforts**

Like the competency evaluation, the restoration commitment and restorability determination are critical proceedings at which defendant has the right to counsel.  *See Estelle v. Smith*, 451 U.S. 454, 469-71 (1981).  In order to safeguard Mr. Loughner's Sixth Amendment rights, as well as to create a full and reliable record of the basis of the restorability evaluator's opinion, counsel requests that provision be made for all clinical assessments of Mr. Loughner's restorability under § 4241(d) be videotaped, that the videotape be secured, and be disclosed only to defense counsel.  *Accord*, *e.g., United States v. Johnson*, 362 F. Supp. 2d 1043, 1085-91 (D. Iowa 2005) (rejecting defense counsel's request under Fifth and Sixth Amendments to be present at government testing under Rule 12.2, but ordering that government examination be tape recorded and copies provided immediately to defense counsel); *United States v. Fell*, 372 F. Supp. 2d 753, 761 (D. Vt. 2005) (rejecting defense request under Fifth and Sixth Amendment to be present at government testing under Rule 12.2, upon government's agreement to tape record interview and provide defense counsel with option of simultaneous audio-feed).

Videotaping is for the protection of the defendant subject to commitment and restoration efforts by the government.  It is not a tool for use by the government in seeking a capital conviction and sentence of death.  The ABA Standards governing mental health issues in criminal cases make this clear in the context of the compelled competency examination.  The analysis is no different at the restorability phase:

> All court-ordered evaluations of defendant initiated by the prosecution should be recorded . . . if possible, on videotape, and a copy of the recording should be provided promptly *to the defense attorney.  The defense may use* the recording for any evidentiary purpose permitted by the jurisdiction.  If the defense intends to use the recording at trial, it should notify the court.  Upon receiving notice, the court

should promptly provide to the prosecution a copy of the recording. Upon defense motion, the court may enter a protective order redacting portions of the recording before it is forwarded to the prosecution.

ABA Standards for Criminal Justice: Mental Health, Standard 7-3.6(d), at 100 (1986). What the ABA standards recognize is that the competency proceedings exist for the protection of the defendant—not for the prosecution to gather information out of the defendant's own mouth, deposition-style, to use in advocating for a conviction or sentence of death. As the standards provide, only the defense should receive a copy of the videotapes; the government should receive a redacted version *only* "[i]f the defense intends to use the recording at trial" and when the defense provides such notice to the court. Cf. id. at Standard 7-3.6(c)(iii) ("The prosecutor may not be present at any mental evaluation of the defendant."). The commentary explains that:

The sixth amendment right to adequate representation by an attorney is protected under the standard by the requirement that all court-ordered evaluations initiated by the prosecution be recorded, preferably through videotaping, and by the further requirement that a copy of the recording be supplied to defense counsel.

Id. at 107 (commentary to paragraph (c)).[1]

---

[1] The defense recognizes that the instant request, in order to be comprehensive, should have been made at an earlier juncture, before the restorability assessments began. In the event that recordings of clinical assessments already exist, the defense requests their preservation and disclosure to defense counsel.

## C.      Conclusion

In view of the likely evidentiary value, as well as to safeguard Mr. Loughner's constitutional rights to counsel and reliability of the restorability determination, the defense requests that the Court order that all clinical assessments of "whether there is a substantial probability that in the foreseeable future [Mr. Loughner] will attain the capacity to permit the proceedings go forward" during Mr. Loughner's commitment under § 4241(d) be videotaped and provided to defense counsel.

Respectfully submitted,

DATED: July 15, 2011

*Judy Clarke*

_____
JUDY CLARKE
MARK FLEMING
REUBEN CAMPER CAHN
Attorneys for Jared Lee Loughner

Copies of the foregoing served electronically to:
Wallace H. Kleindienst, Beverly K. Anderson
Christina M. Cabanillas, Mary Sue Feldmeier