DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
BRUCE M. FERG
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Bruce.Ferg@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>      v.<br><br>Jared Lee Loughner,<br><br>            Defendant. | CR 11-0187-TUC-LAB<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR VIDEOTAPING OF RESTORATION PROCEDURES**<br><br>(No Hearing Requested) |

Comes now the United States of America, by its attorneys undersigned, and hereby responds to the defendant's Request For Videotaping of Restoration Procedures (CR 262).

This Court previously ordered videotaping of the competency examinations of the defendant. (CR 165, 173.) The defendant has now filed a motion asking this Court to order the Bureau of Prisons to videotape what he variously describes as "all clinical assessments," "competency restoration efforts," "restorability determination[s]," and "restorability assessments" of the defendant. (CR 262 at 1, 2, and 3 n.1.) Because the motion is not supported by any pertinent legal authority, is too vague to state a meaningful request for relief, and (if construed as broadly as the defendant apparently intends) is completely impracticable, the government respectfully requests that this Court deny the motion. No further hearing is needed.

**Law/Argument**

The defendant provides no basis in law for the apparently unlimited videotaping he has requested. The motion is essentially a brief compendium of irrelevant "authorities" already found unpersuasive by this Court. It should be denied.

The defendant first asserts that, "[l]ike the competency evaluation, the restoration commitment and restorability determination are critical proceedings at which defendant has the right to counsel. *See Estelle v. Smith*, 451 U.S. 454, 469-71 (1981)." (CR 262 at 2.) This renews a claim made in "Defendant's Requests Re: Competency Procedures." (CR 159 at 5.) This Court found that contention incorrect, reasoning that the Sixth Amendment right to counsel extends only to "critical stages" of a criminal proceeding, as discussed in *United States v. Cronic*, 466 U.S. 648, 659 (1984), but a competency examination is not such a "critical stage." (Order of 3/24/11, Denying Motion for Stay and Reconsideration, CR 173 at 6-7.)

The defendant's position is still incorrect. *Estelle* did not state that the defendant has a right to have his attorney present at a mental evaluation, much less during competency restoration efforts. On the contrary, the Supreme Court noted with apparent approval that, "the [Fifth Circuit] did not find any constitutional right to have counsel actually present during the examination. In fact, the Court of Appeals recognized that 'an attorney present during the psychiatric interview could contribute little and might seriously disrupt the proceedings.'" *Estelle*, 451 U.S. at 471 n.14. In that same footnote, the Supreme Court also directed attention to then-Circuit Judge Burger's opinion concurring in part and dissenting in part in *Thornton v. Corcoran*, 407 F.2d 695 (D.C. Cir. 1969), which concerned a defendant's request for presence of counsel at conferences between him and the staff of St. Elizabeth's Hospital, into which he had been ordered for a competency examination. Judge Burger wrote:

> There is no legal basis for equating a Medical Staff Conference to a "confrontation" either in the traditional sense or within the meaning of *Wade-Gilbert*. Those cases apply only to critical prosecutive stages. The vice of requiring a sensitive diagnostic

2

process to be conducted as though it were an adversary matter seems too obvious to need discussion. The value of that process is undermined by anything which inhibits the free exchange of views; the integrity of the process makes privacy imperative. The presence of a lawyer for the patient at a staff conference would obviously inhibit the free expression and exchange of ideas which normally occurs. The check on the processes by which the Superintendent of the Hospital reaches his conclusion is the power to cross examine him. The legal method of inquiry is unsuited to the medical investigation to be conducted. Medical diagnostic procedures should not be inhibited by non-medical notions of procedural "due process."

*Id.* at 711.

In short, *Estelle* clearly contradicts, rather than supports, the idea that there is a right to presence of counsel during the competency restoration process. [1]   *See also United States v. Mattson*, 469 F.2d 1234, 1236 (9th Cir. 1972) ("an accused, ordered to have an examination by a court appointed expert, is not entitled to have present his own expert or his own counsel"). Hence, the situation presented by this motion is indistinguishable from that addressed by the Court in its March 24, 2011, Order: "While the defendant certainly has the right to counsel during a competency *hearing*, the defense offers no case authority for the proposition that this right extends to a competency *exam* [or restoration process]. In fact, the case law cuts in the opposite direction." (CR 173 at 6; citation omitted, emphasis in original.)

