Judy Clarke
Clarke and Rice, APC
1010 2nd Avenue, Suite 1800
San Diego, CA 92101
(619) 308-8484

Mark Fleming
Law Office of Mark Fleming
1350 Columbia Street, #600
San Diego, CA 92101
(619) 794-0220

Reuben Camper Cahn
Ellis Johnston
Janet Tung
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101
(619) 234-8467

Attorneys for Defendant Jared Lee Loughner

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JARED LEE LOUGHNER,<br><br>    Defendant. | Case No. CR 11-0187-TUC LAB<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO VIDEOTAPING OF RESTORATION PROCEDURES** |

**Introduction**

Mr. Loughner is currently committed to MCFP Springfield for the purpose of determining whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *See* 18 U.S.C. §4241(d)(1). BOP doctors there have been and are continuing to examine him for that purpose. At the conclusion of his four-month commitment, the Court will be called on to issue its decision on that question. This is his second commitment to Springfield. The circumstances now parallel his first commitment. The first time, four months ago, he was committed to Springfield to determine whether he was competent

to stand trial. BOP doctors examined him for that purpose. At the end of the commitment, the Court was called on issue a decision on the question of competency.

And it did so, relying in part on *videorecordings of all formal clinical interviews* conducted during the commitment period—videorecordings that were made pursuant to this Court's orders. See DE. 165, p. 5; DE 186, p. 2; R.T. May 25, 2011, pp. 44, 47, 48, 49. Mr. Loughner is now asking that the clinical interviews during his second commitment also be videotaped.[1]

The government, apparently reflexively, has opposed Mr. Loughner's motion. It does not dispute that the Court has the authority to order videotaping. Nor does it dispute that this Court made the right decision when it ordered videotaping during Mr. Loughner's first commitment to Springfield. Instead, the government's position is limited to two contentions: (1) no legal authority *requires* videotaping; and (2) it is confused by the scope of the request. These contentions fail to undermine the merit of the request.

**Videotaping is appropriate and warranted here**

As the matter stands, it is undisputed that this Court has the authority to order videotaping of clinical interviews during the restorability assessment period. It is also undisputed that videotaping is warranted here as a safeguard. The government does not contend otherwise. *See* DE 272, Gov. Resp. at 4 (arguing that videotaping is not "required"). These points alone should decide the matter: the Court may order videotaping, and for the reasons argued by the defense – in support of videotaping during the first commitment, and now – the court should again order videotaping of the clinical interviews.

In any event, the government's position—in addition to being irrelevant—is also mistaken. As explained in the motion, videotaping is essential to protect Mr. Loughner's Fifth, Sixth and Eighth Amendment rights to due process, a fair trial, and meaningful access and right to counsel. The government's contrary argument, *see* DE 272, Gov. Resp. at 2-3 (arguing that

---

[1] The defense continues to maintain that the video-recordings should be made available to defense counsel only.

there is no right for counsel's *actual presence* during clinical interviews which could create a "confrontation" with medical staff), attacks a straw man of its own creation. Mr. Loughner has not requested the physical presence of counsel during these clinical interviews, merely the documentation and preservation of the interviews for review by the defense team.

Finally, the government does not contend that videotaping during Mr. Loughner's first commitment period was unduly burdensome. It does not claim that videotaping during this commitment, if similar in scope, would prove too difficult to carry out. In sum, the defense request for videotaping is both warranted under the law and appropriate to further the interests of justice in this instance, given the status of this case and the serious questions at issue.

## The scope of videotaping

The government's second argument also lacks any real bearing on the merits of the issue. Its position is, in essence, that it does not understand the scope of the request for videotaping of "all clinical assessments" of restorability and fears that every minute Mr. Loughner spends at Springfield could qualify. *See* DE 272, Gov. Resp. at 5. This concern is exaggerated. In March, this Court ordered video-recording of "any formal, clinical interviews of the defendant conducted by the Springfield medical staff." *See* Order re: Competency Exam (DE 165, filed March 21, 2011). The prison clinical staff was readily able to understand and follow this Court's order. Mayhem did not ensue.

Given the total lack of "impracticability" problems four months ago, it seems likely that the prison staff would be just as able to reasonably interpret and implement a similar videotaping order now. The "clinical assessments" language requested in the defense motion provides a clear limitation on the scope of videotaping to interactions with clinical staff that relate to discussions of medication, competence, restoration, clinical symptoms, and current functioning. If this does not provide enough guidance, the order can provide the above definition. It is simply not the case that such clinical assessments occur "24 hours a day and 7 days a week." *See* DE 272, Gov. Resp. at 5.

**Conclusion**

The defense respectfully requests that the Court exercise its undisputed authority to grant the motion for videotaping. In the event that a more specific definition of "clinical assessments" is desired, the defense proposes the following definition: "interactions by clinical staff at Springfield with Mr. Loughner that relate to discussions of medication, competence, restoration, clinical symptoms, and current functioning."

Respectfully submitted,

*Judy Clarke*

DATED: August 1, 2011

JUDY CLARKE
MARK FLEMING
REUBEN CAMPER CAHN
Attorneys for Jared Lee Loughner

Copies of the foregoing served electronically to:
Wallace H. Kleindienst, Beverly K. Anderson
Christina M. Cabanillas, Mary Sue Feldmeier

4