# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br><br>Jared Lee Loughner,<br><br>　　　　　　　　　Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**ORDER DENYING REQUEST FOR VIDEOTAPING OF RESTORATION PROCEDURES** |

　　　On May 25, 2011, the Court found the defendant incompetent to stand trial and committed him to the custody of the Attorney General for hospitalization at the Federal Medical Center in Springfield, Missouri. *See* 18 U.S.C. § 4241(d). The purpose of his commitment, at least at present, is "to determine whether there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1). Through his counsel, the defendant now asks the Court to order videotaping of all clinical assessments aimed at making this determination.

　　　The motion is **DENIED**. To begin with, there is no legal authority *requiring* the Court to order that the clinical assessments be videotaped — not *Estelle v. Smith*, 451 U.S. 454 (1981), not *United States v. Johnson*, 362 F.Supp.2d 1043 (D. Iowa 2005), and not the ABA Standards for Criminal Justice. And while it may be that the Court has the *authority* to order videotaping, it exercises its discretion not to for three reasons.

/ / /

First, the defendant's original competency examination was videotaped, and this was apparently very distracting to the defendant and a hindrance to the FMC staff conducting the examination. More than once, in fact, the defendant questioned the need for the camera while the staff was interacting with him, and on one occasion in particular he reacted violently to it. The Court is concerned that further videotaping will pose an impediment to the mission of the FMC staff, which requires the staff to work with the defendant to determine whether he can be restored to competency to stand trial.

Second, the uncertain duration of the defendant's present commitment to FMC, coupled with the extensive attention and care he is now receiving because of his mental condition, would make videotaping all clinical assessments a substantial imposition on the work of the FMC staff. This difficulty is partially illustrated by the defendant's conception of a "clinical assessment," which defense counsel define as "interactions by clinical staff at Springfield with Mr. Loughner that relate to discussions of medication, competence, restoration, clinical symptoms, and current functioning." Such a broad, catch-all definition will invariably invite an interaction-by-interaction analysis as to whether videotaping is necessary, and it is not fair to burden the FMC staff with that analysis.

Third, the videotaping of the defendant's original competency examination was largely a concession to the defense's skepticism, which the Court explicitly rejected and for which there is no evidence, of the impartiality of the FMC staff.[1] The original order is certainly no binding precedent for the practice. In fact, after defense counsel first requested the videotaping and the Court held that the Government should have access to the tapes, the

///

---

[1] While the original videotaping did assist *the Court* in making a competency determination, the Court believes that ordering videotaping of staff interactions with the defendant this time around is unnecessary, especially in consideration of the burden it places on staff, the ambiguity such an order would create for the staff in knowing which interactions to videotape, and the impediment to the assessment process the presence of a camera may present. In any event, the past utility to *the Court* of videotaping clinical assessments does not confer any rights on *the defendant*. As explained, the circumstances have now changed. The defendant faces a much lengthier commitment and far more frequent interactions with the FMC staff such that videotaping all clinical assessments will be an unnecessary burden.

defense retreated and indicated it would be satisfied "that no recording be made at all." (Emergency Motion for Stay, Dkt. No. 168 at 12.)

Beyond these three points, the Court reiterates its inclination to accord substantial deference to the manner in which the FMC staff supervises and assesses the defendant. If the staff believes videotaping its clinical assessments of the defendant would serve a useful purpose, and it is willing to accommodate the defendant's request, this Order does not bar it from doing so.

The defendant's motion is **DENIED**.  If and when there is a second hearing on the defendant's competency to stand trial — and if, unlike the first hearing, it is adversarial — the defense will have the opportunity to cross-examine the Government's witnesses and call witnesses of its own.[2]  The Court finds these adversarial protections are adequate to protect the defendant's due process and fair trial rights.

**IT IS SO ORDERED.**

DATED this 3rd day of  August 3, 2011.

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[2] The Court is aware of at least two doctors, one psychiatrist and one psychologist, who have been retained by the defense and have regularly visited the defendant at Springfield.