1  Judy Clarke
   Clarke and Rice, APC
2  1010 2nd Avenue, Suite 1800
   San Diego, CA 92101
3  (619) 308-8484

4  Mark Fleming
   Law Office of Mark Fleming
5  1350 Columbia Street, #600
   San Diego, CA 92101
6  (619) 794-0220

7  Reuben Camper Cahn
   Ellis M. Johnston III
8  Janet C. Tung
   Federal Defenders of San Diego, Inc.
9  225 Broadway, Suite 900
   San Diego, CA 92101
10 (619) 234-8467

11 Attorneys for Defendant Jared Lee Loughner

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 11-0187-TUC LAB |
| Plaintiff, ) | |
| v. ) | **RESPONSE TO GOVERNMENT MOTION RE: RULE 17(c) SUBPOENAS** |
| JARED LEE LOUGHNER, ) | |
| Defendant. ) | |

**I.**

**Introduction**

Government counsel have moved to quash defense subpoenas. They have done so without making even the most minimal effort to determine whether the subpoenas were in fact authorized by this Court. And in doing so they have baselessly exposed defense subpoenas and alleged that undersigned counsel have violated Rule 17(c). Their actions have spurred speculation on a national level about the defense's trial strategy and caused unwanted media attention to be cast on distant family members. *See* Marc Lacey, *Loughner's Lawyers Seem to Search His Family Tree for Mental Illness*, The New York Times, Aug. 16, 2011, at A13.

1

1  The government's accusations are unfounded. Defense counsel have not violated Rule 17(c). The defense received court approval for all subpoenas that compel the production of documents. As noted in an *ex parte*, sealed filing, counsel have embarked on a diligent search for documents relevant to a case in mitigation. *See* American Bar Association, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases ["ABA Guidelines"] § 10.7 (defense counsel's duty to investigate and present mitigating evidence is well established). In some instances, including the apartment lease addressed in the Government's motion, providers have requested a copy of a subpoena for their files, and defense investigators have complied by providing a subpoena from the clerk's office without an accompanying court order. However, again as noted in the *ex parte, sealed* filing, a number of record holders requested subpoenas supported by court order despite proper releases signed by affected individuals. Thus, counsel sought authorization for a number of subpoenas, making the case that both the request and the resulting subpoenas should remain *ex parte* and *under seal*. As the Court is aware, the defense requests were approved in a sealed order.

## ARGUMENT

The Court appropriately sealed the *ex parte* application for Rule 17(c) subpoena requests out of respect for the defendant's work product privilege and to protect revelation of trial strategy. The defense made the case, and the Court agreed, that the requested subpoenas should be obtained *ex parte*, and under seal. This procedure complied with both Rule 17(c), and indeed would fall within the "except for good cause" language of Southern District of California Local Rule 17.1 which the government argues should apply to this District of Arizona case.

**A.   Rule 17 Does Not Compel Revelation of Defense Subpoenas and Productions to the Government**

Nothing in Rule 17(c) of the Federal Rules of Criminal Procedure (or Local Rule 17.1 in the Southern District of California) requires that the Government obtain simultaneous access to evidence the defendant intends to use at trial; any ambiguity should be resolved after consideration of other relevant rules and constitutional provisions, including the Eighth Amendment, given the potentially capital nature of the prosecution.

The identity and/or content of the items sought will more often than not speak volumes about what the defense knows, and certainly what the defense may be interested in proving. Thus, like the *ex parte,* sealed application for documents, production of the documents earlier than required by law will reveal work product and trial strategy. For the same reasons that the defendant sought these subpoenas by *ex parte,* sealed application, the subpoenas themselves and production should also remain *ex parte*, until such time as the law otherwise requires the defendant to produce the documents.

**B.     The Government's Demands Are an Attempt to End-Run the Discovery Procedures Provided By Rule 16 of the Federal Rules of Criminal Procedure**

The government has no legitimate interest in access to these documents at this stage in the proceedings. Whatever interests the government may eventually have in access to defense evidence is provided for by Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 requires the defendant to produce to the government the documentary evidence he "intends to use . . . in [his] case-in-chief at trial." *See* Rule 16(b)(1)(A). This limitation on production is intentional; the Rule recognizes that the government has no right to access *all* defense evidence simply by virtue of that fact that it is in the defense's possession—although this is, in effect, what the government seeks here.

Indeed, compelling advance production of defense evidence to the government could unfairly tip the scales in favor of conviction. In a capital case, this could likewise unfairly tip the scales in favor of death, in violation of the Eighth Amendment. Unlike the government, the defendant has no reciprocal *Giglio* or *Brady*-type obligation.

Thus, the blanket production order the government seeks would run counter to the provisions of Rule 16 and interfere with the right of the defendant to the effective assistance of counsel and the right to prepare a defense prior to making required reciprocal disclosures. As noted, the reciprocal provisions of Rule 16 require the defendant to produce documentary evidence he intends to introduce *in the case in chief*. The government will receive the evidence the defendant intends to introduce in chief at the appropriate time.

**C.    The Government's Position is Unsupported By Law**

In sum, the government's motion advocates a position contrary to both the federal rules and the Constitution. A reading of Rule 17(c) that requires the defendant to provide all trial and penalty phase evidence in advance of the times otherwise required by law is the kind of disparate treatment that results in an unconstitutional disruption of "the balance of forces between the accused and his accuser." *See Wardius v. Oregon*, 412 U.S. 470, 474 (1973) (striking Oregon statute sanctioning defendant for failure to comply with notice requirement where the notice rule did not give the defense the right to reciprocal discovery). A contrary interpretation of Rule 17(c) effectively imposes on the defendant a pretrial requirement of providing potential penalty phase evidence to the government in advance of a finding of guilt, in violation of the Fifth Amendment.

**Conclusion**

The Government's motion recklessly exposes to the public confidential work of the defense, lacks merit, and should be denied.

Respectfully submitted,

DATED: August 18, 2011

*/s/ Judy Clarke*

JUDY CLARKE
MARK FLEMING
REUBEN CAMPER CAHN
ELLIS M. JOHNSTON III
JANET C. TUNG

Attorneys for Jared Lee Loughner

Copies of the foregoing served electronically to:
Wallace H. Kleindienst, Beverly K. Anderson
Christina M. Cabanillas, Mary Sue Feldmeier, Bruce Ferg