DENNIS K. BURKE
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
BRUCE G. FERG
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Bruce.Ferg@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR 11-0187-TUC-LAB |
|---|---|
| Plaintiff, | |
| v. | **GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION REGARDING RULE 17(C) SUBPOENAS** |
| Jared Lee Loughner, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and replies to the defendant's Response To the Government's Motion Regarding Rule 17(c) Subpoenas as follows:

1. The defense faults the government for not seeking to ascertain that the defense's subpoenas *duces tecum*, which the government received from third parties, had been authorized by the Court prior to filing its Motion For Order To Compel Defense Counsel's Compliance With Federal Rules of Criminal Procedure Rule 17(c). The defense's argument is flawed. The defense had the opportunity to tell the government and did not do so. Undersigned counsel contacted Reuben Cahn and asked him about the subpoena *duces tecum* issued to the Tierra Rica Apartments in Tucson. Mr. Cahn confirmed the issuance of the subpoena. Counsel told Mr. Cahn that the defense had violated Rule 17(c) in the absence of a Court order. Mr. Cahn did not then tell counsel that it had been approved by the Court based on their *ex parte* application.

2. Following the discovery of the Tierra Rica Apartment subpoena, undersigned counsel proposed to Mr. Cahn a joint agreement for the issuance of Rule 17(c) subpoenas in the future. During these discussions, legal counsel from the State of Illinois provided undersigned counsel with copies of the 22 subpoenas *duces tecum* that had been issued to the State of Illinois by the defense. In a subsequent telephone conversation, counsel told Mr. Cahn that he had learned about the existence of the 22 additional subpoenas. Mr. Cahn did not tell counsel that those subpoenas had been approved by the Court. In fact, he had no comment. He did not ask counsel to keep those subpoenas confidential to avoid the "unwanted media attention to be cast on distant family members." The defense can only blame itself for causing those subpoenas to be made public.

3. The defense states it "[has] not violated Rule 17(c). . . [it] received court approval for all subpoenas that compel the production of documents." (Pg. 2, line 2, Def's. Response.) Yet the defense then admits that it obtained "a subpoena from the clerk's office without an *accompanying court order*" for records from the Tierra Rica Apartments. (Page 2, lines 7-10, Def's Response.) The defense further admits there are "some *instances*" where it served Rule 17(c) subpoenas without a court order, in addition to the Tierra Rica Apartment subpoena. (Pg. 2, line 2, Def's. Response.) If the government's interpretation of these statements is correct, then the defense has violated Rule 17(c) by issuing subpoenas without Court approval; possibly explaining why Mr. Cahn did not tell the government that the defense had sought and obtained *ex parte* approval for the 23 subpoenas undersigned counsel discussed with him. We do not know how many other unauthorized subpoenas were issued by the defense.

4. The government objects to the lack of notice of the defense's applications for Rule 17(c) subpoenas *duces tecum* allegedly submitted to the Court. We also object to the defense's violation of Rule 17(c) by issuing subpoenas without notice to the government and approval by the Court. Without notice, the government cannot challenge the legality of the proposed subpoenas *duces tecum*. As noted in the government's motion, Rule 17(c)

subpoenas can not be used as a discovery tool by either party for "fishing expeditions." Rule 17(c) is not to be used as an additional discovery tool by the parties. "[I]t was not intended by Rule 16 [of the Federal Rules of Criminal Procedure] to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co.* v. *United States*, 341 U.S. 214 (1951). The Supreme Court held in the seminal case of *United States* v. *Nixon*, 418 U.S. 683, 699 (1974), that the party seeking Rule 17(c) subpoenas *duces tecum*, must demonstrate: 1) that the documents are evidentiary and relevant, 2) they are not otherwise procurable reasonably in advance of trial by due diligence, 3) the party can't properly prepare for trial without production in advance, and 4) the application is made in good faith and is not intended as a general fishing expedition.

