# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br>   vs.<br><br>Jared Lee Loughner,<br><br>                              Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**ORDER RE: EXTENDED COMMITMENT AT FMC SPRINGFIELD** |

       On August 16, 2011, the Court received a letter from the Warden of FMC Springfield ("BOP") requesting an extension of the defendant's commitment period there. The letter suggests that "the Court may grant an additional reasonable period of time to complete the mental health treatment to determine if there is a substantial probability that the defendant will become competent for the trial to proceed." Attached to the Warden's letter was a progress report from Dr. Pietz finding that the defendant "remains not competent to stand trial" and predicting that an "additional period of time will allow Mr. Loughner to improve and reach competency to stand trial."

       The Court solicited input from counsel for the Government and Mr. Loughner on how to construe and respond to the Warden's letter. The Government has represented that Dr. Pietz believes the defendant can be restored to competency, and that an additional four-month commitment is necessary. These four months would begin on September 26, 2011 and run through January 26, 2012. They would not begin as of the date this Order is entered because under 18 U.S.C. § 4241(d)(1) the Attorney General has up to four months to

determine whether "there is a substantial probability that in the foreseeable future [the defendant] will attain the capacity to permit the proceedings to go forward." The defendant was found incompetent to stand trial on May 25, 2011, and the four-month evaluation period contemplated by § 4241(d)(1) is ongoing. It does not expire until September 26, 2011.

The defense's position is that there has been no explicit finding that there is a substantial probability that the defendant will become competent to stand trial, and that there needs to be such a finding, supported by evidence, in order for the defendant's commitment to be extended. Indeed, there does appear to be tension between the Warden's letter and Dr. Pietz's report as to the purpose for the requested extension. The Warden requests more time to determine whether the defendant can be restored to competency; Dr. Pietz's report implies that she believes he can be restored, and that more time is needed to accomplish the restoration.

The Court shares the concerns raised by the defense. Under § 4241(d)(1), the Attorney General has up to four months to determine, one way or the other, whether it is substantially probable that an incompetent defendant can be restored to competency. Under § 4241(d)(2)(A), a defendant's commitment may be extended until "his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." In accordance with § 4241(d)(2)(A), the Court will only authorize an extension of the defendant's commitment for the purpose of actual restoration, rather than to assess his restorability.[1] The request must be accompanied by evidence that the defendant's restoration is substantially probable, as well as evidence that an additional four months are necessary to restore him.

---

[1] While § 4241(d)(1) appears to force a determination at the four-month mark whether a defendant is probably restorable, there may be cases in which the BOP simply doesn't have enough information, after four months, to make this threshold determination. In such a circumstance, a court may find good cause to allow the BOP additional time. In any event, this is not that case. The BOP has seen the defendant through a month-long competency assessment and three months of subsequent commitment. Apart from the Warden's letter requesting more time for a restorability assessment, all indications are that the BOP believes the defendant can be restored to competency, and that it simply requires more time to oversee that restoration.

When the Court found the defendant incompetent to stand trial, it scheduled a status conference for September 21, 2011 in Tucson — close to the September 26 expiration of the four-month period under § 4241(d)(1) — to determine whether the defendant has been or can be restored to competency.  The Court will conduct a hearing on that date, but the scope of the hearing will be limited to the question of whether  an additional period of time should be granted to actually restore the defendant to competency. The parties should be prepared at the hearing to state their positions  regarding the necessity of scheduling a *Sell* hearing if the BOP contemplates accomplishing restoration of the defendant's competency by involuntarily medicating him. Given the limited scope of the hearing on September 21, the Court intends to conduct it by videoconference from San Diego, unless the parties show cause why it should be held with all participants appearing in Tucson.

The BOP must submit any additional documentation to chambers and to the parties by no later than Wednesday, September 14.  If, after reviewing the additional BOP submission, defense counsel are willing to stipulate to an extended commitment, they must notify the Court by no later than September 16, and the Court will vacate the September 21 hearing. The Court will then reset a future date for a *Sell* hearing, if necessary, and for determining whether the defendant has been restored to competency.  If defense counsel dispute the necessity or propriety of extending the restoration period, or the length of time requested, the Court will hear their objections on September 21.

**IT IS SO ORDERED.**

DATED: September 1, 2011

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge