# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                          Plaintiff,<br>  vs.<br>Jared Lee Loughner,<br>                          Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**SCHEDULING ORDER** |

In an earlier order, the Court announced it would hold a hearing in San Diego on September 21, 2011, with defense counsel appearing personally and Government counsel appearing by video conference from Tucson, to consider whether the defendant's commitment at FMC Springfield can be extended under 18 U.S.C. § 4241(d)(2) for the purpose of restoring him to competency to stand trial. Defense counsel had informed the Court of their willingness to waive the defendant's personal presence at the hearing. However, on Friday, September 16, the prosecutors notified the Court that after reviewing 18 U.S.C. § 4247(d), they believe the defendant has to be personally present for the hearing.

The Court held an impromptu telephonic hearing on Monday, September 19 to consider the issue. After considering the arguments of counsel and hearing testimony from Dr. Christina Pietz, the principal FMC Springfield staff psychologist treating the defendant, the Court determined that pursuant to 18 U.S.C. § 4247(d) the defendant's presence *is* required at the September 21 hearing. Accordingly, the Court continued the hearing until Tuesday, September 27 at 1:30 PM to allow the U.S. Marshal sufficient time to facilitate the

defendant's transportation from Springfield, MO to Tucson.

After the September 19 hearing concluded and the new date had been set, the Government informed the Court that several of the victims and victim witness advocates will be unavailable on the 27th, and that it would be a burden on Dr. Pietz to travel on the morning of the 27th for an afternoon hearing. The Government requested that the hearing be postponed one additional day, to Wednesday, September 28.

The Court finds good cause to **GRANT** the request. It is not problematic that the 120 days permitted by 18 U.S.C. § 4241(d)(1) for *evaluation* of the defendant will have ostensibly passed by then — by a day. *See United States v. Magassouba*, 544 F.3d 387, 408 (2d Cir. 2008) ("Thus, in the absence of clear congressional direction to the contrary and consistent with the principle of constitutional avoidance, we decline to construe § 4241(d)(1) to impose a four-month deadline on the district court's decisional authority to order § 4241(d)(2) commitment."). As the Second Circuit in *Magassouba* observed, the 120-day evaluation period binds the Attorney General, not the Court. Moreover, the defendant will likely depart Springfield for Tucson *before* September 27, *within* the 120-day period evaluation period. In all events, in consideration of the foregoing circumstances, the Court finds that good cause exists to postpone the hearing on whether an extension of the defendant's commitment to FMC Springfield should be granted until September 28 at 1:30 p.m. The hearing will take place in Tucson, with all parties and the defendant appearing there personally.

**IT IS SO ORDERED.**

DATED: September 20, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge