ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
BEVERLY K. ANDERSON
CHRISTINA M. CABANILLAS
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Wallace.Kleindienst@usdoj.gov
Bev.Anderson@usdoj.gov
Christina.Cabanillas@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Jared Lee Loughner,<br><br>　　　　Defendant. | CR 11-0187-TUC-LAB<br><br>**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S CONCERNS ABOUT FORCED MEDICATION WITHOUT JUDICIAL AUTHORIZATION OR A SELL HEARING**<br><br>(No Hearing Requested) |

　　　　Now comes the United States of America, by and through its attorneys undersigned, and replies to the defense's Response to the Court's Concerns about Forced Medication Without Judicial Authorization or a Sell Hearing (Doc. #355) as follows.

　　　　The Court has asked the parties to address the applicability of *Sell v. United States*, 539 U.S. 143 (2003), at this juncture in the case. The defendant is presently being involuntarily medicated with an antipsychotic medication pursuant to 28 C.F.R. § 549.45 and *Washington v. Harper*, 494 U.S. 210 (1990), because he is a danger to himself. (Doc. #334 - Sealed Exh. 1 to Gov. Mtn., Doc. #324 - "*Harper* III".) On September 28, 2011, this Court held an evidentiary hearing on whether to extend the defendant's commitment to FMC Springfield pursuant to 18 U.S.C. § 4241(d)(2)(A).

　　　　Prior to the hearing, the parties briefed their positions concerning *Harper* III medication, extension of commitment, and *Sell*. (Docs. #310, 311, 321, 324 & 335.) The defense

objected to the Section 4241(d)(2)(A) extension and the *Harper* III determination. However, the government notes that a fair reading of the defense's arguments is that they have never requested a stand-alone *Sell* hearing. [1]/ Rather, they argue that the Court should *incorporate* some of the *Sell* factors into whatever legal standard the Court applies to evaluating both the extension request and the *Harper* III review.

Accordingly, in its objection to the Section 4241(d)(2)(A) extension, the defense argued that the Court should enhance its legal standard to include consideration of the *Sell/Riggins* factor involving the inquiry into whether side effects will interfere with the defendant's ability to assist counsel, and the *Sell/Rivera-Guerrero* [2]/ factor concerning specificity as to the treatment plan. (Def. Mtn., Doc. #311, pp. 7, 24-26.) In its September 30, 2011, and October 3, 2011, orders this Court properly rejected this enhanced legal standard in its decision extending the defendant's restoration commitment. (Doc. #343, p. 2, n.1; Doc. #347, pp. 2-5.)

Similarly, in both its *Harper* I and *Harper* III objections, the defense urged this court to employ an enhanced legal standard that weaves *Sell* factors into its review. (Docs. #239 & 321.) The Court properly denied the defense's attempts to blur *Sell* into *Harper*, and after conducting a review for arbitrariness, upheld both of BOP's involuntary medication decisions pursuant to 28 C.F.R. § 549.45 and *Harper*. (Doc. #252; RT 9/28/11, pp. 280-282; Doc. #343, pp. 4-7.)

Turning to the question of a *Sell* hearing, because the defendant is being lawfully medicated pursuant to *Harper*, no *Sell* medication order is needed. Therefore, a hearing to explore the *Sell* factors is unnecessary. (Gov. Resp., Doc. #324, pp. 11-14); *Sell*, 539 U.S. at 181-82 ("A court need not consider whether to allow forced medication for [the interest

---

[1]/ The defense's response seems to clarify that it does not seek a stand-alone *Sell* hearing. "To be clear, the defense position is that to justify the *twin invasions* of Mr. Loughner's liberty – forcible medication and recommitment for purposes of restoration to competency – the court must make several findings: . . . [n.1 - These factors are equivalent to the four Sell factors.]." (Def. Resp., Doc. #355, p. 2, emphasis added.)

[2]/ *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1140 (9th Cir. 2005)

2

in rendering the defendant *competent to stand trial]*, if forced medication is warranted for a *different* purpose, such as the purposes set out in *Harper* related to the individual's dangerousness, or purposes related to the individual's own interests where refusal to take drugs puts his health gravely at risk.") (citing *Harper*) (emphasis in original). In fact under *Sell*, prior to undertaking an analysis of the *Sell* factors, the first step is for the court to determine whether medication is warranted for another reason, such as because the defendant is a danger under *Harper*.[3/]  *Sell,* 539 U.S. at 181-83. If this Court determines that the defendant is being medicated for *Harper* dangerousness reasons, then no additional medication order under *Sell* is required, thus ending the inquiry:

> If a court authorizes medication on these alternative grounds *[Harper]*, the need to consider authorization on trial competence grounds will likely disappear. . . . We consequently believe that a court, asked to approve forced administration of drugs for purposes of rendering a defendant competent to stand trial, should ordinarily determine whether the Government seeks, or has first sought, permission for forced administration of drugs on these other *Harper*-type grounds; and, if not, why not.

*Sell*, 539 U.S. at 181-83 (emphasis in original); *see also United States v. Hernandez-Vasquez*, 513 F.3d 908, 913 (9th Cir. 2008) ("As we have held previously, '[t]he Supreme Court clearly intends courts to explore other procedures, such as *Harper* hearings . . . before considering involuntary medication orders under *Sell.*'") (quoting *Rivera-Guerrero*, 426 F.3d at 1137); *see also Rivera-Guerrero* at 1138, n.4 ("The record strongly suggests that in the case before us the district court should have conducted a *Harper* dangerousness hearing instead of proceeding under *Sell*."); *see also United States v. White,* 431 F.3d 431, 434 (5th Cir.2005) (reversing a *Sell* order and remanding for district court to order a due process (*Harper*) hearing, finding "the government made an end run around the regulatory scheme laid out in § 549.43 [when it] sought an order directly from the district court authorizing

---

[3/] The BOP regulations recognize that a judicial order is required if the sole purpose of involuntary medication is to restore the inmate to competency. *See* 28 C.F.R. § 549.46 (b)(2) (Eff. 8/12/11) (noting that, absent a psychiatric emergency, the *Harper* procedure in subpart (a) "does not apply to the involuntary administration of medication for the *sole purpose* of restoring a person's competency to stand trial. Only a Federal court of competent jurisdiction may order the involuntary medication of psychiatric medication for the *sole purpose* of restoring a person's competency to stand trial.") (emphasis added).

involuntary medication" and advanced "no extraordinary circumstances to excuse its failure to exhaust the administrative procedure in § 549.43).

Upon finding the defendant is being medicated pursuant to *Harper*, the Court ordinarily need not go beneath the surface of BOP's *Harper* determination, and the inquiry ends. However, in this case the defense challenged the *Harper* determination, so this Court conducted a judicial review and affirmed its appropriateness.

For the foregoing reasons, no *Sell* hearing is required at this time. The Court should reaffirm its previous rulings that declined to incorporate *Sell* factors into its restoration commitment decision pursuant to 18 U.S.C. § 4241(d)(2)(A), and declined to incorporate *Sell* factors into its review of the *Harper* I and *Harper* III judicial reviews. Furthermore, in considering *Sell*, this Court should find that there is an appropriate *Harper* medication order in place and no further inquiry is required.

Respectfully submitted this 7th day of October, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

*s/Mary Sue Feldmeier*

MARY SUE FELDMEIER
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 7th day of October, 2011, to:

Judy C. Clarke, Esq.
Mark F. Fleming, Esq.
Reuben Camper Cahn, Esq.