ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress St., Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>      v.<br><br>Jared Lee Loughner,<br><br>              Defendant. | CR 11-0187-TUC-LAB<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR VIDEOTAPING OF COMPETENCY INTERVIEWS** |

Now comes the United States of America, by and through its attorneys undersigned, and responds to the defendant's Request for Videotaping of Competency Interviews (Doc. 360).

The defendant requests that the Court order the federal Bureau of Prisons (BOP) to videotape his "formal competency interviews" with Dr. Christina Pietz and give copies to him. (Doc. 360 at 1, 3.) The government does not object, but requests that the order apply not only to Dr. Pietz, but also to any other defense or court commissioned expert who examines the defendant for competency, and that the government receive copies of the video recordings. Additionally, the government requests consistent with Dr. Pietz's declaration, that the Court exclude Dr. Pietz's personal notes from the BOP weekly disclosure order of January 20, 2011.

**BACKGROUND**

Video recording has been litigated several times throughout this case. The defendant requested video recording of his first competency examination in March - April 2011. (Doc. 159 at 5-6.) The Court ordered video recording of all "formal clinical interviews," set the scope of the examination (competency, and not sanity or intentional elicitation of aggravating or mitigating factors), and ordered the videos disclosed to both parties. (Doc. 165 at 5.) The Court also authorized a defense expert, and ordered that if such expert was retained he or she follow the same protocols. (Doc. 165 at 6.) Following the defendant's motion to reconsider, and a response by the government (Docs. 168, 170) the Court re-affirmed its video recording order. (Doc. 173, as amended March 24, 2011, Doc. 175.) Then on April 15, 2011, the Court issued an order appointing a psychiatrist, Dr. Matthew Carroll, to conduct an independent competency examination, and reiterated its video recording order. (Doc. 186.)

On July 15, 2011, while at FMC Springfield for determination on whether he could be restored to competency, the defendant moved for "Videotaping of Restoration Procedures." (Doc. 262.) The government objected. (Doc. 262.) The Court denied the request, finding the video recording distracted the defendant and could impede BOP's efforts to determine his restorability, and the broad scope of the request was too burdensome to BOP staff. (Doc. 275 at 1-2.) The defendant moved to reconsider this order, and the government objected. (Doc. 279, 286.) The Court held a hearing on August 26, 2011, at which Dr. Pietz testified that the presence of a video camera could impede efforts to diagnose and treat the defendant. (RT 8/26/11 at 100-111.) The Court denied the motion to videotape without prejudice. (Doc. 306 at 1.)

The defendant has since been recommitted to FMC Springfield for restoration. (Doc. 343.) On October 26, 2011, the defendant filed the instant motion for "Videotaping of Competency Interviews." (Doc. 360.) The Court ordered Dr. Pietz to file a declaration with updated information about the effect of video recording on her diagnosis and treatment of the defendant. (Doc. 362 at 1.)

1      On November 1, 2011, Dr. Pietz filed a declaration, stating that the defendant does not want to be video recorded, and that she is concerned that such recording will make him even more reluctant to speak with her than he already is. (Docs. 363, 363-1 at ¶ 3.) However, Dr. Pietz does not object to video recording her "formal competency interviews" of the defendant, which she defines as those "in which I administer a formal competency instrument, or when I conduct a formal interview asking questions relevant to determining his competency." (Doc. 363-1 at ¶ 4.) Furthermore, Dr. Pietz requested that her "personal notes regarding Defendant Loughner's competency and any videotapes of formal competency interviews be maintained in my possession until the expiration of his current commitment." (Doc. 363-1 at ¶ 5.)

## ARGUMENT

### 1. Scope of Video Recording

The government does not object to video recording of the "formal competency interviews," as defined by Dr. Pietz in her declaration. She states those would be the sessions "in which I administer a formal competency instrument, or when I conduct a formal interview asking questions relevant to determining his competency." (Doc. 363-1 at ¶ 4.)

The defendant raises a concern that formal competency examinations are presently occurring, because his "Individual Evaluation Plan" indicates a goal of meeting some competency objectives "within 30 days." (Doc. 360 at 3; Doc. 360, Exhibit A (sealed).) This is not the case. Dr. Pietz explained in her declaration that "formal competency interviews" generally do not occur until near the expiration of the defendant's treatment period, or if it appears that the defendant is nearing competency, whichever occurs first. (*Id.* at ¶ 5.) The BOP must first treat and restore the defendant to competency before examining him for a final competency determination. The goals list on the BOP's "Individual Evaluation Plan" does not mean that formal competency examinations have started. Video recording need not commence until Dr. Pietz has determined that the defendant is nearing competency and she begins administering formal assessments and conducting formal interviews.

