1  Judy Clarke
   Clarke and Rice, APC
2  1010 2nd Avenue, Suite 1800
   San Diego, CA 92101
3  (619) 308-8484

4  Mark Fleming
   Law Office of Mark Fleming
5  1350 Columbia Street, #600
   San Diego, CA 92101
6  (619) 794-0220

7  Reuben Camper Cahn
   Federal Defenders of San Diego, Inc.
8  225 Broadway, Suite 900
   San Diego, CA 92101
9  (619) 234-8467

10 Attorneys for Defendant Jared Lee Loughner

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | Case No. 11CR00187-TUC-LAB |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | REPLY TO GOVERNMENT'S RESPONSE TO REQUEST FOR VIDEOTAPING OF COMPETENCY INTERVIEWS |
| JARED LEE LOUGHNER, | ) | |
| Defendant. | ) | |

By way of motion filed October 26, 2011, the defense renewed its request for videotaping of the competency interviews by Dr. Pietz. *See* Dkt. 360 ("Defendant's Request for Videotaping of Competency Interviews"). Pursuant to the Court's request, Dr. Pietz responded in a declaration filed by government counsel, indicating that she did not oppose the request subject to certain conditions set forth in the Declaration. *See* Dkt. 363 ("Declaration of Christina Pietz, Ph.D."). The government does not object to the videotaping request, but seeks additional

1  conditions, including, without citation, an unprecedented expansion to videotaping of privileged,
2  work product by the defense. *See* Dkt. 364, at p. 5. Undersigned file this reply.

3      (1) In not opposing the defense request, Dr. Pietz defines the interviews that would be
4  videotaped: "If the request is granted by the Court, the interviews that would be videotaped
5  include those in which I administer a formal competency instrument, or when I conduct a formal
6  interview asking questions relevant to determining his competency." *See* Pietz Declaration at ¶ 4.

7      It is our understanding that "a formal interview asking questions relevant to determining
8  competency" also includes those formal interviews in which Dr. Pietz assesses Mr. Loughner's
9  competency to stand trial, and addresses Mr. Loughner's factual and rational understanding of
10 the proceedings and the evidence. We are concerned that failure to record the interviews aimed
11 at the process of educating and "restoring" Mr. Loughner can result in the loss of potentially
12 powerful mitigation and mental state evidence. Evidence of what Mr. Loughner knew,
13 understood and thought before the medication, education and restoration process by the BOP, can
14 be lost. Indeed, Dr. Pietz plans to review and educate Mr. Loughner about actual evidence in the
15 case. The process of educating Mr. Loughner about the evidence and legal proceedings is
16 important mitigation because he may well not be the same after this process as he is now. Failure
17 to preserve the process of his restoration, particularly given that it is occurring under the
18 influence of involuntary medication, and without the Court having received and considered
19 evidence of the effects of these medications on fair trial rights, may result in lost evidence of
20 what he knew and understood and thought if we do not have a record of the process. This is not
21 to say that this evidence must or will be presented, but that we need to preserve and analyze the
22 evidence and statements adduced during the interviews in order to determine what might get
23 presented if a trial proceeds.

24     In addition, competence is a legal determination and while the end-point of formal testing
25 is of use, it is not a replacement for seeing and evaluating the dynamic process (give and take)
26 that the restoration process might model and which could be more informative to Mr. Loughner's
27
28

ability to engage in an interactive dialogue with counsel, to disagree with counsel but reach an understanding of why a decision needs to be made, to engage rationally in making sense of, and adapting to, new information.

Thus, to be clear, we request that the Court address the scope of the interviews to be recorded as follows: "It is hereby ordered that the BOP preserve, by videotaping, all interviews by Dr. Pietz, or other designated BOP competency evaluator(s), which (1) assess Mr. Loughner's rational or factual understanding of the proceedings, or educate Mr. Loughner regarding the proceedings or evidence in his case; (2) involve a formal interview during which questions relevant to determining his competency are asked; or those interviews which (3) involve administration of a formal competency instrument."

(2) Without agreeing with the Government's stated reasons for delaying production and indeed taking issue with the alleged reasons (work product and interference by the defense), we do not object to receiving copies of the "personal notes" of Dr. Pietz, as well as the videotapes, as requested in the Declaration at ¶5, at the conclusion of the current commitment period.

(3) We do not object to the Government's request to videotape any other court appointed evaluator's assessment of Mr. Loughner's competency. *See* Dkt. 364, p. 5. Such request is in keeping with the position that we have taken since the beginning of this competency process. However, we are both perplexed by, and strenuously object to, any requirement that defense experts be videotaped. Not only is such a request not supported by the "protocols" approved by this Court in Dkt 186[1], it violates the Sixth Amendment, and invades both the attorney client and work product privileges.

//

//

//

---

[1] The Court directed videotaping of interviews by Dr. Pietz and Dr. Carroll, both court appointed evaluators, but not of any defense evaluator, instead directing compliance with Rule 16(b)(1)(B) & (C), FRE 705. *See* Dkt. 186 at p. 2.

3

1  On a final note, we have continually objected to the government receiving copies of any
2  videotapes, and for reasons previously stated and briefed, maintain that objection here.

4  Dated:  November 7, 2011         */s/ Judy Clarke (for)*
                                    Judy Clarke
                                    Mark Fleming
                                    Reuben Camper Cahn
                                    Ellis Johnston
                                    Janet Tung

                                    Attorneys for Jared Lee Loughner

26  Copies of the foregoing served electronically to:
27  Wallace H. Kleindienst, Beverly K. Anderson
    Christina M. Cabanillas, Mary Sue Feldmeier