# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　　Plaintiff,<br>vs.<br>Jared Lee Loughner,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**SCHEDULING ORDER** |

At the conclusion of a hearing in Tucson on September 28, 2011, and pursuant to 18 U.S.C. § 4241(d)(2), the Court extended the defendant's commitment to FMC Springfield by four months for the purpose of competency restoration. The Court found there was a substantial probability that within this additional time the defendant would be restored to competency. (*See* Dkt. Nos. 343, 347.) The Court also commented that further extensions would not be granted absent a showing that "additional measurable progress" toward competency restoration was being made. (*See* Dkt. No. 347 at 6.)

The defendant's present, extended commitment to FMC Springfield expires soon, on February 8, 2012. On Monday, January 30, 2012, the Court received a competency report from Dr. Christina Pietz, the defendant's chief psychologist. In Dr. Pietz's opinion, the defendant remains incompetent to stand trial, in particular because he lacks an adequate understanding of the nature and consequences of the charges against him. Dr. Pietz does, however, believe that the defendant has made measurable progress toward competency, and that his mental state will continue to improve.

The Court will hold a hearing in San Diego on **Monday, February 6, at 12:15 PST** to discuss the status of this case. Counsel for the United States may appear by video conference, and counsel for the defendant may appear in person. Having read and considered Dr. Pietz's report, the Court's inclination is to extend the defendant's commitment by another four months. The Court is also mindful that the Government originally requested an eight-month extension, not the four-month extension that was granted last September. (*See* Dkt. Nos. 310, 347 at 5–6.) If counsel for the defendant and the United States can agree to this extension, the Court will accept a joint motion from them at the hearing. If they cannot, the Court will hear any objections and, if necessary, schedule a more substantive evidentiary hearing.

The United States Marshal should **NOT** transport the defendant from Springfield, MO unless and until further directed to do so by the Court.

**IT IS SO ORDERED.**

DATED: February 2, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge