# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| United States of America, | CASE NO. 11cr0187 TUC LAB |
|---|---|
| Plaintiff, | **ORDER EXTENDING DEFENDANT'S COMMITMENT TO FMC SPRINGFIELD** |
| vs. | |
| Jared Lee Loughner, | |
| Defendant. | |

The defendant's present commitment to FMC Springfield for the purpose of competency restoration will expire on February 8, 2012. On January 30, the Court received from Dr. Christina Pietz, the defendant's chief psychologist, a competency report finding that he remains incompetent to stand trial. That presented to the Court the question whether to extend the defendant's commitment to FMC Springfield, for a second time, pursuant to 18 U.S.C. § 4241(d)(2)(A).[1] Dr. Pietz did not explicitly request an extension in her report, though a request is clearly implied. Dr. Pietz explains that the defendant has made substantial progress over the last few months, and it is her opinion that with continued treatment the defendant may become competent in the near future.

The Court held a hearing on the matter on February 6, 2012. Prior to that hearing, the Government and the defense filed a "Joint Notice" in which both parties represented that they

---

[1] When the Court first extended the defendant's commitment to FMC Springfield, it commented that a further extension would only be granted upon a showing that "additional measurable progress" toward competency restoration was being made. (Dkt. No. 347 at 6.)

had no evidence to present on Dr. Pietz's extension request. The Joint Notice isn't exactly a stipulation that the defendant's commitment be extended, but it certainly reads like one.[2] At the February 6 hearing, the Court surveyed the critical points of Dr. Pietz's report, including what she sees as the barriers to full competency and the bases of her opinion that additional measurable progress has been made in restoring the defendant to competency.

Having reviewed Dr. Pietz's report in its entirety and heard no objections to an extension from either the Government or the defense, the Court finds there is "a substantial probability" that within an additional four months the defendant "will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A). It therefore extends the defendant's commitment by that amount of time. The Court grants this extensions mindful that Dr. Pietz requested an *eight* month extension the first time around, not the four month extension granted by the Court.[3]

With this extension, the defendant's commitment will now expire on Thursday, June 7, 2012. Dr. Pietz shall submit an updated competency report to the Court two weeks prior, on May 24, 2012. If, however, Dr. Pietz believes the defendant has been restored to competency at any point before the expiration of his commitment, she should immediately submit an updated competency report to the Court. In other words, Dr. Pietz needn't wait

//
//
//
//
//

---

[2] This is in contrast to the Government's first request for an extension pursuant to § 4241(d)(2)(A), which was highly contested and the subject of a day-long evidentiary hearing. (*See* Dkt. Nos. 343, 347.) By contrast, and similar to the situation now, when Dr. Pietz originally found the defendant was incompetent to stand trial, the Government and the defense essentially submitted to her report. (*See* Dkt. Nos. 211, 212.)

[3] The Court did not grant an eight month extension initially because it construed § 4241(d)(2)(A) as contemplating extensions in four month increments only. (*See* Dkt. No. 347 at 5–6.) It found some support for this construction in the caselaw. *See, e.g., United States v. Rodriguez-Lopez*, Case No. 8-CR-2447, 2010 WL 4339282 at *8 (D. N.M. Sept. 22, 2010).

1  until May 24, 2012 to notify the Court that the defendant is competent, if she reaches that
2  conclusion before then.
3      **IT IS SO ORDERED.**
4
5  DATED: February 8, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge