JOHN S. LEONARDO
United States Attorney
District of Arizona
WALLACE H. KLEINDIENST
MARY SUE FELDMEIER
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Wallace.Kleindienst@usdoj.gov
Mary.Sue.Feldmeier@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| United States America, | CR 11-187-TUC-LABU |
|---|---|
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Jared Lee Loughner, | |
| Defendant. | |

## AGREEMENT

The United States of America and the defendant agree to the following disposition of this matter:

1. **Guilty Plea**:

The defendant agrees to plead guilty to 19 counts of the Superseding Indictment, which charge the defendant with felony violations of the United States Code, and admit one of the Special Findings, as follows:

Count 1, Attempted Assassination of United States Congresswoman Gabrielle D. Giffords, a Class A Felony, in violation of 18 U.S.C. § 351(c);

Count 5, Murder of United States District Court Chief Judge John M. Roll, a federal employee, a Class A Felony, in violation of 18 U.S.C. §§ 1114 and 1111;

Count 8, Murder of Congressional Aide Gabriel M. Zimmerman, a federal employee, a Class A Felony, in violation of 18 U.S.C. §§ 1114 and 1111;

Count 11, Attempted Murder of Congressional Aide Ronald S. Barber, a federal employee, a Class C Felony, in violation of 18 U.S.C. §§ 1114 and 1113;

Count 13, Attempted Murder of Congressional Aide Pamela K. Simon, a federal employee, a Class C Felony, in violation of 18 U.S.C. §§ 1114 and 1113;

Count 18, Causing the Death of Christina-Taylor Green, a Participant at an Activity Provided by the United States, a Class A Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 21, Causing the Death of Dorothy J. Morris, a Participant at an Activity Provided by the United States, a Class A Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 24, Causing the Death of Phyllis C. Schneck, a Participant at an Activity Provided by the United States, a Class A Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 27, Causing the Death of Dorwan C. Stoddard, a Participant at an Activity Provided by the United States, a Class A Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 30, Injuring Through the Use of a Glock pistol, Bill D. Badger, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 32, Injuring Through the Use of a Glock pistol, Kenneth W. Dorushka, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 34, Injuring Through the Use of a Glock pistol, James E. Fuller, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);



Case 4:11-cr-00187-LABU   Document 457   Filed 08/07/12   Page 3 of 14

Count 36, Injuring Through the Use of a Glock pistol, Randy W. Gardner, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 38, Injuring Through the Use of a Glock pistol, Susan A. Hileman, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 40, Injuring Through the Use of a Glock pistol, George S. Morris, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 42, Injuring Through the Use of a Glock pistol, Mary C. Reed, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 44, Injuring Through the Use of a Glock pistol, Mavanell Stoddard, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 46, Injuring Through the Use of a Glock pistol, James L. Tucker, a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B);

Count 48, Injuring Through the Use of a Glock pistol, Kenneth L. Veeder, Sr., a Participant at an Activity Provided by the United States, a Class C Felony, in violation of 18 U.S.C. § 245(b)(1)(B); and

Special Finding that in the commission of these offenses, the defendant knowingly created a grave risk of death to Carol A. Dorushka, Robert C. Gawlick, Daniel Hernandez, Mark S. Kimble, Patricia R. Maisch, Emma E. McMahon, Owen A. McMahon, Thomas J. McMahon, Sara M. Rajca, Faith M. Salzgeber, Roger D. Salzgeber, Doris Tucker, and Alexander J. Villec.

//

//



2.   **Counts to be Dismissed**

In exchange for the defendant's pleas of guilty, and if the defendant is sentenced within the terms of this plea agreement, the government agrees to dismiss the remaining Counts of the Superseding Indictment at Sentencing.

