UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

United States of America

v.

Jared Lee Loughner

USM#: 15213-196

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

No. CR 11-00187-001-TUC-LAB

Judy C. Clarke (CJA)
Attorney for Defendant

**THE DEFENDANT ENTERED A PLEA OF** guilty on 8/7/2012 to Counts 1, 5, 8, 11, 13, 18, 21, 24, 27, 30, 32, 34, 36, 38, 40, 42, 44, 46 and 48 of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, U.S.C. §351(c), Attempted Assassination of a Member of Congress, a Class A Felony offense, as charged in Count 1 of the Superseding Indictment; Title 18, U.S.C. §1114 and 1111, Murder of a Federal Employee, a Class A Felony offense, as charged in Counts 5 and 8 of the Superseding Indictment; Title 18, U.S.C. §1114 and 1113, Attempted Murder of a Federal Employee, a Class C Felony offense, as charged in Counts 11 and 13 of the Superseding Indictment; Title 18, U.S.C. §245(b)(1)(B), Causing Death to Participants at a Federally Provided Activity, a Class A Felony offense, as charged in Counts 18, 21, 24 and 27 of the Superseding Indictment; and Title 18, U.S.C. §245(b)(1)(B), Injuring Participants at a Federally Provided Activity, a Class C Felony offense, as charged in Counts 30, 32, 34, 36, 38, 40, 42, 44, 46 and 48 of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **LIFE** on Counts 1, 5, 8, 18, 21, 24 and 27; a term of **TWENTY (20) YEARS** on Counts 11 and 13; and a term of **TEN (10) YEARS** on Counts 30, 32, 34, 36, 38, 40, 42, 44, 46 and 48. The defendant shall be given credit for time served. All terms to run consecutive to each other for a combined custodial term of seven terms of life imprisonment plus 140 years. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE (5) YEARS** on Counts 1, 5, 8, 18, 21, 24 and 27 and a term of **THREE (3) YEARS** on Counts 11, 13, 30, 32, 34, 36, 38, 40, 42, 44, 46 and 48. The terms of supervised release are to run concurrently, as to all counts, for a combined total of 5 years.

**IT IS ORDERED** that the Indictment and all remaining counts of the Superseding Indictment are dismissed on motion of the United States.

Case 4:11-cr-00187-LABU   Document 477   Filed 11/08/12   Page 2 of 4

CR 11-00187-001-TUC-LAB                                                Page 2 of 4
USA vs. Jared Lee Loughner

## CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $1,900.00   **FINE:** $0.00   **RESTITUTION:** $0.00

The defendant shall pay a special assessment of $1,900.00, which shall be due immediately.

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $1,900.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 5, 8, 11,13, 18, 21, 24, 27, 30, 32, 34, 36, 38, 40, 42, 44, 46 and 48 of the Superseding Indictment.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **FIVE (5) YEARS** on Counts 1, 5, 8, 18, 21, 24 and 27 and a term of **THREE (3) YEARS** on Counts 11, 13, 30, 32, 34, 36, 38, 40, 42, 44, 46 and 48. The terms of supervised release are to run concurrently, as to all counts, for a combined total of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

It is the order of the Court that, pursuant to General Order 12-13, which incorporates the requirements of USSG §§5B1.3 and 5D1.2, you shall comply with the following conditions, of particular importance, you shall not commit another federal, state or local crime during the term of supervision and the defendant shall abstain from the use of illicit substances:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and are subject to being prohibited from the use of alcohol if ordered by the Court in a special condition of supervision.
9) You shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 801) or any paraphernalia related to such substances, without a prescription by a licensed medical

Case 4:11-cr-00187-LABU Document 477 Filed 11/08/12 Page 3 of 4

CR 11-00187-001-TUC-LAB
USA vs. Jared Lee Loughner
Page 3 of 4

practitioner. The use or possession of medicinal marijuana, even with a physician's written certification, is not permitted. Possession of controlled substances will result in mandatory revocation of your term of supervision.
10) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
11) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
12) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
13) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
14) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
15) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
16) If you have ever been convicted of a felony, you shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon. If you have ever been convicted of a misdemeanor involving domestic violence, you shall refrain from possession of any firearm or ammunition. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases that did not entail domestic violence, unless a special condition is imposed by the Court.
17) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and thereafter at least two, but no more than two periodic substance abuse tests per year of supervision, pursuant to 18 U.S.C. §§ 3563(a)(5) and 3583(d);
18) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
19) You shall pay any monetary penalties as ordered by the Court. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.
20) If you have ever been convicted of any qualifying federal or military offense (including any federal felony) listed under 42 U.S.C. § 14135a(d)(1) or 10 U.S.C. § 1565(d), you shall cooperate in the collection of DNA as directed by the probation officer pursuant to 42 U.S.C. § 14135a(a)(2).

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1. The defendant shall not commit another federal, state or local crime.

**THE COURT FINDS** that you have been sentenced in accordance with the terms of the plea agreement and that you have waived your right to appeal and to collaterally attack this matter. The waiver has been knowingly and voluntarily made with a factual basis and with an understanding of the consequences of the waiver.

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

CR 11-00187-001-TUC-LAB  
USA vs. Jared Lee Loughner

The Court orders commitment to the custody of the Bureau of Prisons and recommends that the defendant remain at Springfield Medical Facility.

The defendant is remanded to the custody of the United States Marshal and returned forthwith to Springfield Medical Facility.

Date of Imposition of Sentence: **Thursday, November 8, 2012**

_____/s/ Larry A. Burns_____  Date __11-8-12__

LARRY ALAN BURNS, United States District Judge

## RETURN

I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____         By:_____
United States Marshal                                              Deputy Marshal

CR 11-00187-001-TUC-LAB - Loughner