# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>Jared Lee Loughner,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11cr0187 TUC LAB<br><br>**ORDER RE: DOCUMENTS STILL UNDER SEAL** |

  Mr. Loughner was sentenced, and this case was closed, on November 8 of last year. The purpose of this Order is to inventory all sealed documents in the case docket and to unseal some that were either mistakenly sealed *or* for which there is plainly no ongoing justification for sealing. No matter how high or low the public's interest in this case is today, the Court must respect the presumption of open access to criminal proceedings. *See Associated Press v. United States District Court*, 705 F.2d 1143, 1145–46 (9th Cir. 1983). In that spirit, members of the press who disagree with the continued sealing of any documents inventoried below will now be able to identify those documents and petition the Court for their public disclosure.

  It is easiest to inventory the sealed documents and rule on their continued sealing in table form. The first column identifies the documents by docket number. The second column describes them. The third identifies the justification for sealing and determines whether that justification still holds. The Court's rulings below, to be clear, are *not* final. It has done its best to canvass the docket, review all sealed documents, and make a determination as to

whether they should still be sealed. If it has overlooked particular content that should not be disclosed, however, or failed to consider an argument for ongoing sealing, it expects the parties to highlight it. With that in mind, by no later than three weeks from the date this Order is entered, the parties may file objections to it. The Court will then issue a final Order taking those objections into account.

A substantial number of sealed documents are, or relate to, Criminal Justice Act vouchers filed by Mr. Loughner's appointed counsel. The Court will address these documents separately after the below table.

| <u>No.</u> | **Description** | **Sealing Status** |
|---|---|---|
| 1 | Original criminal complaint | This complaint was sealed because it contains the defendant's home address. A redacted complaint (Doc. No. 2) darkens this information. It may remain sealed. |
| 9 | Mr. Loughner's CJA 23 "financial affidavit" | Documents submitted by a criminal defendant to show eligibility for CJA funds are customarily sealed, and at least one court has held the public has no right of access to them under either the First Amendment or the common law. *See In re Boston Herald, Inc.*, 321 F.3d 174, 191 (1st Cir. 2003). To be fair, the court in *Boston Herald* recognized that "[t]here may come a time in the future . . . when it would be appropriate to lift the seal on CJA application materials," but it left that decision to the district court's discretion. The CJA 23 financial affidavit may remain sealed. |
| 15 | Pretrial Services Report | This document is sealed by law. *See* 18 U.S.C. § 3153(c)(1). |
| 25–27, 30–33 | Ex-parte motions and related order regarding defense expert's access to Mr. Loughner at FCI Phoenix | These documents may remain sealed because they pertain to defense strategy.<br><br>Document 33, however, which merely authorizes sealing, may be **UNSEALED**. |
| 44, 130 | Indictment, Superseding Indictment | These indictments may remain sealed because they contain the signature of a grand juror. Redacted versions (Doc. Nos. 36, 129) darken this signature. |

| | | |
|---|---|---|
| 49–55, 59–60, 65–66, 69, 74–76, 100 | Ex-parte motion and related briefs and orders regarding grand jury matters, including: (1) motions to squash certain grand jury subpoenas; (2) a motion to stay grand jury proceedings; and (3) a motion to appoint counsel for certain grand jury witnesses. | These documents were originally sealed to protect the secrecy of grand jury proceedings. *See In re Grand Jury Proceedings Grand Jury No. 97-11-8*, 162 F.3d 554, 555 n.1 (9th Cir. 1998)<br><br>However, many of these documents are merely administrative, contain no substantive information or argument, and can be **UNSEALED**. They are mostly motions to seal and sealing orders: Documents 49, 51, 53, 54, 55, 60, 65, 69, 74, 75, 76.<br><br>Moreover, the remaining documents—the motion (document 50 and 52), the opposition brief (document 59), the reply (document 66), and a hearing transcript (document 100)—may be **UNSEALED**, with the names of Mr. Loughner's aunt, uncle, and cousin who were subpoenaed redacted. First, the witnesses subpoenaed were never themselves obligated to secrecy. Fed. R. Crim. P. 6(e)(2)(B) lists persons on whom an obligation of secrecy may be imposed, and witnesses are not on that list. Second, considering that the grand jury investigation in this case ended long ago, and that the case itself has ended, the animating concerns behind keeping grand jury matters secret have almost entirely dissipated. *See In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. 570, 576 (W.D. Wisc. 2007) ("There is no longer any logical reason to maintain the secrecy of this court's orders mediating the subpoena dispute between Amazon and the grand jury."). |
| 87, 98, 101–104 | Lodged and *un*redacted search warrant materials sought by interveners Phoenix Newspapers and KPNX Broadcasting (Doc. No. 67) | These materials may remain sealed. The interveners' motion to unseal the materials was granted by the Court, and redacted versions were filed publicly in the case docket. (Doc. Nos. 150, 152.)<br><br>Documents 101 and 103, which are a motion to seal and sealing order, may be **UNSEALED**. |