Apparently as an alternative to the immediate presence of counsel, the defendant requests that "all clinical assessments of Mr. Loughner's restorability under § 4241(d) be videotaped," to create a record of the "basis of the restorability evaluator's opinion." (Motion at 2, citing *United States v. Johnson*, 362 F.Supp. 2d 1043 (N.D. Iowa 2005), and *United States v. Fell*, 372 F.Supp. 2d 753 (D. Vt. 2005).) This is a nearly verbatim reprise of the request made in "Defendant's Requests Re: Competency Procedures," regarding recording of the competency evaluations. (CR 159 at 5.) However, the cases on which he continues to rely dealt with videotaping of the government's psychiatric testing of the defendants under Federal Rule of

---

[1]   Indeed, the error in the defendant's view of *Estelle* was identified in *United States v. Byers*, 740 F.2d 1104, 1119 n.16 (D.C. Cir. 1984) (en banc) (rejecting dissent's similar interpretation of *Estelle*).

3

Criminal Procedure 12.2 (c)(1)(B), after the defendants had given notice of their intent to present expert evidence of a mental disease or defect for capital sentencing purposes under Rule 12.2(a) or (b). *See Johnson*, 362 F.Supp.2d at 1076; *Fell*, 372 F.Supp.2d at 758, 760. The defendant has provided no such Rule 12.2(a) or (b) notice in this case, and the legal competency restoration effort afoot here obviously is not an evaluation for trial or sentencing purposes pursuant to either Rule 12.2(c)(1)(B) or 18 U.S.C. § 4242. Thus, those decisions were based on authority not pertinent here, and involved substantially different kinds of medical activities, conducted in pursuit of different objectives. [2/]

The defendant has not cited, and the government has not found, any authority requiring videotaping of a competency restoration process, even when the request is framed, as it is here, in terms of protecting a defendant's Sixth Amendment rights. Again, the case law cuts in the opposite direction *Cf. Byers*, 740 F.2d at 1120-21 ("because preservation of evidence for trial is not the Amendment's purpose," there is no Sixth Amendment requirement that a psychiatric exam be recorded); *United States v. Hinckley*, 525 F.Supp. 1342, 1350 (D.D.C. 1981) ("Nor is an audio recording of psychiatric proceedings required by the Sixth Amendment to enable counsel to reconstruct the examination."). The defendant is fully protected by the procedures traditionally employed in criminal proceedings. "It is enough, as far as the constitutional minima of the criminal process are concerned, that the defendant has the opportunity to contest the accuracy of witnesses' testimony by cross-examining them at trial, and introducing his own witness in rebuttal." *Byers*, 740 F.2d at 1121. *See also Thornton*, 407 F.2d at 711, J. Burger concurring in part and dissenting in part ("The check

---

[2/] Moreover, the non-controlling ABA Standards cited (CR 262 at 2-3) also do not concern competency restoration, but situations in which the defense has noticed a mental health defense.

1 on the processes by which the Superintendent of the Hospital reaches his conclusion is the
2 power to cross examine him."). **3/**

3    Finally, quite aside from the fact that the motion contains no legal authority that supports
4 the defendant's request, he has failed even to clearly explain what he desires to have
5 videotaped, much less shown that it could practically be accomplished. He variously refers
6 to "all clinical assessments," "competency restoration efforts," "restorability
7 determination[s]," and "restorability assessments" done of him, without defining any of those
8 terms, which do not reasonably appear to be synonymous. (CR 262 at 1, 2, and 3 n.1.)
9 Construing the motion as broadly as the defendant apparently intends, to grant it would seem
10 to entail videotaping every contact with or observation of the defendant by every staff
11 member at Springfield, 24 hours a day and 7 days a week. Particularly now, when he is
12 under suicide watch, he is being observed frequently if not continuously. Every bit of
13 information about the defendant's appearance and activities presumably helps to inform the
14 mental health experts' "clinical assessments," and everything that Springfield staff does with
15 the defendant arguably is in some way a "competency restoration effort." The vagueness and
16 self-evident impracticality of what the defendant is requesting provide additional grounds for
17 denying the motion.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///

---

25 **3/** Aside from there being no legal authority for *any* videotaping, the defendant's request that video recordings which might be made should be released to him alone (CR 262 at 2, lines
26 13-14) has already been rejected by this Court as inequitable and not conducive to a reliable competency determination. (CR 173 at 2-5.) The same is true now, given that a reliable
27 competency restoration determination will ultimately need to be made by this Court.

28                                                                  5

**Conclusion**

For the reasons stated herein, the defendant's motion should be denied.

Respectfully submitted this 26th day of July, 2011.

                                                       DENNIS K. BURKE
                                                       United States Attorney
                                                       District of Arizona

                                                       *s/Bruce M. Ferg*

                                                       BRUCE M. FERG
                                                       Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 26th day of July, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.

6