5. Rule 17(c) does not explicitly authorize a party to file an application for a subpoena *ex parte* with the Court without giving the other party the opportunity to object. The Ninth Circuit has not addressed this issue. Apparently, no other Circuit has addressed it either. A number of district courts have considered it and they have split over the issue. See, e.g. *United States v. Hart*, 826 F. Supp. 380 (D.Colo. 1993)("the plain language of Rule 17(c) could not be clearer," it does not allow for *ex parte* applications); United States v. Urlacher, 136 F.R.D. 550 (W.D.NY 1991)*(same)*; *United States* v. *Jenkins*, 895 F. Supp 1389 (D. Haw. 1995)( finding that Rule 17(c) permits the issuance of *ex parte* applications); *United States* v. *Reyes*,162 F.R.D. 468 (S.D.NY 1995)*(same)*. Local Rule 17.1 of the Local Rules for the District Court for the Southern District of California does not explicitly authorize *ex parte* applications; although it does excuse the applicant from having to serve its motion for a subpoena *duces tecum* on the opposing party when "good cause" has been shown. What "good cause" includes has apparently not been defined by the District Court.

6. The District Court in *United States* v. *Beckford*, 964 F.Supp. 1010 (E.D.Va. 1997), has fashioned a rule, which is reasonable, as to when a party can file an *ex parte* motion for a Rule 17(c) subpoena *duces tecum*. The Court in *Beckford* found that Rule 17(c) authorizes *ex parte* motions only in "exceptional circumstances." *Beckford*, 964 F.Supp at 1030. The

1  Court gave several examples of when those circumstances exist; included is where the
2  application for the subpoena divulges attorney work product or trial strategy. That of course,
3  is what the defense claims that their motion for subpoenas would divulge to the government
4  if filed publicly. But, the Court found that the moving party has "to meet a heavy burden to
5  proceed" by *ex parte* application, because in most instances the mere application itself will
6  not disclose trial strategy or work product if precisely crafted. *Id.* The moving party would
7  be required to serve the motion for the *ex parte* subpoena on the opposing party giving the
8  reasons why the motion is justified. The opposing party would thus be given the
9  "opportunity to be heard on the need for the *ex parte* procedure*.*" *Id.* The government
10 believes that this a reasonable and fair way to protect the interests of both parties.

11      7. The defense claims that the subpoenas *duces tecum* it issued are covered by both the
12 work product privilege and trial strategy. But the defense does not articulate how subpoenas
13 seeking records from an apartment complex where the defendant was once a tenant, or vital
14 records of numerous individuals, fall within those categories. The attorney work product
15 doctrine is "limited in scope and does not protect every written document generated by an
16 attorney." *Families For Freedom* v. *U.S. Customs and Border Protection*, 2011 WL
17 2436707 (S.D.NY 2011). Written materials protected from disclosure are those which
18 contain "mental impressions, conclusions, opinions, or legal theories of the attorney."
19 *Securities and Exchange Commission* v. *Vitesse SemiConductor Corporation*, 771 F.Supp.2d
20 310, 314 (S.D.NY 2011).

21      8. A subpoena identifies documents, records, tangible items, or the identity of a person
22 whose testimony is sought by the issuing party. To the extent that it might be possible for
23 the opposing party to divine from the subpoena, and/or from the documents obtained thereby,
24 the intentions of the other party does not necessarily make it work product. If that were so,
25 the parties could claim that every subpoena discloses work product because it would be
26 assumed by the other party that there had to be some relevance to the documents sought. It

4

seems clear that is the path the defense is pursuing in this case. That path would turn Rule 17(c) on its head.

9. In conclusion, the government renews its Motion to Enforce Rule 17(c) and asks the Court to grant the relief requested. In addition, the government asks the Court to enter an order that requires the parties to follow the procedure set forth in *Beckford* when either party believes it has a sound legal basis to obtain a subpoena *duces tecum* through an *ex parte* motion.

Respectfully submitted on this 24th day of August, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/Wallace H. Kleindienst*

WALLACE H. KLEINDIENST
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 24th day of August, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.

5