The defendant also discusses possible video recording when Dr. Pietz takes the defendant into an interview room to conduct a session with him. (Doc. 360 at 4.) The purpose of the interview, not its location, should dictate whether video recording occurs. As Dr. Pietz testified at the commitment extension hearing, she sees the defendant almost daily. (RT 9/28/11 at 14-15, 25.) Additionally, Dr. Pietz stated in her declaration that the defendant still opposes video recording and it might make him even more reluctant to speak with her. (Doc. 363-1 at ¶ 5.) Dr. Pietz must work with the defendant to restore him, and video recording prematurely and often could very well impede the defendant's rehabilitation. Therefore, video recording should be restricted to the formal competency interviews and administration of competency instruments, as described by Dr. Pietz.

   2. Disclosure of Video Recordings and BOP Doctor's Notes

The government requests that Dr. Pietz's personal notes and her video recordings be excluded from this Court's January 20, 2011, order directing BOP to disclose to the defendant on a weekly basis "all records" pertaining to the defendant. Dr. Pietz has specifically requested that she be permitted to maintain her personal notes and the competency examination videos, and not turn them over until she renders her final report. (Doc. 363-1 at ¶ 5)

The parties receive disclosure from BOP each week of "all BOP records" relating to the defendant from the previous week. [1] This disclosure includes "progress notes" made by staff when they interact with the defendant. Dr. Pietz makes entries in these progress notes, and her entries are turned over weekly to the parties. Separately, as the defendant's competency evaluator, Dr. Pietz maintains "personal notes" for use in eventually writing her competency report. As she explained at the last evidentiary hearing, she took personal notes during the first competency evaluation, and when she became aware of the Court's order requiring BOP to produce "all records," she contacted the Court and received authorization

---

[1] The BOP redacts defense team information from the government's copy of the weekly BOP disclosure.

to maintain her personal notes outside the usual weekly discovery stream. (RT 9/28/11 at 59-60.)

Dr. Pietz's personal notes represent her work product and thought process and, like any other expert, she should be permitted to maintain those notes without inspection by the defense or government until such time as she is ready to render an opinion as to the defendant's competency. The government is not aware of any authority requiring an expert to share their notes with the litigants prior to rendering their expert opinion and being noticed as a witness.

Additionally, if Dr. Pietz were to divulge her personal notes in the weekly disclosure packet, it could compromise the integrity of her examination. The defendant potentially would have weekly access to what his psychologist is thinking and recording about him, allowing him to skew or interfere with the restoration process and competency determination.

When Dr. Pietz renders her report to this Court, her notes and the video recordings of the formal competency examinations become relevant and should be disclosed to the parties; but not before. Accordingly, the government requests that Dr. Pietz's personal notes and video recordings made in furtherance of reports to this Court be permanently excluded from this Court's January 20, 2011 BOP Disclosure Order, and that Dr. Pietz be ordered to disclose such notes and recordings only in conjunction with her reports to the Court.

### 3. Uniform Protocol

The government requests that if BOP is required to video record its formal competency interviews and tests, that the same protocol apply to any competency experts commissioned by the defense and/or the Court. With regard to this uniform protocol, the government requests an order similar to that in place during the first competency examination of the defendant, for the reasons set out in this Court's orders. (Docs. 165, 173 at 6-7, 175 at 6-7, 186 at 2.)

4. <u>Government Access to Video Recordings</u>

For the reasons set forth in this Court's Order of March 24, 2011 (Doc. 175) the government should be given access to the video recordings of any expert who examines the defendant for competency. (Doc. 175 at 2-4.)

WHEREFORE, the United States of America requests that the Court enter an order directing the federal Bureau of Prisons to:

1. Facilitate the video recording of all formal competency interviews and tests administered to the defendant Jared Lee Loughner, as defined in Dr. Pietz's declaration, by any BOP, defense or Court commissioned expert;

2. Provide the examining expert(s) with a copy of their own video recordings for purposes of completing their competency report(s);

3. Lodge three copies of the examining expert(s) video recordings with the Court after the expert has completed his or her last recorded competency interview or test of the defendant;

4. Lodge three copies of Dr. Christina Pietz's personal notes from this competency period with the Court simultaneously with the lodging of Dr. Pietz's final report with the Court;

5. Exclude Dr. Pietz's personal notes from future BOP disclosure made pursuant to this Court's disclosure order of January 20, 2011.

6. The parties may petition the Court for disclosure of the appropriate lodged videos or Dr. Pietz's notes after the related expert's competency report is disclosed to both parties.

Respectfully submitted this 3rd day of November, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

*s/Mary Sue Feldmeier*

MARY SUE FELDMEIER
Assistant U.S. Attorney

1  Copy of the foregoing served electronically
   or by other means this 3${}^{rd}$ day of November, 2011, to:
2
   Judy C. Clarke, Esq.
3  Mark F. Fleming, Esq.
   Reuben Camper Cahn, Esq.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28