3.   **Elements of the Crimes**

The defendant understands the elements of the crimes to which he is pleading guilty are as follows:

**Count 1: Attempted Assassination of a Member of Congress (18 U.S.C. §§ 1114 and 1111)**

1. The defendant did something that was a substantial step toward killing Gabrielle D. Giffords;

2. When the defendant took that substantial step, the defendant intended to kill Gabrielle D. Giffords; and

3. At the time of the attempted killing, Gabrielle D. Giffords was a Member of Congress.

**Counts 5, 8: First Degree Murder of a Federal Employee (18 U.S.C. §§ 1114 and 1111)**

1. The defendant unlawfully killed John M. Roll and Gabriel M. Zimmerman;

2. The defendant killed John M. Roll and Gabriel M. Zimmerman with malice aforethought;

3. The killing was premeditated; and

4. At the time of the killing, John M. Roll and Gabriel M. Zimmerman were federal officers or employees engaged in the performance of official duties, or were assisting Gabrielle D. Giffords, a federal officer, in the performance of her official duties.



### 3. *Elements of the Crimes cont'd.*

**Counts 11, 13: Attempted Murder of a Federal Employee** (18 U.S.C. §§ 1114 and 1113)

1. The defendant did something that was a substantial step toward killing Ronald S. Barber and Pamela K. Simon;

2. When the defendant took that substantial step, the defendant intended to kill Ronald S. Barber and Pamela K. Simon; and

3. At the time of the attempted killing, Ronald S. Barber and Pamela K. Simon were federal employees engaged in the performance of official duties, or were assisting Gabrielle D. Giffords, a federal officer, in the performance of her official duties.

**Counts 18, 21, 24, 27: Causing the Death of a Participant in a Federally Provided Activity** (18 U.S.C. § 245(b)(1)(B))

1. The defendant, by force or threat of force, attempted to or willfully injured, intimidated, or interfered with Christina-Taylor Green, Dorothy J. Morris, Phyllis C. Schneck and Dorwan C. Stoddard;

2. The defendant did so because Christina-Taylor Green, Dorothy J. Morris, Phyllis C. Schneck and Dorwan C. Stoddard were participating in or enjoying a service, program, or activity administered by the United States, to wit: United States Congresswoman Gabrielle D. Giffords' *Congress on Your Corner*;

3. The defendant's actions resulted in the deaths of Christina-Taylor Green, Dorothy J. Morris, Phyllis C. Schneck and Dorwan C. Stoddard; and

4. The defendant's acts included the use, attempted use, or threatened use of a dangerous weapon, to wit: a Glock 9mm pistol.

//
//
//



### 3. *Elements of the Crimes cont'd.*

**Counts 30, 32, 34, 36, 38, 40, 42, 44, 46, 48: Causing Injury to a Participant in a Federally Provided Activity** (18 U.S.C. § 245(b)(1)(B))

1. The defendant, by force or threat of force, attempted to or willfully injured, intimidated, or interfered with Bill D. Badger, Kenneth W. Dorushka, James E. Fuller, Randy W. Gardner, Susan A. Hileman, George S. Morris, Mary C. Reed, Mavanell Stoddard, James L. Tucker, and Kenneth L. Veeder, Sr.;

2. The defendant did so because Bill D. Badger, Kenneth W. Dorushka, James E. Fuller, Randy W. Gardner, Susan A. Hileman, George S. Morris, Mary C. Reed, Mavanell Stoddard, James L. Tucker, and Kenneth L. Veeder, Sr. were participating in or enjoying a service, program, or activity administered by the United States, to wit: United States Congresswoman Gabrielle D. Giffords' *Congress on Your Corner*;

3. The defendant's acts included the use, attempted use, or threatened use of a dangerous weapon, to wit: a Glock 9mm pistol.

### 4. Maximum Penalties

The defendant understands the maximum penalties for the offenses to which he is pleading are as follows:

a. for the Class A Felony Attempted Assassination of a Member of Congress (Count 1), up to imprisonment for life and a fine of no more than $250,000.00, and a period of not more than five years supervised release;

b. for the Class A Felonies Murder of a Federal Employee (Counts 5, 8) and Causing the Death of a Participant in a Federally Provided Activity (Counts 18, 21, 24, 27), death or imprisonment for life, and fine of no more than $250,000.00. Death is provided for in the statute, but is not being sought under the terms of this plea agreement.

     c.     for the Class C Felonies Attempted Murder of a Federal Employee (Counts 11, 13), up to 20 years imprisonment, and a fine of no more than $250,000.00, and a period of not more than three years supervised release, and;

     d.     for the Class C Felonies Injuring a Participant in a Federally Provided Activity (Counts 30, 32, 34, 36, 38, 40, 42, 44, 46, 48), up to 10 years imprisonment, and a fine of not more than $250,000, and a period of not more than three years supervised release.