| | | |
|---|---|---|
| 107–08 | Emails between FCI Phoenix staff regarding Mr. Loughner's custody | These materials were an exhibit to the defense's motion to bar the release of certain information by the BOP to the government. (Doc. No. 122.)  This motion was denied. (Doc. No. 206.)  The materials may remain sealed.  They contain the identities and confidential communications of BOP personnel.<br><br>Document 107, a sealing motion, may be **UNSEALED**. |
| 118–19, 124–25, 167 | Ex-parte motion and related briefs, orders, and transcripts regarding motion to squash subpoena of grand jury witness | These documents may be **UNSEALED** for the same reasons given above with respect to another motion to quash.  The name of Mr. Loughner's pediatrician who was subpoenaed may be redacted. |
| 142–44 | Declaration of defense mitigation specialist regarding scope and estimated time of investigation for the purpose of setting a trial date | These materials may remain sealed.  They pertain to defense strategy and are protected by the attorney work-product doctrine.<br><br>Documents 142 and 143 may be **UNSEALED**, however.  They are a motion to seal and sealing order. |
| 154 | Minute entry for in camera proceedings regarding redaction of search warrant materials (*See* Doc. Nos. 87, 98, 101–104, 150, 152) | This may be **UNSEALED**. |
| 155 | Minute entry for ex parte hearing with defense counsel concerning Mr. Loughner | This may be **UNSEALED**. |

| | | | |
|---|---|---|---|
| | 194, 200, 214, 389–90, 415–21 | Motion, briefs, and order pertaining to protocol for handling Mr. Loughner's mail | There was a dispute between Mr. Loughner's lawyers and the Government in this case concerning the proper protocol for handling Mr. Loughner's incoming and outgoing mail at FMC Springfield. These documents relate to that dispute.<br><br>Documents 194, 200, and 214 may be **UNSEALED**. They are briefs relating to the Government's motion that Mr. Loughner's mail be handled pursuant to standard BOP policy. (Document 200-1 may remain sealed; it is a transcript from a closed hearing relating to the mail matter, but also to confidential grand jury matters.) The exhibits to document 194, which contain confidential prison records and correspondences, may remain sealed.<br><br>Document 389, a renewed motion from the Government, may be **UNSEALED**. Documents 389-1, 389-2, may be **UNSEALED** as well. Document 389-3 may remain sealed because it contains the notes of FMC psychologist Dr. Christina Pietz. Document 389-4 may remain sealed because it is a private correspondence from BOP to Mr. Loughner's parents. Document 389-5 may remain sealed; it contains a number of privacy waivers and inmate acknowledgments by Mr. Loughner that contain the home address and telephone number of his parents. Document 389-6 may remain sealed; it is a private correspondence from BOP to the Court regarding digital copies of Mr. Loughner's telephone calls from FMC Springfield.<br><br>Document 390, which is a Court order relating to the mail protocol, may be **UNSEALED**.<br><br>Document 415, a defense brief on the mail issue, may be **UNSEALED**, but documents 415-1 and 415-2, which contain private correspondences between the lawyers, may remain sealed. Before 415 is unsealed, the name of Mr. Loughner's friend (on page 3) with whom he exchanged mail should be redacted.<br><br>Document 416, 417, 418, 419, 420, briefs relating to a motion to stay and reconsider the Court's order on the mail handling protocol, may be **UNSEALED**. The Court's final order on the mail-handling issue, document 421, may also be **UNSEALED**. |