## 5. Fines and Special Assessments

The defendant agrees to pay a fine imposed pursuant to 18 U.S.C. § 3572, unless the defendant establishes the applicability of the exceptions contained in U.S.S.G. § 5E1.2(e).

Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment of $100.00 for each count of conviction. The special assessment is due and payable at the time the Court enters judgment unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

## 6. Restitution

Pursuant to 18 U.S.C. §§ 3663 and 3663A, and U.S.S.G. § 5E1.1, the defendant agrees to imposition of a restitution order for the full amount of the victims' losses, not to exceed $19 million dollars. The government and the defendant stipulate and agree that the individuals listed in the counts of conviction and the Special Finding in this plea agreement are victims as defined in 18 U.S.C. §§ 3663 and 3663A, and U.S.S.G. § 5E1.1.

## 7. Sentencing Agreement

Pursuant to Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that as to Counts 1, 5, 8, 18, 21, 24 and 27 the defendant shall be

sentenced to a term of imprisonment for life on each count; as to Counts 11 and 13 the defendant shall be sentenced to 20 years imprisonment on each count; and as to Counts 30, 32, 34, 36, 38, 40, 42, 44, 46, and 48, the defendant shall be sentenced to 10 years imprisonment on each count. The parties further agree the sentences for all these counts shall run consecutively to each other.

The defendant agrees to forfeit to the United States of America any interest he has in one Glock model 19, 9mm semi-automatic pistol, bearing serial number PWL699, one Harrington and Richardson Topper Model 098 12 Gauge Shotgun, bearing serial number HXZ17155, and associated magazines and ammunition, and any interest he has in all other items obtained by law enforcement following his arrest on January 8, 2011.

The defendant agrees that he shall disgorge any monies paid in whole or in part to him or on his behalf, in return for writing, interviews, or other information disclosed by the defendant, including but not limited to access to the defendant, photographs or drawing of or by the defendant or any other type of artifact or memorabilia to the Clerk of the United States District Court for the District of Arizona for restitution or other distribution to the victims in this case.

The defendant agrees not to pursue further review of the actions in Ninth Circuit Court of Appeals case numbers 11-10432, 11-10504 and 11-10339.

## 8. Waiver of Defenses, Appeal, Collateral Attack or Other Post-Conviction Action

As part of this agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment or any order of restitution against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3)

- 8 -



any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other form of collateral attack; (4) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c).

The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal, a habeas petition, or any other form of collateral attack on his conviction or sentence, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

9. **Court Approval**

The defendant understands that the Court is neither a party to nor bound by this agreement. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw his guilty pleas.

10. **Withdrawal from the Plea Agreement**

Either party may withdraw from the plea agreement if the defendant is not sentenced in accordance with the terms of this agreement.

11. **Withdrawal or Rejection of Guilty Plea**

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge arising out of the defendant's conduct as set forth in the Superseding Indictment; any charges that have been dismissed because of this plea



agreement will be automatically reinstated; and all potential penalties for those charges, including the death penalty, may be pursued by the government. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

## 12. Cooperation with Preparation of Presentence Investigation Report

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

    a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    c. All history of drug abuse which might warrant a treatment condition as part of sentencing.

    d. All history of mental illness or conditions which might warrant a treatment condition as part of sentencing.

## 13. Civil Proceedings

Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings that may be appropriate in the future.

//
//
//
//
//

# DEFENDANT'S WAIVER OF RIGHTS AND FACTUAL BASIS FOR THE PLEA

**1.  Waiver of Rights**

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorneys. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal or collaterally attack my convictions or sentence.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorneys of the nature of the charges to which I am entering my guilty plea. I have been advised by my attorneys of the nature and range of the possible sentences, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or solely because of the recommendation of any other person, and I agree to be bound according to its provisions.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including any of my attorneys) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorneys have represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

2. **Factual basis**

I agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the elements of the offenses beyond a reasonable doubt:

On January 8, 2011, I went to Congresswoman Gabrielle Giffords' *Congress on Your Corner* outside the Safeway Grocery Store located at 7110 North Oracle Road, Tucson, in the District of Arizona. I was armed with a Glock model 19, 9mm semi-automatic pistol, loaded with 33 rounds of ammunition, and 3 additional magazines containing an additional 60 rounds of ammunition. Prior to arriving, I had formed a plan to kill Congresswoman Giffords and the people who were at *Congress on Your Corner*.

I walked up to Congresswoman Giffords, drew the pistol and shot her in the head at close range, intending to kill her. The government can prove Ms. Giffords was a member of Congress at the time I tried to kill her.

I then shot the people who were participating in *Congress on Your Corner*, with the Glock pistol, intending to kill them, and having planned the killings. I did so because they were attending *Congress on Your Corner*. The government can prove that *Congress on Your Corner* was a federal service, program, or activity administered by the United States.

I killed John M. Roll and Gabriel M. Zimmerman by shooting them with the Glock pistol. The government can prove John M. Roll was a federal judge, engaged in the performance of official duties, at the time I killed him. The government can prove Gabriel M. Zimmerman was an aide to Congresswoman Giffords, engaged in the performance of his official duties and assisting Congresswoman Giffords at *Congress on Your Corner*, when I killed him.

I shot Ronald S. Barber and Pamela K. Simon with the Glock pistol, intending to kill them. The government can prove that at the time I tried to kill them, both were engaged in the performance of their official duties and assisting Congresswoman Giffords at *Congress on Your Corner*.

I also shot Christina-Taylor Green, Dorothy J. Morris, Phyllis C. Schneck and Dorwan C. Stoddard, with the Glock pistol, intending to willfully injure, intimidate or interfere with them, resulting in their deaths. I shot them because they were participating in *Congress on Your Corner*.

I also shot Bill D. Badger, Kenneth W. Dorushka, James E. Fuller, Randy W. Gardner, Susan A. Hileman, George S. Morris, Mary C. Reed, Mavanell Stoddard, James L. Tucker, and Kenneth L. Veeder, Sr., with the Glock pistol, willfully injuring, intimidating or interfering with each of them. I shot them because they were participating in *Congress on Your Corner*.

I also admit that by shooting the Glock pistol in close proximity to the following people who were working at or participating in *Congress on Your Corner*, I knowingly created a grave risk of death to Carol A. Dorushka, Robert C. Gawlick, Daniel Hernandez, Mark S. Kimble, Patricia R. Maisch, Emma E. McMahon, Owen A. McMahon, Thomas J. McMahon, Sara M. Rajca, Faith M. Salzgeber, Roger D. Salzgeber, Doris Tucker, and Alexander J. Villec.

Dated: 08/06/2012

JARED LEE LOUGHNER
Defendant

### DEFENSE ATTORNEYS' APPROVAL

We have discussed this case and the plea agreement with our client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the

offenses to which the guilty pleas will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal, and collaterally attack his convictions and sentences. No assurances, promises, or representations have been given to us or to the defendant by the government or by any of its representatives which are not contained in this written agreement. We concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of our client, Jared Lee Loughner. We agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

Dated: 8-6-12

JUDY CLARKE
REUBEN CAMPER CAHN
MARK FLEMING
ELLIS JOHNSTON
JANET TUNG
Attorneys for Defendant

GOVERNMENT'S APPROVAL

We have reviewed this matter and the plea agreement. We agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

Dated: 8/7/12

JOHN S. LEONARDO
United States Attorney
District of Arizona

WALLACE H. KLEINDIENST
MARY SUE FELDMEIER
CHRISTINA M. CABANILLAS
Assistant U.S. Attorneys