| | | |
|---|---|---|
| 256–58 | Motion and order regarding issuance of Rule 17(c) subpoenas | The motion and corresponding order may remain sealed, as they pertain to the strategy of Mr. Loughner's defense.<br><br>Document 256, which is just a motion to seal, may be **UNSEALED**. |
| 245, 290, 293, 246, 301, 328, 331, 334, 353, 329–330 | Exhibits to various motions regarding Mr. Loughner's involuntary medication | Mr. Loughner's involuntary medication at FMC Springfield was a hotly contested issue in this case, and the subject of multiple briefs and orders (as well as an appeal to the Ninth Circuit that resulted in a lengthy written opinion).  While the briefs and orders were themselves publicly filed (*see* Doc. No. 252), and hearings on the matter open to the public, many of the briefs' supporting documents were not made publicly available because they contained Mr. Loughner's confidential medical information, along with internal BOP records and correspondences.  These documents may remain sealed to protect Mr. Loughner's medical privacy.<br><br>Documents 329 and 330 may be **UNSEALED**.  They are administrative documents pertaining to sealing. |
| 373, 375 | Exhibit to Mr. Loughner's motion for videotaping of competency interviews. (*See* Doc. No. 360.) | Document 373, which is just a motion to seal the exhibit, may be **UNSEALED**.  Document 375 may remain sealed.  It is a confidential BOP record pertaining to Mr. Loughner's mental evaluation at FMC Springfield. |
| 391, 393–94 | Motion to seal, ex parte motion, and order regarding Government's disclosure of case materials to Pima County Attorney | These materials may be **UNSEALED**.  They relate to the Government's pursuit of a joint federal-state plea with the Pima County Attorney and were initially sealed to: (1) protect the secrecy of those efforts; and (2) prevent the disclosure of case materials on the state side pursuant to Arizona's public records law.  Considering that the Pima County Attorney announced after Mr. Loughner's sentencing that she would not pursue state charges, there is no ongoing justification for the sealing of these documents. |

- 6 -                                                                                          11cr0187-TUC LAB

The remaining sealed documents in the case docket relate to billing by Mr. Loughner's two appointed lawyers, Judy Clarke and Mark Fleming. They were paid on a monthly basis at an hourly rate of $178, which is approved by the Criminal Justice Act for capital cases. Documents 63–64 and 90–92 establish this billing protocol, and they may be **UNSEALED**. Moreover, caselaw, federal statute, and CJA guidelines all allow for the disclosure of *at least* the amounts approved for payment, especially after a case has concluded. *See United States v. Gonzalez*, 150 F.3d 1246, 1263–64 (10th Cir. 1998); *United States v. McVeigh*, 918 F.Supp. 1452, 1465 (W.D. Oklahoma 1996); 18 U.S.C. § 3006A(e)(4); CJA Form 0019. The Court will therefore **UNSEAL** the first page of all approved vouchers for Ms. Clarke and Mr. Fleming, which contains the amount paid per pay period. They are document numbers 177, 223, 228–30, 263, 265, 266–68, 276, 312, 370–72, 379–82, 386, 404–06, 411, 423–25, 428–29, 440–43, 449, 452, 464, 469, 471–72, 480–83, 486. The accompanying pages, which provide an extensive accounting for all hours bills, may remain sealed pending a motion by an interested party. The vouchers submitted for the Court's approval—which are identical to the approved vouchers, simply without the signature of the undersigned Judge—will be treated the same. The first page may be **UNSEALED** but the accompanying pages may remain sealed pending a motion by an interested party.

**IT IS SO ORDERED.**

DATED: March 27, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge